| | |
|---|---|
| 1 | DAVIS LAW OFFICES |
|   | Andrew J. Davis (Bar No. 24265) |
| 2 | Jay Davis (Bar No. 102070) |
|   | 1900 W. Garvey Avenue South, Suite 160 |
| 3 | West Covina, CA 91790 |
|   | Telephone: (626) 962-7400 |
| 4 | Facsimile: (626) 962-7474 |

Attorneys for Plaintiff CHARLIE EAP

CHAVEZ & GERTLER LLP
Jonathan E. Gertler (Bar No. 111531)
Joesph R. Igelmund (Bar No. 52493)
42 Miller Avenue
Mill Valley, California 94941
Telephone: (415) 381-5599
Facsimile: (415) 381-5572

Attorneys for Plaintiffs
SUSAN WYCKOFF and ALEXANDER WYCKOFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE EAP, heir at law of decedent Holly Annie Eap, | ) Case No. C07-2301 EMC <br> ) Case No. C07-03600 JCS <br> ) |
| Plaintiff, | ) **UNOPPOSED ADMINISTRATIVE** <br> ) **MOTION TO RELATE CASES** |
| vs. | ) |
| UNITED STATES OF AMERICA; DANIEL SPERL and DOES 1 to 10, | ) |
| Defendants. | ) |
| SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF, | ) |
| Plaintiffs, | ) |
| vs. | ) |
| UNITED STATES OF AMERICA; DANIEL SPERL and DOES 1 through 20, | ) |
| Defendants. | ) |

UNOPPOSED MOTION TO RELATE CASES

**I.     INTRODUCTION**

In accordance with Northern District Civil Local Rules 3-12 and 7-11, plaintiffs CHARLIE EAP, heir at law of decedent, HOLLIE ANNIE EAP ("The Eap Plaintiff") and SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF and ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF (collectively "the Wyckoff Plaintiffs"), respectfully request this Court to issue an order relating the following two cases:

> *Charlie Eap, heir at law to decent Holly Ann Eap, v. United States of America; Daniel Earl Sperl and DOES 1 through 10;* Case No. C-07-2301-SI ("the Eap Litigation);
>
> and,
>
> *Susan Wyckoff, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF v. United States of America; Daniel Earl Sperl and DOES 1 through 10,* Case No.C-07-3600-JCS ("the Wyckoff Litigation").

The Eap Plaintiff and the Wyckoff Plaintiffs believe the cases should be related and that their case should be assigned to the Honorable Susan Illston because (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

**II.    ARGUMENT**

An action is related to another when (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges. Civ. L.R. 3-12(a).

Furthermore, whenever a party knows or learns that an action, filed in or removed to this District, is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil Local Rule 3-12(a), the party must promptly

1  file in the earliest-filed case an administrative motion to consider whether cases should be
2  related, pursuant to Civil Local Rule 7-11. Civ. L.R. 3-12(b).
3    On or about May 7, 2007, filed suit on behalf of his client, Charlie Eap, in the
4  Northern District Court.  Following defendants' challenge to Magistrate Judge Edward M.
5  Chen, the Eap litigation was assigned to the Honorable Susan Illston.  *See* Complaint for
6  Damages, Case No. C-07-2301-SI; Declaration of Jonathan E. Gertler in Support of
7  Administrative Motion to Consider Whether Cases Should Be Related ("Gertler Decl."), ¶3,
8  Ex. 1 (filed herewith).
9    On July 11, 2007, the Wyckoff Plaintiffs filed their own action.  The Wyckoff
10  litigation has been assigned to the Honorable Joseph C. Spero.  *See* Gertler Decl., ¶4, Ex. 2.
11    Because both cases concern substantially the same parties, property, transaction or
12  event and it appears likely that there will be an unduly burdensome duplication of labor and
13  expense or conflicting results if the cases are conducted before different Judges, the plaintiffs
14  in both cases respectfully seek an Order relating the actions.  *See* Gertler Decl. at ¶5.
15    Both of the cases filed against the defendants United States of America and Daniel
16  Earl Sperl seek damages as a result of a motor vehicle accident that took place on December
17  22, 2005.  The plaintiffs in both suits allege that, while acting within the course and scope of
18  his employment with the United States Coast Guard, defendant Daniel Earl Sperl, struck the
19  motor vehicle in which plaintiffs' decedents were traveling, injuring plaintiffs Susan and
20  Alexander Wyckoff and killing Peter Wyckoff and his step-daughter Holly Eap.  Plaintiffs
21  Susan Wyckoff and Alexander Wyckoff are the surviving spouse and natural son,
22  respectively, of decedent Peter Wyckoff.  Plaintiff Charlie Eap is the biological father of
23  decedent Holly Eap.  *See* Gertler Decl. at ¶¶6-7.
24    Relating the Wyckoff litigation to the Eap litigation will expedite pretrial preparations
25  and promote judicial economy by avoiding the contacting of parties and witnesses for
26  inquiries in duplicate proceedings and simplifying clerical and administrative duties.
27  Moreover, consolidation will reduce the confusion and delay that may result in prosecuting
28  these cases separately.  *See* Gertler Decl. at ¶¶8-9.

1     Finally, as evidenced by the Stipulation and [Proposed] Order filed herewith, all of the parties in the Eap and Wyckoff litigation agree that the cases should be related and respectfully request that the Court issue an Order consolidating the actions. *See* Stipulation and [Proposed] Order Relating Cases, filed herewith.

### III. CONCLUSION

Based on the foregoing, the Eap Plaintiff and the Wyckoff Plaintiffs respectfully request that this Court issue an order relating *Susan Wyckoff, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF v. United States of America; Daniel Earl Sperl and DOES 1 through 10, Case No. C-07-03600-JCS* to the previously filed case of *Charlie Eap, heir at law to decent Holly Ann Eap, v. United States of America; Daniel Earl Sperl and DOES 1 through 10;* Case No. C-07-2301-SI and that both cases should be assigned to the Honorable Susan Illston.

Dated: August 8, 2007      DAVIS LAW OFFICES

By:      /s/      .
     Andrew Davis

Attorneys for Plaintiff CHARLIE EAP

Dated: August 8, 2007      CHAVEZ & GERTLER LLP

By:      /s/      .
     Jonathan E. Gertler

Attorneys for Plaintiffs SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF