1  DAVIS LAW OFFICES
   Andrew J. Davis (Bar No. 24265)
2  Jay Davis (Bar No. 102070)
   1900 W. Garvey Avenue South, Suite 160
3  West Covina, CA 91790
   Telephone:  (626) 962-7400
4  Facsimile:  (626) 962-7474

5  Attorneys for Plaintiff CHARLIE EAP

6  CHAVEZ & GERTLER LLP
   Jonathan E. Gertler (Bar No. 111531)
7  Joesph R. Igelmund (Bar No. 52493)
   42 Miller Avenue
8  Mill Valley, California 94941
   Telephone:  (415) 381-5599
9  Facsimile:   (415) 381-5572

10 Attorneys for Plaintiffs
   SUSAN WYCKOFF and ALEXANDER WYCKOFF

11

12                 UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14
   CHARLIE EAP, heir at law of decedent Holly   ) Case No.  C07-2301 EMC
15 Annie Eap,                                    ) Case No.  C07-03600 JCS
                                                 )
16          Plaintiff,                           ) **DECLARATION OF JONATHAN E.**
                                                 ) **GERTLER IN SUPPORT OF**
17    vs.                                        ) **UNOPPOSED MOTION TO RELATE**
                                                 ) **CASES**
18 UNITED STATES OF AMERICA; DANIEL             )
   SPERL and DOES 1 to 10,                       )
19                                               )
            Defendants.                          )
20 _____              )
                                                 )
21 SUSAN WYCKOFF, individually, and as          )
   Administratrix of the Estate of PETER         )
22 WYCKOFF; ALEXANDER WYCKOFF by                )
   and through his Guardian ad Litem, SUSAN     )
23 WYCKOFF,                                      )
                                                 )
24          Plaintiffs,                          )
                                                 )
25    vs.                                        )
                                                 )
26 UNITED STATES OF AMERICA; DANIEL             )
   SPERL and DOES 1 through 20,                  )
27                                               )
            Defendants.                          )
28 _____              )

I, JONATHAN GERTLER, declare:

1.      I am an attorney licensed to practice law in the State of California and I represent the plaintiffs, Susan and Alexander Wyckoff, in the case captioned *Susan Wyckoff, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF v. United States of America; Daniel Earl Sperl and DOES 1 through 10, Case No. C-07-03600-JCS.*

2.      The information contained herein is based on my personal knowledge, or upon a review of files and documents generated or received and regularly maintained by my office in connection with the prosecution of this case.  If called upon to testify, I could and would testify competently to the matters stated herein, except as to those matters stated expressly as made on information and belief.

3.      On May 7, 2007, I was notified by Andrew J. Davis, that he had filed suit on behalf of his client, Charlie Eap, in the Northern District Court.  Following defendants' challenge to Magistrate Judge Edward M. Chen, the Eap litigation was assigned to the Honorable Susan Illston.  A true and correct copy of Mr. Davis' cover letter and the Complaint for Damages, Case No. C-07-2301-SI, is attached hereto as Exhibit 1.

4.      On July 11, 2007, I filed suit on behalf of my own clients, Susan and Alexander Wyckoff.  A true and correct copy of the Wyckoffs' Complaint for Damages and Demand for Jury Trial is attached hereto as Exhibit 2.

5.      Because both cases concern substantially the same parties, property, transaction or event and it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges, the Wyckoff Plaintiffs respectfully seek an Order relating the actions.

6.      Both my case and the Eap Litigation (Case No. C-07-2301-SI), seek damages as a result of a motor vehicle accident that took place on December 22, 2005.  The plaintiffs in both suits allege that, while acting within the course and scope of his employment with the United States Coast Guard, defendant Daniel Earl Sperl, struck the motor vehicle in which plaintiffs' decedents were traveling, injuring plaintiffs Susan and Alexander Wyckoff and

1   killing Peter Wyckoff and his step-daughter Holly Eap.

2        7.    My clients, Susan Wyckoff and Alexander Wyckoff, are the surviving spouse

3   and natural son, respectively, of decedent Peter Wyckoff.  Mr. Davis' client, Charlie Eap, is

4   the biological father of decedent Holly Eap.

