1  **PAUL N. CESARI, ESQ, (BAR NO. 118110)**
   **CESARI, WERNER AND MORIARTY**
2  360 Post Street, Fifth Floor
   San Francisco, CA 94108-4908
3  Telephone: (415) 391-1113
   Facsimile:  (415) 391-4626
4  **4991-6-15(A)**
   Attorneys for Defendant
5  DANIEL EARL SPERL

6

7                    UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9

10

11 | CHARLIE EAP, heir at law of decedent Holly )   **Case No.  CO7-2301 SI**
   | Annie Eap,                                 )   **Case No.  C07-3600 JCS**
12 |                                            )
   |            Plaintiffs,                     )
13 |                                            )   **ANSWER TO COMPLAINT FOR**
   | v.                                         )   **DAMAGES**
14 |                                            )
   | UNITED STATES OF AMERICA, DANIEL           )
15 | EARL SPERL,                                )
   |                                            )
16 |                                            )
   |            Defendants.                     )
17 | SUSAN WYCKOFF, individually, and as        )
   | Administratrix of the Estate of PETER      )
18 | WYCKOFF; et al                             )
   |            Plaintiffs,                     )
19 |                                            )
   | v.                                         )
20 |                                            )
   | UNITED STATES OF AMERICA, DANIEL           )
21 | EARL SPERL,                                )
   |                                            )
22 |                                            )
   |            Defendants.                     )
23

24       COMES NOW Defendant DANIEL EARL SPERL and for answer to the unverified

25 complaint of SUSAN WYCKOFF, individually, and as Administratrix of the Estate of

26 PETER WYCKOFF; ALEXANDER WYCKOFF by and through his Guardian ad Litem,

27 SUSAN WYCKOFF, on file herein admits, denies and alleges as follows:

28

Answering the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 of the Complaint this answering Defendant denies each and every, all and singular, generally and specifically, the allegations therein contained, and further denies that Plaintiffs have been damaged in any sum or whatsoever, or at all.

### ANSWER TO COUNT I

As to paragraph 13 of the Complaint, Defendant herein incorporates his denials to paragraphs 7 through 13, inclusive.

Answering the allegations of paragraphs 14, 15, 16, 17, 18, 19, and 20 of the Complaint this answering Defendant denies each and every, all and singular, generally and specifically, the allegations therein contained, and further denies that Plaintiffs have been damaged in any sum or whatsoever, or at all.

### ANSWER TO COUNT II

As to paragraph 21 of the Complaint, Defendant herein incorporates his denials to paragraphs 14 through 21, inclusive.

Answering the allegations of paragraphs 22, 23, 24 and 25 of the Complaint this answering Defendant denies each and every, all and singular, generally and specifically, the allegations therein contained, and further denies that Plaintiffs have been damaged in any sum or whatsoever, or at all.

### ANSWER TO COUNT III

As to paragraph 26 of the Complaint, Defendant herein incorporates his denials to paragraphs 7 through 26, as though fully set forth at length herein.

Answering the allegations of paragraphs 27 and 28 of the Complaint this answering Defendant denies each and every, all and singular, generally and specifically, the allegations therein contained, and further denies that Plaintiffs have been damaged in any sum or whatsoever, or at all.

This answering Defendant further denies that by reason of any act or acts, omission or omissions, fault, carelessness or negligence upon his part, Plaintiffs sustained injuries, loss or damages of any kind or character, in any part thereof, or in any sum whatsoever, or at all.

## AFFIRMATIVE DEFENSES

AS AND FOR A SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering Defendant alleges that Plaintiffs herein failed to state a cause of action for which relief may be granted.

AS AND FOR A SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering Defendant alleges that the injuries and damages of which Plaintiffs complain were proximately caused by the negligence and fault of other Defendants herein, and without any fault or want of care on the part of this answering Defendant or on the part of any person or persons for whose acts this answering Defendant was or is legally responsible.

AS AND FOR A SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering Defendant alleges that should Plaintiffs recover damages against any Defendants, said Defendants are entitled to have the amount abated, reduced or eliminated to the extent Plaintiffs' negligence caused or contributed to their injuries and damages, if any.

AS AND FOR A SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering Defendant alleges that the Plaintiffs are barred by the provisions of California Code of Civil Procedure, Section 335.1, in that more than two years has elapsed from the date of the alleged injury and the date of filing of the Complaint herein.

AS AND FOR A SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering Defendant alleges that Plaintiffs herein failed to mitigate their damages with respect to the subject matter of this lawsuit.

AS AND FOR A SEPARATE AND DISTINCT DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering Defendant alleges that Plaintiffs assumed the risk of the hazards alleged, if any hazard there were.

Defendant reserves the right to allege other affirmative defenses as they may arise during the course of discovery.

WHEREFORE, this answering Defendant prays that Plaintiffs take nothing by way of the Complaint on file herein; that this answering Defendant have judgment thereon, together with his costs of suit, and for such other and further relief as the Court may deem proper.

DATED: August 14, 2007

CESARI, WERNER AND MORIARTY

*Paul W Cesari*

PAUL N. CESARI
Attorney for Defendant
Daniel Earl Sperl

PROOF OF SERVICE

4991-6-15(A)

Wyckoff v. United States of America

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My business address is CESARI, WERNER AND MORIARTY, 360 Post Street, Fifth Floor, San Francisco, California, 94108. On August 14, 2007, I served the within document: **Answer to Complaint**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage prepaid, in the United States mail San Francisco, California addressed as follows.

☐ by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Andrew J. Davis, Jr.
Davis Law Offices
1900 W. Garvey Avenue South
Suite 160
West Covina, CA 91790

**For Plaintiff Charlie Eap, Heir at Law of Decedent, Holly Annie Eap**

Telephone: (626) 962-7400
Fax:          (626) 962-7474

Letitia R. Kim
United States Attorney's Office
150 Almaden Boulevard, Suite 900
San Jose, CA 95113

**For Defendant United States of America**
Telephone:
Fax:          (408) 535-5081

Jonathan E. Gertler
Joseph R. Igelmund
Chavez & Gertler LLP
42 Miller Avenue
Mill Valley, CA 94941

**For Plaintiffs Susan Wyckoff and Alexander Wyckoff**
Telephone: (415) 381-5599
Fax:          (415) 381-5572

I am familiar with the firm's practice of processing mail. Under that practice it would be deposited with the U.S. Postal Service on that day with postage thereon prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date/postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that the above is true and correct.

Executed on August 14, 2007, at San Francisco, California.

_____
Mary Leanos

PROOF OF SERVICE