1 | CHAVEZ & GERTLER LLP
JONATHAN E. GERTLER SBN 111531
JOSEPH R. IGELMUND SBN 52493
42 Miller Avenue, Mill Valley, Ca 94941
Tel: (415) 381-5599  Fax: (415) 381-5572
Attorneys for Plaintiffs SUSAN WYCKOFF
and ALEXANDER WYCKOFF

Paul N. Cesari, Esq.  SBN 118110
CESARI, WERNER & MORIARTY
360 Post Street, Fifth Floor
San Francisco, CA 94108-4908
Tel: (415) 391-1113 Fax: (415) 391-4626
Attorneys for Defendant DANIEL SPERL

SCOTT N. SCHOOLS (SCBN 9990)
JOANN SWANSON (SBN 88143)
JAMES A. SCHARF (SBN 152171)
150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Tel: (408) 535-5044 Fax: (408) 535-5081
Attorneys for Defendant USA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF,<br><br>Plaintiffs<br><br>vs.<br><br>UNITED STATES OF AMERICA; DANIEL EARL SPERL and DOES 1 through 10,<br><br>Defendants. | Case No. C 07 3600 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Case Management Conference:<br>DATE:   10/19/07<br>TIME:   2:00 p.m.<br>PLACE: Courtroom 10, 19th Floor<br>JUDGE: Hon. Susan Illston |

1. **JURISDICTION AND SERVICE:**

There are no counterclaims and no issues exist as to personal jurisdiction or venue. All named defendants have been served, except for those fictitiously named. Answers to plaintiff's' complaint have been filed and served upon plaintiffs by both defendants. Defendant USA contends that this Court lacks subject matter jurisdiction over this dispute and intends to file a motion to dismiss for lack of subject matter jurisdiction on the grounds that defendant Sperl was not within the course and scope of his duties as a member of the United States Coast Guard at the time of the accident. Plaintiffs contend that subject matter jurisdiction exists.

2. **FACTS:**

On December 22, 2005, defendant DANIEL EARL SPERL ("Sperl) drove his vehicle so as to collide head-on with the vehicle driven by Peter Wyckoff. Susan Wyckoff (the spouse of Peter Wyckoff), Holly Ann Eap (the daughter of Susan Wyckoff), and Alexander Wyckoff (the son of Peter Wyckoff and Susan Wyckoff) were passengers in the vehicle driven by Peter Wyckoff. Peter Wyckoff and Holly Ann Wyckoff were killed in the collision. Plaintiffs contend that defendant Sperl was within the course and scope of his duties as a member of the United States Coast Guard at the time of the accident.

Liability is disputed. A key issue will be whether or not defendant Sperl was within the course and scope of his employment as a member of the United States Coast Guard at the time of the accident.

Another key issue is the amount of plaintiffs' damages, assuming defendant Sperl is determined to have been negligent.

3. **LEGAL ISSUES:**

The principal legal issue between the United States and plaintiffs will be whether or not defendant Sperl was within the course and scope of his employment with the United States Coast Guard at the time of the accident.

**4.    MOTIONS:**

Defendant United States has indicated its intent to file a motion to dismiss after affording the parties an adequate opportunity to conduct discovery on the scope of employment issue. Plaintiffs and defendant United States, only, agree that discovery on the scope of employment issue shall be completed by March 1, 2008, and that any dispositive motion relating to that issue shall be filed by defendant United States by April 15, 2008 for hearing on the earliest date available to the Court on regular notice.

Plaintiffs and defendant United States, only, further agree that the scope of employment issue should be severed, and if the dispositive motion by defendant United States on the scope of employment issue is denied, that a bench trial shall be held on the scope of employment issue in June 2008, and that subsequent due dates scheduled by the Court be moved back ninety days. Plaintiffs and defendant United States, only, also agree that discovery should be bifurcated so that discovery on damages does not occur until adjudication of the scope of employment issue.

Absent an agreement by the parties, defendant United States has also indicated its intention to file a motion to consolidate the related Eap case for all purposes or, in the alternative, for purposes of discovery.

**5.    AMENDMENT OF PLEADINGS:**

The parties filing this Statement do not anticipate amendments to the pleadings other than perhaps an amendment to the complaint to allege, more specifically, the actions of the individual defendant in being grossly negligent.

