SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney

    150 Almaden Blvd., Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5044
    FAX: (408) 535-5081
    James.Scharf@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLIE EAP, heir at law of decedent, Holly Annie Eap, | Case No.: 07-2301 SI |
| | Case No.: 07-3600 SI |
| Plaintiff, | |
| SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, DANIEL EARL SPERL, and DOES 1 to 10, | |
| Defendants | |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

The parties desire to release certain documents between themselves as a part of and in cooperation with the obligations of discovery. The parties believe records which are maintained by the United States or other governmental entities may contain information that should be afforded protection under the Privacy Act of 1974, other Federal privacy law, and/or other federal statutes and regulations which govern the releaseability of federal documents and records. The parties retain the right to object to the release of any document and/or records. The parties believe there may be other documents in the possession of each party that may be subject to or entitled to privacy considerations. In order to permit the exchange of these documents and records for the sole purpose of this litigation, the parties agree and it is hereby ORDERED that:

1. The producing party shall designate the particular documents as subject to this Protective Order. If a party receives a document in discovery, or otherwise from other counsel in this case, the receiving counsel may also designate the document as subject to this Protective Order even over the objection of the producing party.

2. The right of access to all information designated as subject to this Protective Order (unless the parties have agreed otherwise or the Court enters an order permitting disclosure) shall be limited to the parties, counsel for the parties, counsels' office staff, consultants to the parties, paralegals and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials. Any person having access to information subject to this Protective Order shall be informed that it is confidential and subject to non-disclosure pursuant to an Order of the Court.

3. Any party may file a motion for the Court to determine whether information designated by counsel is subject to protection from disclosure by the Privacy Act. However, the information shall remain under seal and shall not be subject to disclosure unless and until the Court has ruled that it is not protected from disclosure.

4. Information subject to this Protective Order shall be used only for the sole purpose of this particular litigation and shall not be disclosed to any person not named in paragraph 2 without further Order of the Court or express stipulation by the parties.

1        5.  Any restrictions imposed by this Protective Order may be terminated by a party after
2 providing notice to all other parties and there being no objection, or by an Order of the Court.  In the
3 event of an objection by any party, the document will remain restricted by the Protective Order until
4 resolved by an Order of the Court.  This Protective Order is without prejudice to the rights of any
5 party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by
6 any statute or other authority, or to the rights of any party to make evidentiary objections at trial.
7 Nothing in this Protective Order precludes any party from relying in this action on any documents
8 or information it disclosed pursuant to FRCP 26(a)(1) or in response to discovery requests
9 propounded by the other parties ("disclosed information").  Nor does this Protective Order preclude
10 any party from using such disclosed information in depositions, motions, declarations, hearings, trial
11 or other litigation events in this case.  However, any party may request that such disclosed
12 information be placed under seal.
13        6. All portions of documents and copies of documents which contain designated information
14 that is subject to this Protective Order shall be destroyed or returned to counsel for the producing
15 party within sixty (60) days of the conclusion of all trial and appellate proceedings in this case.  If
16 the portions of the documents are destroyed, the destroying party's counsel shall so notify opposing
17 counsel in writing.
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28  ///

7.  Any party may seek from the Court a modification of this Order.

THE PARTIES, THROUGH COUNSEL, SO STIPULATE:

Dated: 10-19-07                 /s/ *Anrew Jackson Davis*
                                Andrew Jackson Davis , Esq.
                                Attorney for Plaintiff Eap

Dated: 10-19-07                 /s/ *Joe Igelmund*
                                Joe Igelmund, Esq
                                Attorney for Wyckoff Plaintiffs

Dated: 10-19-07                 /s/ *Kristina Valarde*
                                Kristina L. Velarde, Esq
                                Attorney for Defendant Sperl

Dated: 10-19-07                 /s/ *James Scharf*
                                James A. Scharf, Esq.
                                Attorney for Defendant United States of America

GOOD CAUSE APPEARING, AND PURSUANT TO THE STIPULATION OF THE PARTIES, IT IS SO ORDERED:

Dated: _____                  _____
                                Hon. Susan Y. Illston
                                United States District Court Judge