1   CHAVEZ & GERTLER LLP
    JONATHAN E. GERTLER (Bar No. 111531)
2   JOSEPH R. IGELMUND (Bar No. 52493)
    42 Miller Avenue
3   Mill Valley, California 94941
    Telephone:  (415) 381-5599
4   Facsimile:   (415) 381-5572

5   Attorneys for Plaintiffs
    SUSAN WYCKOFF and ALEXANDER WYCKOFF
6

7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11  SUSAN WYCKOFF, individually, and as      ) Case No.  C-07-3600 SI
    Administratrix of the Estate of PETER    )
12  WYCKOFF; ALEXANDER WYCKOFF by            ) **MEMORANDUM OF POINTS AND**
    and through his Guardian ad Litem, SUSAN ) **AUTHORITIES IN SUPPORT OF**
13  WYCKOFF,                                 ) **MOTION FOR ORDER GRANTING**
                                             ) **LEAVE TO FILE [PROPOSED] FIRST**
14              Plaintiffs                   ) **AMENDED COMPLAINT**
                                             )
15          vs.                              ) Date:    January 25, 2008
                                             ) Time:    9:00 a.m.
16  UNITED STATES OF AMERICA; DANIEL         ) Dept:    Hon. Susan Illston
    EARL SPERL and DOES 1 through 10,        )
17                                           )
                Defendants.                  )
18                                           )
                                             )
19  _____     )

20

21

22

23

24

25

26

27

28

I.    <u>INTRODUCTION</u>

This motion seeks leave to file the [Proposed] First Amended Complaint in order to (1) add allegations of negligent supervision against defendant United States of America and (2) correct typographical errors in the introductory paragraphs of three causes of action that incorporate previous paragraphs of the pleading.  The motion is timely and in the interests of justice, and plaintiffs respectfully request that leave be granted.

II.    <u>STATEMENT OF FACTS</u>

This action arises from a head-on collision in which plaintiff Susan Wyckoff's husband, Peter Wyckoff, and daughter Holly Ann Eap, were killed when a vehicle driven by defendant Sperl crossed into the Wyckoffs' lane.  Plaintiffs assert in the three causes of action of the original Complaint (negligence <u>per se</u>, general negligence, and loss of consortium) that Sperl negligently operated his vehicle so as to cause the collision; that defendant United States of America is liable for Sperl's acts in that Sperl, a member of the United States Coast Guard, was acting in the course and scope of his duties at the time of collision; and that the defendants' negligence caused the wrongful deaths.  Declaration of Joseph R. Igelmund in Support of Motion for Order Granting Leave to File [Proposed] First Amended Complaint ("Igelmund Decl.), ¶ 3.

Defendant United States of America mailed notice of final denial of plaintiffs' claim in this matter on or about June 15, 2007.  Igelmund Decl., ¶ 4.  Plaintiffs filed the Complaint in this action July 11, 2007.  Igelmund Decl., ¶ 3.

The proposed First Amended Complaint adds the following:

23.    Plaintiffs are informed and believe that defendant United States of America, through its agents and employees, negligently supervised defendant Sperl, and permitted and/or ordered him to drive, or otherwise negligently caused him to drive, while impaired at the time of the subject accident.

Igelmund Decl., ¶ 5.

The proposed amendment follows testimony provided by defendant Sperl at his uncompleted deposition in Reno, Nevada five days ago, on December 12, 2007.  Sperl's

1

testimony provided new evidence supporting a theory of negligent supervision. The testimony, which has not yet been transcribed, gives rise to the reasonable inference that the United States, through its officers and agents, did in fact negligently order or permit Sperl to drive in an impaired condition. Plaintiffs' counsel understood Sperl to testify in substance and effect that he was not instructed to refrain from driving under prescribed medication. Igelmund Decl., ¶ 6.

The foregoing proposed amendment merely repeats one of the claims stated in the claim denied by the United States of America on June 15, 2007. Igelmund Decl., ¶ 6.

The proposed First Amended Complaint also corrects certain typographical errors in Paragraphs 13, 21, and 27, which did not correctly state the paragraphs incorporated in their respective causes of action. The proposed First Amended Complaints states instead in each of those paragraphs that that each and every allegation of the preceding paragraphs is incorporated therein. Igelmund Decl., ¶ 7.

III.    ARGUMENT

    A.    MOTIONS TO AMEND ARE EVALUATED WITH EXTREME LIBERALITY.

A party may amend the party's pleading by leave of court, and leave shall be freely given when justice so requires. FRCP Rule 15(a). This policy is to be applied with "extreme liberality." Eminence Capital, LLC v. Aspeion, Inc., (9th Cir 2003) 316 F.3d 1048, 1051.

    B.    THE MOTION IS MADE LESS THAN ONE WEEK AFTER DEPOSITION TESTIMONY PROVIDING NEW EVIDENCE SUPPORTING THE PROPOSED FIRST AMENDED COMPLAINT.

