CHAVEZ & GERTLER LLP
JONATHAN E. GERTLER (Bar No. 111531)
JOSEPH R. IGELMUND (Bar No. 52493)
42 Miller Avenue
Mill Valley, California 94941
Telephone:  (415) 381-5599
Facsimile:   (415) 381-5572

Attorneys for Plaintiffs
SUSAN WYCKOFF and ALEXANDER WYCKOFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF,<br><br>          Plaintiffs<br><br>     vs.<br><br>UNITED STATES OF AMERICA; DANIEL EARL SPERL and DOES 1 through 10,<br><br>          Defendants. | Case No.  C-07-3600 SI<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

Plaintiffs SUSAN WYCKOFF and ALEXANDER WYCKOFF, individually and collectively, hereby allege on information and belief, the following facts in support of their claim for damages arising out of the death of Peter Wyckoff.

## I. JURISDICTION AND VENUE

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. 2671 et seq. for the wrongful death of Peter Wyckoff, caused by an employee of the United States Coast Guard acting within the course and scope of his employment. The United States Coast Guard is a federal agency of defendant UNITED STATES OF AMERICA. Pursuant to 28 U.S.C. 1346(b)(1), the District Court has exclusive jurisdiction of this action.

2. Venue is proper in the United States District Court for the Northern District of California, because the events giving rise to this action occurred within the County of Sonoma. See 28 U.S.C.A. § 1402(b).

## II. EXHAUSTION OF REMEDIES

3. Plaintiffs have satisfied the conditions precedent to filing a civil lawsuit against the UNITED STATES OF AMERICA. This action arose on December 22, 2005, as the result of an automobile accident on that date. Plaintiffs each presented a timely claim to the United States Coast Guard on October 12, 2006, in the amount of $15,000,000, and were assigned Case Nos. 3306LC0208 and 3306LC0209. On June 15, 2007 the United States denied those claims. A true and correct copy of the United States' letter denying said claims is attached hereto as Exhibit 1 and incorporated herein by reference.

## III. PARTIES

4. Plaintiffs SUSAN WYCKOFF and ALEXANDER WYCKOFF are the surviving spouse and natural son, respectively, of decedent Peter Wyckoff. At all relevant times, plaintiffs were and are citizens of the State of California. Both plaintiffs presently reside in the City and County of San Francisco.

5. Defendant UNITED STATES OF AMERICA is responsible for the acts and omissions of Daniel Earl Sperl, an employee of the United States Coast Guard who, on information and belief, was acting within the course and scope of employment at the time of

1 | incident out of which plaintiffs' claim arises.  See 28 U.S.C.A. § 1346; 39 U.S.C.A. § 409(c).

2 | Plaintiffs are informed and believe that Mr. SPERL presently resides in Sonoma County.

### IV. FACTS

6. On or about 1:05 p.m., December 22, 2005, Peter Wyckoff and his family were returning home from a family lunch in Napa. Exercising reasonable care for the safety of himself and others, Mr. Wyckoff was driving a BMW 325I, bearing license number 5DFX108, southbound on State Road 121 in Sonoma County.  With him the car was his wife, Plaintiff Susan Wyckoff, their minor child, Plaintiff Alexander Wyckoff, and the daughter of Plaintiff Susan Wyckoff and the sister of Plaintiff Alexander Wyckoff, Holly Ann Eap.

7. At said date and time, Daniel Earl Sperl, an employee of the United States Coast Guard, was driving a Toyota Matrix, bearing license number 5DXG014, northbound on State Road 121.  Plaintiff is informed and believes that at the same time and date, Mr. Sperl was operating his vehicle within the course and scope of his employment with the United States Coast Guard.

8. At said date and time, Mr. Sperl negligently operated his vehicle so as cause it to swerve into southbound traffic and strike the motor vehicle in which plaintiffs were traveling, thereby causing injuries to the Wyckoff family as are hereinafter described.

9. As a result of Mr. Sperl's negligence, Mr. Wyckoff  and Holly Ann Eap were fatally injured and pronounced dead at the scene.  Ms. Wyckoff and her minor son, Alexander Wyckoff, suffered damages and injury to their health, strength and activity, including but not limited to facial lacerations, neck, spine, and back pain, and other injuries as yet unascertained, all of which injuries have caused plaintiffs' physical pain and suffering.

10. As a further direct and proximate result of said negligence of the defendants, and each of them, plaintiffs have incurred and will continue to incur expenses for physicians, and other health care practitioners to examine, treat, diagnose and care for the injuries hereinabove described.  The exact amount of said damages is unknown to plaintiffs, who pray leave to amend this complaint accordingly when the true amount thereof is finally ascertained.

11. As a further direct and proximate result of the negligence of the defendants, and each of them, as aforesaid, plaintiffs have suffered extreme emotional distress as a result of witnessing injuries to, and the deaths of, their family members.

12. Under the facts and circumstances alleged herein, the persons responsible for the operation of the Sperl vehicle and the owners of the vehicle, if they were private persons, would be liable under California law to Susan Wyckoff and Alexander Wyckoff for the injuries, damages, and wrongful deaths of their family members, as set forth below.