5        8.    I believe my clients' action should be related to Case No. C-07-2301-SI

6   because the actions concern substantially the same parties, property, transaction or event; and

7   it appears likely that there will be an unduly burdensome duplication of labor and expense or

8   conflicting results if the cases are conducted before different Judges.

9        9.    I also believe that relating my case to Case No. C-07-2301-SI will expedite

10  pretrial preparation and promote judicial economy by avoiding the contacting of parties and

11  witnesses for inquiries in duplicate proceedings and simplifying clerical and administrative

12  duties.  Moreover, consolidation will likely reduce the confusion and delay that could result if

13  these cases were prosecuted separately.

14       10.   Finally, as evidenced by the Stipulation and [Proposed] Order filed herewith,

15  all of the parties in the Eap and Wyckoff litigation agree that the cases should be related and

16  respectfully request that the Court issue an Order consolidating the actions.

17       I declare under penalty of perjury under the laws of the United States of America that

18  the foregoing is true and correct.  Executed at Mill Valley, California on August 8, 2007.

19

20

21  _____
    JONATHAN GERTLER

22

23

24

25

26

27

28

DECLARATION OF JONATHAN GERTLER IN SUPPORT OF UNOPPOSED MOTION TO RELATE CASES

# EXHIBIT 1

# DAVIS LAW OFFICES

REC'D MAY 1 4 2007

1900 WEST GARVEY AVENUE SOUTH
SUITE 160
WEST COVINA, CA 91790
TELEPHONE: (626) 962-7400
FACSIMILE: (626) 962-7474
E-mail: davislawoffice@verizon.net

May 7, 2007

Jonathan Gertler, Esq.
CHAVEZ & GERTLER LLP
42 Miller Avenue
Mill Valley, CA 94941

RE:    *Eap v. United States*

Dear Mr. Gertler:

Per your request, enclosed is a copy of our complaint on behalf of our client, Charlie Eap. Please send us a copy of your complaint as well.

Very truly yours,

DAVIS LAW OFFICES

ANDREW J. DAVIS

AJD/js
Enclosure

**EXHIBIT** *1*



1 | DAVIS LAW OFFICES
BY: ANDREW J. DAVIS, Esq. CA SBN 24286
2 | JAY DAVIS, Esq. CA SBN 102076
1660 W. GARVEY AVENUE SOUTH, Suite 100
3 | WEST COVINA, CA 91790
TEL: (626) 962-7400
4 | FAX: (626) 962-7474
EMAIL: davislawoffice@verizon.net
5
Attorney for Plaintiff CHARLIE EAP, heir at law of decedent, Holly Annie Eap

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

EMC

C 07 2301

11 | CHARLIE EAP, heir at law of
12 | decedent, Holly Annie Eap,

CIVIL ACTION NO.

13 |            Plaintiff,

COMPLAINT FOR DAMAGES

14 |        vs.

15 | UNITED STATES OF AMERICA,
16 | DANIEL EARL SPERL, and
DOES 1 to 10,
17
            Defendants.
18

19

20

## JURISDICTION

21     1. This court has jurisdiction over the claim asserted against the defendant UNITED

22 STATES OF AMERICA on the grounds that the claim is asserted pursuant to the Federal

23 Claims Act and this court has subject matter jurisdiction over such claims pursuant to 28 U.S.C.

24 § 1346(b).

25     2. This court has supplemental jurisdiction over all other claims asserted in this action

26 under 28 U.S.C. § 1367(a) because they are so related to the claim asserted against the

27 defendant UNITED STATES OF AMERICA that they from part of the same case or controversy

28 under Article III of the United States Constitution.

1

1

## COUNT I

2      3. On December 22, 2005, at or near SR-121 (Fremont Drive) near the Sonoma/Napa

3   County line in an unincorporated area of Sonoma County, California, defendant DANIEL EARL

4   SPERL, was operating a motor vehicle owned by him. At the same time, Peter Wyckoff was

5   operating a motor vehicle owned by him.

6      5. At this time and place, defendant DANIEL EARL SPERL negligently, and in violation

7   of the laws and ordinances of the State of California, operated his motor vehicle in such

8   manner that he collided with the motor vehicle operated by Peter Wyckoff.

9      6. As a direct and proximate result of defendants' negligence, plaintiff CHARLIE EAP's

10  daughter, Holly Annie  Eap, who was a passenger in the vehicle operated Peter Wyckoff,

11  suffered fatal injuries.

12     7. At the time and place above mentioned, defendant DANIEL EARL SPERL was

13  regularly in the service and employ of the Coast Guard of the defendant UNITED STATES OF

14  AMERICA, and was acting within the scope of his office or employment.

15     8. On April 24, 2004, plaintiff CHARLIE EAP  filed a claim with the Coast Guard of the

16  defendant, UNITED STATES OF AMERICA. The claim was denied as a matter of law because

17  the Coast Guard failed to finally dispose of the claim within six months after its submission.

18

19

## COUNT II

20     9. Plaintiff CHARLIE EAP, repeats and realleges each and all of the allegations

21  contained in paragraphs 1 through 8 of this complaint with the same effect as if fully repeated

22  here.

23     10. As a direct and proximate result of defendants' negligence, plaintiff CHARLIE EAP

24  was compelled to expend or become liable for burial and funeral expenses in excess of

25  $9,000.00.

26     11.  As a direct and proximate result of defendants' negligence, plaintiff CHARLIE EAP

27  was deprived of the love, society, comfort, care and attention of decedent Holly Annie Eap.

28  ///

2

1

## **PRAYER**

2       Plaintiff demands judgment against defendants, as follows:

3       1. An award to plaintiff CHARLIE EAP in a sum of no less than $1,000,000.00 as

4  compensation for his pecuniary loss resulting from the loss of the love, society, comfort, care

5  and attention of decedent Holly Annie Eap.

6       2. An award to plaintiff in a sum no less than $9,500.00 for burial and funeral expenses.

7       3. An award to plaintiff of his costs of suit.

8

9  DATED: April 24, 2007.                    DAVIS LAW OFFICES

10                                          BY: _Andrew Davis_

11                                          ANDREW J. DAVIS
                                            Attorney for Plaintiff
                                            CHARLIE EAP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT 2

1  CHAVEZ & GERTLER LLP
   JONATHAN E. GERTLER (Bar No. 111531)
2  42 Miller Avenue
   Mill Valley, California 94941
3  Telephone: (415) 381-5599
   Facsimile:  (415) 381-5572
4
   Attorneys for Plaintiffs
5  SUSAN WYCKOFF and ALEXANDER WYCKOFF

6
7                    UNITED STATES DISTRICT COURT

8                NORTHERN DISTRICT OF CALIFORNIA

9  SUSAN WYCKOFF, individually, and as        )  Case No.
   Administratrix of the Estate of PETER      )
10 WYCKOFF; ALEXANDER WYCKOFF by              )  COMPLAINT FOR DAMAGES AND
   and through his Guardian ad Litem, SUSAN   )  DEMAND FOR JURY TRIAL
11 WYCKOFF,                                   )
                                              )
12            Plaintiffs                      )
                                              )
13      vs.                                   )
                                              )
14 UNITED STATES OF AMERICA; DANIEL           )
   EARL SPERL and DOES 1 through 10,          )
15                                            )
                                              )
16            Defendants.                     )
                                              )
17                                            )

18
19
20
21
22
23
24
25
26
27        **EXHIBIT  2**
28

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1       Plaintiffs SUSAN WYCKOFF and ALEXANDER WYCKOFF, individually and

2  collectively, hereby allege on information and belief, the following facts in support of their

3  claim for damages arising out of the death of Peter Wyckoff.

### I. JURISDICTION AND VENUE

5     1.     This action arises under the Federal Tort Claims Act, 28 U.S.C. 2671 et seq. for

6  the wrongful death of Peter Wyckoff, caused by an employee of the United States Coast

7  Guard acting within the course and scope of his employment. The United States Coast Guard

8  is a federal agency of defendant UNITED STATES OF AMERICA. Pursuant to 28 U.S.C.

9  1346(b)(1), the District Court has exclusive jurisdiction of this action.

10    2.     Venue is proper in the United States District Court for the Northern District of

11  California, because the events giving rise to this action occurred within the County of

12  Sonoma. See 28 U.S.C.A. § 1402(b).

### II. EXHAUSTION OF REMEDIES

14    3.     Plaintiffs have satisfied the conditions precedent to filing a civil lawsuit against

15  the UNITED STATES OF AMERICA. This action arose on December 22, 2005, as the result

16  of an automobile accident on that date. Plaintiffs each presented a timely claim to the United

17  States Coast Guard on October 12, 2006, in the amount of $15,000,000, and were assigned

18  Case Nos. 3306LC0208 and 3306LC0209. On June 15, 2007 the United States denied those

19  claims. A true and correct copy of the United States' letter denying said claims is attached

20  hereto as Exhibit 1 and incorporated herein by reference.

### III. PARTIES

22    4.     Plaintiffs SUSAN WYCKOFF and ALEXANDER WYCKOFF are the

23  surviving spouse and natural son, respectively, of decedent Peter Wyckoff. At all relevant

24  times, plaintiffs were and are citizens of the State of California. Both plaintiffs presently

25  reside in the City and County of San Francisco.

26    5.    Defendant UNITED STATES OF AMERICA is responsible for the acts and

27  omissions of Daniel Earl Sperl, an employee of the United States Coast Guard who, on

28  information and belief, was acting within the course and scope of employment at the time of

1  incident out of which plaintiffs' claim arises. See 28 U.S.C.A. § 1346; 39 U.S.C.A. § 409(c).

2  Plaintiffs are informed and believe that Mr. SPERL presently resides in Sonoma County.

3                                    IV. <u>FACTS</u>

4      6.    On or about 1:05 p.m., December 22, 2005, Peter Wyckoff and his family were

5  returning home from a family lunch in Napa. Exercising reasonable care for the safety of

6  himself and others, Mr. Wyckoff was driving a BMW 325I, bearing license number

7  5DFX108, southbound on State Road 121 in Sonoma County.  With him the car was his wife,

8  Plaintiff Susan Wyckoff, their minor child, Plaintiff Alexander Wyckoff, and the daughter of

9  Plaintiff Susan Wyckoff and the sister of Plaintiff Alexander Wyckoff, Holly Ann Eap.

10     7.    At said date and time, Daniel Earl Sperl, an employee of the United States

11  Coast Guard, was driving a Toyota Matrix, bearing license number 5DXG014, northbound on

12  State Road 121.  Plaintiff is informed and believes that at the same time and date, Mr. Sperl

13  was operating his vehicle within the course and scope of his employment with the United

14  States Coast Guard.

15     8.    At said date and time, Mr. Sperl negligently operated his vehicle so as cause it

16  to swerve into southbound traffic and strike the motor vehicle in which plaintiffs were

17  traveling, thereby causing injuries to the Wyckoff family as are hereinafter described.

18     9.    As a result of Mr. Sperl's negligence, Mr. Wyckoff and Holly Ann Eap were

19  fatally injured and pronounced dead at the scene. Ms. Wyckoff and her minor son, Alexander

20  Wyckoff, suffered damages and injury to their health, strength and activity, including but not

21  limited to facial lacerations, neck, spine, and back pain, and other injuries as yet

22  unascertained, all of which injuries have caused plaintiffs' physical pain and suffering.

23     10.    As a further direct and proximate result of said negligence of the defendants,

24  and each of them, plaintiffs have incurred and will continue to incur expenses for physicians,

25  and other health care practitioners to examine, treat, diagnose and care for the injuries

26  hereinabove described.  The exact amount of said damages is unknown to plaintiffs, who pray

27  leave to amend this complaint accordingly when the true amount thereof is finally ascertained.

28

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

11.    As a further direct and proximate result of the negligence of the defendants, and each of them, as aforesaid, plaintiffs have suffered extreme emotional distress as a result of witnessing injuries to, and the deaths of, their family members.

12.    Under the facts and circumstances alleged herein, the persons responsible for the operation of the Sperl vehicle and the owners of the vehicle, if they were private persons, would be liable under California law to Susan Wyckoff and Alexander Wyckoff for the injuries, damages, and wrongful deaths of their family members, as set forth below.

## COUNT ONE

### Negligence Per Se

13.    Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 7 through 13 as though fully set forth herein.

14.    Daniel Earl Sperl, and DOES 1-10, while acting within the course and scope of employment with the United States Coast Guard, violated sections of the California Vehicle Code, including but not limited to section 22350 (basic speed law), which provides in relevant part that "no person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent .. and in no event at a speed which endangers the safety of persons or property," which violation was indicated as the "Primary Collision Factor" in Traffic Collision Report Number 05-120102; section 22349 (b) (maximum speed limit: two-lane undivided highway), which provides in relevant part that "no person may drive a vehicle upon a two-lane, undivided highway at a speed greater than 55 miles per hour,"; section 21460 (double lines), which provides that "[w]hen double parallel solid lines are in place, no person driving a vehicle shall drive to the left thereof," and section 23153 (a), (causing bodily injury while driving under the influence), which provides in relevant part that "[i]t is unlawful for any person, while under the influence of any alcoholic beverage or drug, or under the combined influence of any alcoholic beverage and drug, to drive a vehicle and concurrently...neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver."

1     15.    The foregoing violations of the California Vehicle Codes were singularly and

2  collectively a direct and proximate cause of Mr. Wyckoff's and Ms. Eap's deaths.

3     16.    Said California Vehicle Codes were designed to prevent occurrences the nature

4  of which occurred to Mr. Wyckoff and Ms. Eap, including but not limited to preventing death

5  or injury to motorists and passengers on the highway.

6     17.    Mr. Wyckoff and Ms. Eap were of the class of persons for whose protection

7  said California Vehicle Codes were adopted, i.e., motorists and passengers.

8     18.    Pursuant to California common law, codified in California Evidence Code

9  section 669(a), negligence is presumed under the circumstances described above, i.e., where a

10  defendant violates a statute, ordinance, or regulation of a public entity, and causes death or

11  injury to person or property, from an occurrence of the nature which the statute, ordinance, or

12  regulation was designed to prevent, and the person suffering the death or injury was one of the

13  class of persons the statute, ordinance, or regulation was designed to protect.  See Cal. Evid.

14  Code § 669. Therefore, negligence may be presumed.

15     19.    As a direct and legal result of the negligent acts or omissions set forth above

16  and incorporated herein by reference, plaintiffs have suffered economic and non-economic

17  damages for the deaths of Peter Wyckoff and Holly Ann Eap to the extent permitted by

18  California law, as set forth in California Code of Civil Procedure sections 377.60 et seq. and

19  as reflected in California Civil Jury Instruction ("CACI") 3921, including, but not limited to,

20  loss of financial support, gifts, benefits, funeral and burial expenses, household services, and

21  loss of love, companionship, comfort, care, assistance, protection, affection, society, moral

22  support, training and guidance.

23     20.    As a further direct and proximate result of the negligence of the defendants, and

24  each of them, as aforesaid, plaintiffs have suffered extreme emotional distress as a result of

25  witnessing injuries to, and the deaths of, their family members.

26  / / /

27  / / /

28  / / /

## COUNT TWO

### General Negligence

21.    Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 14 through 21 as though fully set forth herein.

22.    Daniel Earl Sperl and DOES 1-10, acting within the course and scope of employment with the United States Coast Guard, negligently and unlawfully, and with conscious disregard for the rights and safety of others, operated, maintained, managed, controlled and/or drove his vehicle in such a manner that caused the deaths of Peter Wyckoff and Holly Ann Eap.

23.    As a direct and legal result of the negligent acts or omissions set forth above and incorporated herein by reference, plaintiffs have suffered economic and non-economic damages for the death of Peter Wyckoff and Holly Ann Eap to the extent permitted by California law, as set forth in California Code of Civil Procedure sections 377.60 et seq. and as reflected in CACI 3921, including, but not limited to, loss of financial support, gifts, benefits, funeral and burial expenses, household services, and loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance.

24.    As a direct and legal result of the negligent acts or omissions set forth above and incorporated herein by reference, plaintiffs have also suffered economic and non-economic damages caused by personal observation of the injury to and death of Peter Wyckoff and Holly Ann Eap to the extent permitted by California law.

25.    As a further direct and proximate result of the negligence of the defendants, and each of them, as aforesaid, plaintiffs have suffered extreme emotional distress as a result of witnessing injuries to, and the deaths of, their family members.

## COUNT THREE

### Loss of Consortium

26.    Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 7 through 26 as though fully set forth herein.

5

27. At all times material herein, plaintiff Susan Wyckoff, was the lawful spouse of plaintiff Peter Wyckoff, and resided with him.

28. As a direct and legal result of the negligent acts or omissions set forth above and incorporated herein by reference, plaintiff Susan Wyckoff has suffered a loss of the care, comfort, support, society and companionship of plaintiff Peter Wyckoff, all to her damage in a presently unascertained amount. By reason of the premises plaintiff Susan Wyckoff has suffered anxiety, depression, and other injuries and damages presently unascertained. Plaintiff Susan Wyckoff prays leave to amend this complaint accordingly when the true extent of said damages is finally ascertained.

## V. **PRAYER**

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, as follows:

1. For economic damages according to proof at the time of trial, to the extent permitted by California law, as set forth in California Code of Civil Procedure sections 377.60 et seq. and as reflected in CACI 3921, including but not limited to damages for loss of financial support, gifts, benefits, funeral and burial expenses, and household services;

2. For non-economic damages according to proof at the time of trial, to the extent permitted by California law, as set forth in California Code of Civil Procedure sections 377.60 et seq. and as reflected in CACI 3921, including but not limited to damages for the loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance;

3. For economic and non-economic damages according to proof at trial, including but not limited to damages for their own physical injuries as well as emotional distress damages as a result of witnessing the injuries to and deaths of their loved ones as set forth in *Dillon v. Legg*, 68 Cal. 2nd 728 (1968).

4. For costs of suit herein;

5. For pre-judgment interest; and

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1      6.    For such further relief as the Court may deem proper.

2

3    DATED: July 11, 2007          CHAVEZ & GERTLER LLP

4

5

6                        By _____

7                            Jonathan E. Gertler

8          Attorneys for Plaintiffs SUSAN WYCKOFF,
               individually, and as Administratrix of the Estate of
9          PETER WYCKOFF; ALEXANDER WYCKOFF,
               by and through his Guardian ad Litem, SUSAN
10        WYCKOFF

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**U.S. Department of Homeland Security**

**United States Coast Guard**

Commander
Maintenance & Logistics Command
Pacific

Coast Guard Island, Bldg 54A
Alameda, CA 94501-5100
Staff Symbol: (lc)
Phone: (510) 437-3644
Fax: (510) 437-3337

5890
3306LC0209
June 15, 2007

## CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Jonathan E. Gertler, Esq.
Chavez & Gertler LLP
42 Miller Avenue
Mill Valley, CA 94941

Gentlemen:

The claim submitted for property damage and personnel injury on October 16, 2006 by Mr. Jonathan Gertler on behalf of Ms. Susan Wyckoff, arising out of Susan Wyckoff's alleged collision with a United States Coast Guard member's vehicle on December 22, 2005, is hereby denied.

This claim was considered under all possibly relevant statutory authorities.

If your client is dissatisfied with the action taken on her claim, she may file suit in an appropriate United States District Court no later than six months from the date of this notice.

Prior to commencing an action, you may make a written request to this office for reconsideration of the claim. Such a request must be in writing, include the legal or factual grounds supporting the relief requested, and be filed with this office within six months after the date of mailing of this letter. Upon the timely filing of a request for reconsideration, this agency shall have six months from the date of the filing in which to make a final disposition of the claim and your client's option to file suit under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of such a request for reconsideration.

Sincerely,

Geoffrey D. Owen
Chief, Claims and Litigation Branch
U.S. Coast Guard

EXHIBIT 1