**6.    EVIDENCE PRESERVATION:**

Plaintiffs state: Plaintiffs' insurer took possession of the Wyckoff vehicle; plaintiffs have no information as to who took possession of the Sperl vehicle; and, as to the Wyckoff vehicle, plaintiffs' counsel provided defendants with substantial opportunity to inspect and preserve the vehicle, and advised defendants that plaintiffs would no longer preserve the vehicle.

1   The parties have learned that the California Highway Patrol has destroyed the
2 videotaped statement it obtained from defendant Sperl at the hospital immediately following
3 the collision.

4   Apart from this, the parties are unaware at this time of any document destruction
5 program or of erasures of any electronically recorded material relevant to the issues herein.

6 **7.   DISCLOSURES:**

7   Counsel for all parties have complied with the initial disclosure requirements of Fed.
8 R. Civ. P. Rule 26, as qualified by stipulations by defendants United States and Sperl
9 permitting plaintiffs to make certain specified disclosures at a later date.  Counsel for
10 defendant United States has circulated for joint signature a protective order regarding the
11 medical and employment records of defendant Sperl.

12 **8.   DISCOVERY:**

13   The parties have agreed that an entire plan should not be adopted at this time.  The
14 parties are now focusing their efforts on paper discovery and depositions pertaining to the
15 scope of employment issue.  However, discovery is open for all purposes.  Plaintiffs and
16 defendant United States, only, agree that discovery should be bifurcated so that discovery on
17 damages does not occur until adjudication of the scope of employment issue.

18   Defendant United States has served document requests, to which plaintiffs have
19 served responses.  Plaintiffs have served on defendants United States and Sperl documents in
20 plaintiffs' possession regarding the scope of employment issue.  Defendant Sperl has served
21 document requests, and has extended plaintiffs' time to respond  to October 25, 2007.
22 Plaintiffs have served document requests on defendant United States, and said defendant has
23 agreed  to produce the requested documents no later than October 26, 2007.

24   Plaintiffs, and plaintiff Eap in the related case, have noticed the deposition of
25 defendant Sperl for October 31, 2007 at 11:00 a.m. in Reno, Nevada. Defendant Sperl's
26 counsel has agreed to the deposition.  Plaintiffs, and plaintiff Eap in the related case, will
27 also notice the deposition of Chief Petty Officer Ed Chacon for November 7, 2007 at 10:00
28 a.m. at the San Francisco office of the United States Attorney.

1  Defendant United States has also provided defendant Sperl's attorney with an
2  authorization, which is needed to obtain certain records from Sperl's medical care providers
3  under a currently executed subpoena. Said records may be relevant in the event Sperl
4  testifies at his upcoming deposition that he was going to a work-related medical appointment
5  when the subject accident occurred. Sperl proposes that if the United States intends on
6  producing any medical or employment documents, at or before Sperl's deposition pursuant to
7  plaintiffs' document requests or pursuant to any requests by Sperl, that are outside the scope
8  of subpoenaed or requested documents or the documents agreed upon by Sperl's counsel for
9  release during the Initial Disclosure, counsel for Sperl and the United States shall meet and
10 confer on this issue to ensure that the United States does not present irrelevant documents
11 that invade Sperl's privacy, and allow this matter to be addressed by a third party if an
12 agreement cannot be reached. Plaintiffs expect that they will have been provided all
13 documents responsive to their document requests before undertaking or completing the Sperl
14 or Chacon depositions.

15 As stated above, plaintiff and defendant United States, only, agree that discovery
16 should be bifurcated so that damages discovery does not occur until after the scope of
17 employment issue is adjudicated, and that completion of damages discovery, including
18 expert discovery and reports, should be scheduled accordingly.

19 **9.     CLASS ACTIONS:**
20 This does not apply to this action.
21 **10.    RELATED CASES:**
22 The case of <u>Eap v. United States</u>, Case No. C07-2301 SI, was determined to be a
23 related case.
24 **11.    RELIEF**
25 Plaintiff Susan Wyckoff seeks just compensation for the loss she suffered, including
26 the pecuniary value of the society, comfort, care, protection, and right to receive support, if
27 any, which she lost by reason of her husband's death, for the loss she suffered by reason of
28 the death of her daughter, Holly Ann Eap, and for her own injuries. Minor plaintiff

1  Alexander Wyckoff, by Susan Wyckoff as Administratrix, seeks just compensation for the
2  loss he suffered arising from the death of his father, Peter Wyckoff, and sister, Holly Ann
3  Eap, and for his own injuries.

4  **12.  SETTLEMENT AND ADR:**

5  The parties have agreed that each party will respond individually to the ADR office.
6  All parties agree that it is premature to engage in ADR until there is further information
7  concerning the issue of the course and scope of employment of defendant Sperl. Defendant
8  United States has proposed that a private mediation be scheduled in both cases after the
9  scope of employment issue is adjudicated.

10 **13.  CONSENT TO MAGISTRATE JUDGE:**

11 Defendant United States declined to consent to a Magistrate Judge.

12 **14.  OTHER REFERENCES:**

13 The parties do not believe this case is suitable for other references.

14 **15.  NARROWING OF ISSUES:**

15 Plaintiffs and defendant Sperl believe the issue of liability as to the subject collision
16 itself can be agreed.

17 **16.  EXPEDITED SCHEDULE:**

18 Defendant United States has proposed that the discovery on the scope of employment
19 issue, the filing of a motion to dismiss and a bench trial if necessary proceed on an expedited
20 basis prior to the parties incurring substantial costs on the remaining issues of liability and
21 damages. As stated above, plaintiffs request that the scope of employment issue be severed,
22 and that discovery be bifurcated so that damages discovery does not occur until adjudication
23 of the scope of employment issue.

24 Otherwise, this case is not appropriate for an expedited schedule.

25 **17.  SCHEDULING:**

26 Experts are to be designated 90 days before trial. Discovery cut-off, except as to
27 experts disclosed, is to be 90 days before trial. The trial can be scheduled in December 2008.
28

1  **18.    TRIAL:**

2       Under the Federal Tort Claims Act, The United States maintains that this action must
3  be tried as a bench trial.  Sperl recognizes that a plaintiff is not entitled to a jury, but as a co-
4  defendant to the United States, does not waive his right to a jury trial.  If it is determined that
5  this case must proceed against the United States as a bench trial, and the United States is
6  subsequently dismissed, Sperl herein requests that a jury trial be designated at that time.
7  Plaintiffs request a jury as to their claims against defendant Sperl, and an advisory jury as to
8  their claims against defendant United States. It is anticipated that each case will require five
9  full trial days.

10 **19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

11      No party has as yet, filed a "Certification of Interested Parties or Persons." It is
12 anticipated such will be filed within seven days. Plaintiffs and defendant Sperl know of no
13 persons, firms, partnerships, corporations (including parent corporations) or other entities
14 which have either (a) a financial interest; or (b) any other kind of interest. Plaintiffs do
15 acknowledge that their legal counsel will be compensated only if they recover compensation
16 for damages herein.

17 **20.    OTHER MATTERS:**

18       The United States proposes that the parties discuss at the CMC the following issues:
19 (1) Consolidation of both cases for all purposes or, in the alternative, for discovery purposes.
20 (2) The time by which defendant's motion to dismiss should be filed.  (2) Bifurcation for
21 purposes of trial the scope of employment issue in the event the motion to dismiss cannot be
22 adjudicated on the papers and the Court requests an evidentiary hearing, and the scheduling
23 of the scope of employment trial.  (3) Imposition of a protection order as to defendant Sperl's
24 medical and employment records obtained through discovery.  (4) Delaying ADR until after
25 the scope of employment issue is adjudicated.  Plaintiffs propose that the parties also discuss
26 at the CMC a bifurcation of discovery so that damages discovery does not occur until
27 adjudication of the scope of employment issue.

28

The parties know of no other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: October 12, 2007.                    Respectfully Submitted,

                                            CHAVEZ & GERTLER LLP

BY: _____/s/_____
JONATHAN E. GERTLER
JOSEPH R. IGELMUND
Attorneys for Wyckoff Plaintiffs

CESARI, WERNER & MORIARTY

BY: _____/s/_____
PAUL N. CESARI
KRISTINA L. VELARDE
Attorneys for Defendant
DANIEL EARL SPERL

SCOTT N. SCHOOLS
United States Attorney

BY: _____/s/_____
JAMES A. SCHARF
   Attorneys for Defendant
UNITED STATES OF AMERICA