The addition of a negligent supervision allegation against defendant United States of America follows testimony provided by defendant Sperl at his uncompleted deposition in Reno, Nevada only five days ago, on December 12, 2007. Sperl's testimony provided new evidence supporting a theory of negligent supervision. The testimony, which has not yet been transcribed, gives rise to the reasonable inference that the United States, through its officers and agents, did in fact negligently order or permit Sperl to drive in an impaired condition.

1  Plaintiffs' counsel present at the deposition understood Sperl to testify in substance and effect

2  that he was not instructed to refrain from driving under prescribed medication.  Igelmund

3  Decl., ¶ 6.

4             C.      <u>THE MOTION IS MADE IN AN ABUNDANCE OF CAUTION, IN</u>

5                      <u>THE EVENT THAT THE PROPOSED ADDITION TO THE</u>
                    <u>COMPLAINT WERE TO BE HELD NOT TO RELATE BACK TO</u>

6                      <u>THE FILING DATE OF THE ORIGINAL COMPLAINT</u>.

7          Plaintiffs contend that the subject matter of the proposed addition to the Complaint

8  relates back to the date of filing of the Complaint pursuant to FRCP Rule 15(c).  If, however,

9  the Court were to hold for any reason that the subject matter did not relate back and that

10  plaintiffs are now on notice of facts sufficient to support the proposed addition to the

11  Complaint, plaintiffs would be required to move to amend no later than six months from the

12  date of defendant United States of America's mailing of notice of denial of the administrative

13  claim.  As that mailing occurred on or about June 15, 2007, plaintiffs would be required to

14  move to amend no later than six months thereafter, or December 17, 2007.  Thus, plaintiffs

15  file this motion to amend on December 17, 2007.

16             D.      <u>PLAINTIFFS HAVE COMPLIED WITH THE FEDERAL TORT</u>

17                      <u>CLAIMS ACT AS TO THE FURTHER ALLEGATIONS OF THE</u>
                    <u>PROPOSED FIRST AMENDED COMPLAINT</u>.

18

19          The negligent supervision claim that plaintiffs seek to add in the [Proposed] First

20  Amended Complaint was part of the Federal Tort Claims Act claim submitted by plaintiffs

21  and denied by defendant United States of America.  Igelmund Decl., ¶ 6.

22             E      <u>PLAINTIFFS' REQUEST IS TIMELY</u>.

23          Where a motion for leave to amend the complaint has been filed prior to the expiration

24  of the statute of limitations, the amended complaint is deemed filed within the limitations

25  period.  <u>Mayes v. AT&T Info. Systems</u>, (8th Cir 1989) 867 F.2d 1172, 1173; <u>In re</u>

26  <u>Metropolitan Securities Litigation</u>, (ED WA 2007) 2007 U.S.Dist.Lexis 84392, hn. 12 ("It is

27  well established, for the purpose of calculating the statute of limitations, that an amended

28  pleading is effectively filed when the motion to amend is filed").  Thus, even though the

1   Court will not rule on the present motion until more than six months after the date of mailing

2   of defendant United States of America's denial of the administrative claim, plaintiffs'

3   amended complaint is timely.

4        Further, plaintiffs have timely filed their motion for leave to amend.  Where the last

5   day of the six month statute of limitations under 28 U.S.C. § 2401(b) falls on a weekend,

6   plaintiff's time is extended to the first day following those days.  <u>Hart v. United States of</u>

7   <u>America</u>, (9th Cir 1987) 817 F.2d 78, 79, 80 (FTCA claim denied May 31, 1985; last day held

8   to file November 30, 1985, a Saturday; held:  complaint properly filed the following Monday,

9   December 2, 1985).  Where, as here, the last day of the six month limitations period is

10  December 15, 2007, a Saturday, plaintiffs' motion satisfies the limitations period by being

11  filed the following Monday, December 17, 2007.

12          F.    <u>PLAINTIFFS' FURTHER PROPOSED AMENDMENT TO
    CORRECT TYPOGRAPHICAL ERRORS IN THE COMPLAINT</u>

13              <u>ALSO SHOULD BE PERMITTED</u>.

14

15       The proposed First Amended Complaint also corrects certain typographical errors in

16  Paragraphs 13, 21, and 27.  Those introductory paragraphs to the three causes of action did

17  not correctly identify the paragraphs incorporated therein.  The proposed First Amended

18  Complaint amends those paragraphs to state that each and every allegation of the preceding

19  paragraphs is incorporated therein.  These proposed amendments are in the interests of justice,

20  and should be permitted.

21  *//*

22

23

24

25

26

27

28

IV.    <u>CONCLUSION</u>

On the foregoing grounds, the motion for leave to file the [Proposed] First Amended Complaint should be granted.


Dated:  December  __, 2007          CHAVEZ & GERTLER LLP


By___s/_____
        Joseph R. Igelmund

Attorneys for Plaintiffs SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF, by and through his Guardian ad Litem, SUSAN WYCKOFF