## COUNT ONE

### Negligence Per Se

13. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

14. Daniel Earl Sperl, and DOES 1-10, while acting within the course and scope of employment with the United States Coast Guard, violated sections of the California Vehicle Code, including but not limited to section 22350 (basic speed law), which provides in relevant part that "no person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent .. and in no event at a speed which endangers the safety of persons or property," which violation was indicated as the "Primary Collision Factor" in Traffic Collision Report Number 05-120102; section 22349 (b) (maximum speed limit: two-lane undivided highway), which provides in relevant part that "no person may drive a vehicle upon a two-lane, undivided highway at a speed greater than 55 miles per hour,"; section 21460 (double lines), which provides that "[w]hen double parallel solid lines are in place, no person driving a vehicle shall drive to the left thereof," and section 23153 (a), (causing bodily injury while driving under the influence), which provides in relevant part that "[i]t is unlawful for any person, while under the influence of any alcoholic beverage or drug, or under the combined influence of any alcoholic beverage and drug, to drive a vehicle and concurrently…neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver."

15. The foregoing violations of the California Vehicle Codes were singularly and collectively a direct and proximate cause of Mr. Wyckoff's and Ms. Eap's deaths.

16. Said California Vehicle Codes were designed to prevent occurrences the nature of which occurred to Mr. Wyckoff and Ms. Eap, including but not limited to preventing death or injury to motorists and passengers on the highway.

17. Mr. Wyckoff and Ms. Eap were of the class of persons for whose protection said California Vehicle Codes were adopted, i.e., motorists and passengers.

18. Pursuant to California common law, codified in California Evidence Code section 669(a), negligence is presumed under the circumstances described above, i.e., where a defendant violates a statute, ordinance, or regulation of a public entity, and causes death or injury to person or property, from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent, and the person suffering the death or injury was one of the class of persons the statute, ordinance, or regulation was designed to protect. See Cal. Evid. Code § 669. Therefore, negligence may be presumed.

19. As a direct and legal result of the negligent acts or omissions set forth above and incorporated herein by reference, plaintiffs have suffered economic and non-economic damages for the deaths of Peter Wyckoff and Holly Ann Eap to the extent permitted by California law, as set forth in California Code of Civil Procedure sections 377.60 et seq. and as reflected in California Civil Jury Instruction ("CACI") 3921, including, but not limited to, loss of financial support, gifts, benefits, funeral and burial expenses, household services, and loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance.

20. As a further direct and proximate result of the negligence of the defendants, and each of them, as aforesaid, plaintiffs have suffered extreme emotional distress as a result of witnessing injuries to, and the deaths of, their family members.

///
///
///

## COUNT TWO

### General Negligence

21. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

22. Daniel Earl Sperl and DOES 1-10, acting within the course and scope of employment with the United States Coast Guard, negligently and unlawfully, and with conscious disregard for the rights and safety of others, operated, maintained, managed, controlled and/or drove his vehicle in such a manner that caused the deaths of Peter Wyckoff and Holly Ann Eap.

23. Plaintiffs are informed and believe that defendant United States of America, through its agents and employees, negligently supervised defendant Sperl, and permitted and/or ordered him to drive, or otherwise negligently caused him to drive, while impaired at the time of the subject accident.

24. As a direct and legal result of the negligent acts or omissions set forth above and incorporated herein by reference, plaintiffs have suffered economic and non-economic damages for the death of Peter Wyckoff and Holly Ann Eap to the extent permitted by California law, as set forth in California Code of Civil Procedure sections 377.60 et seq. and as reflected in CACI 3921, including, but not limited to, loss of financial support, gifts, benefits, funeral and burial expenses, household services, and loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance.

25. As a direct and legal result of the negligent acts or omissions set forth above and incorporated herein by reference, plaintiffs have also suffered economic and non-economic damages caused by personal observation of the injury to and death of Peter Wyckoff and Holly Ann Eap to the extent permitted by California law.

26. As a further direct and proximate result of the negligence of the defendants, and each of them, as aforesaid, plaintiffs have suffered extreme emotional distress as a result of witnessing injuries to, and the deaths of, their family members.

///

### COUNT THREE

### Loss of Consortium

27. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

28. At all times material herein, plaintiff Susan Wyckoff, was the lawful spouse of plaintiff Peter Wyckoff, and resided with him.

29. As a direct and legal result of the negligent acts or omissions set forth above and incorporated herein by reference, plaintiff Susan Wyckoff has suffered a loss of the care, comfort, support, society and companionship of plaintiff Peter Wyckoff, all to her damage in a presently unascertained amount. By reason of the premises plaintiff Susan Wyckoff has suffered anxiety, depression, and other injuries and damages presently unascertained. Plaintiff Susan Wyckoff prays leave to amend this complaint accordingly when the true extent of said damages is finally ascertained.

### V. PRAYER

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, as follows:

1. For economic damages according to proof at the time of trial, to the extent permitted by California law, as set forth in California Code of Civil Procedure sections 377.60 et seq. and as reflected in CACI 3921, including but not limited to damages for loss of financial support, gifts, benefits, funeral and burial expenses, and household services;

2. For non-economic damages according to proof at the time of trial, to the extent permitted by California law, as set forth in California Code of Civil Procedure sections 377.60 et seq. and as reflected in CACI 3921, including but not limited to damages for the loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance;

3. For economic and non-economic damages according to proof at trial, including but not limited to damages for their own physical injuries as well as emotional distress

1  damages as a result of witnessing the injuries to and deaths of their loved ones as set forth in
2  *Dillon v. Legg*, 68 Cal. 2nd 728 (1968).
3      4.    For costs of suit herein;
4      5.    For pre-judgment interest; and
5      6.    For such further relief as the Court may deem proper.

7  DATED: March 5, 2008            CHAVEZ & GERTLER LLP

By   /s/
    Joseph R. Igelmund

Attorneys for Plaintiffs SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF, by and through his Guardian ad Litem, SUSAN WYCKOFF

7
FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL