# EXHIBIT 1

CHAVEZ & GERTLER LLP
JONATHAN E. GERTLER (Bar No. 111531)
JOSEPH R. IGELMUND (Bar No. 52493)
42 Miller Avenue
Mill Valley, California 94941
Telephone: (415) 381-5599
Facsimile: (415) 381-5572

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; DANIEL EARL SPERL and DOES 1 through 10,<br><br>Defendants. | Case No. C 07 3600 JCS<br><br>**FIRST SET OF SPECIAL INTERROGATORIES BY PLAINTIFF SUSAN WYCKOFF, INDIVIDUALLY, TO DEFENDANT UNITED STATES OF AMERICA, PURSUANT TO FRCP RULE 33** |

PROPOUNDING PARTY:    Plaintiff SUSAN WYCKOFF, individually

RESPONDING PARTY:    Defendant UNITED STATES OF AMERICA

SET NUMBER:    One

1  TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that, pursuant to FRCP Rule 33, plaintiff, Susan Wyckoff, individually, requests that defendant UNITED STATES OF AMERICA answer the following interrogatories within the time permitted by law.

## DEFINITIONS

As used in these interrogatories, the following capitalized terms shall have the meanings stated:

1. The term "ACTIVITY RECORDS" means all United States Coast Guard DOCUMENTS CONCERNING Daniel Sperl (including without limitation his duties, change of duties with relevant dates, reasons for change of duties, evaluations of performance, anticipated and actual retirement dates, requests for leave, daily acts, <u>and</u> communications to, from, or about Sperl on any subject). As used herein, the term "ACTIVITY RECORDS" includes but is not limited to Daniel Sperl's "personnel file."

2. The term "CONCERNING" means referring to, relating to, regarding, connected with, commenting upon, in respect of, about, discussing, reflecting, describing, containing, analyzing, evaluating, summarizing, or constituting.

3. The term "DOCUMENT" means any and all tangible things upon which any expression, communication or representation is reflected or has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, magnetic impulse, or mechanical, phonic or electronic recording, computerized data whether on disk, hard drive or otherwise, and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that the copies were sent to different individuals than were the originals, or any other reason), including but not limited to abstracts, agreements, analyses, blueprints, books, brochures, circulars, compilations, consultants' reports or studies, contracts, databases, files, graphs, insurance policies, letters, lists, manuals, maps, notebooks, opinions, pamphlets, papers, pictures, plans, projections, press releases or clippings, publications, reports, working papers, preliminary, intermediate or final drafts, correspondence, memoranda,

charts, notes, minutes or records of any sort of meeting, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, telephone message slips, desk calendars, appointment books, computer tapes, computer disks, computer printouts, computer cards, electronically stored data, and all other writings and recordings of any kind.

  4. The term "HEALTH CARE PROVIDER" means any person (including without limitation physicians, nurses, nurse practitioners, physician's assistants, or pharmacists) licensed or certified pursuant to Division 2 (commencing with Section 500) of the California Business & Professions Code, or pursuant to the California Osteopathic Initiative Act, or pursuant to the California Chiropractic Initiative Act, or pursuant to Chapter 2.5 (commencing with Section 1440) of Division 2 of the California Health and Safety Code, or if not licensed pursuant to any of the foregoing California laws, any person authorized by the United States Coast Guard or other branch of the United States Armed Forces to examine a patient, provide medical treatment or advice, or prescribe or dispense medication; and any clinic, dispensary, or health facility, licensed pursuant to Division 2 (commencing with Section 1200) of the California Health and Safety Code, or if not licensed pursuant to the foregoing California laws, any clinic, dispensary, or health facility authorized by the United States Coast Guard or other branch of the United States Armed Forces to examine a patient, provide medical treatment or advice, or prescribe or dispense medication.

  5. The term "IDENTIFY" means as follows:

  When YOU are asked to IDENTIFY a HEALTH CARE PROVIDER, please state the person or entity's name; their present office address; their present telephone number; and the branch of military service, if any, of which the person or entity is part.

  When YOU are asked to IDENTIFY an individual who is not a HEALTH CARE PROVIDER, please state the person's name, present home and business address, and present home and business telephone number.

  When YOU are asked to IDENTIFY ACTIVITY RECORDS, please describe the

general nature of the subjects of the ACTIVITY RECORDS, and the total number of pages of DOCUMENTS comprising the ACTIVITY RECORDS. In lieu of disclosing the total number of pages of DOCUMENTS, YOU may refer to the DOCUMENTS by Bates number.

When YOU are asked to IDENTIFY MEDICAL RECORDS, please state the name of the HEALTH CARE PROVIDER, the general nature of the SERVICES provided by the HEALTH CARE PROVIDER, and the total number of pages of DOCUMENTS regarding that HEALTH CARE PROVIDER. In lieu of disclosing the total number of pages of DOCUMENTS, YOU may refer to the DOCUMENTS by Bates number.

When YOU are asked to IDENTIFY DOCUMENTS other than MEDICAL RECORDS or ACTIVITY RECORDS, please state as to each such document: the name, present home and business address, and present home and business telephone number of the person who generated the DOCUMENT, the recipient if any of the DOCUMENT; the date that the DOCUMENT was generated; and the general subject matter of the DOCUMENT. In lieu of providing the above information as to the DOCUMENTS, YOU may refer to the DOCUMENTS by Bates number.

When YOU are asked to IDENTIFY a written or recorded statement provided by a person with knowledge of a matter asserted by defendant Daniel Sperl or YOU in this case, please provide the name of the person who gave the written or recorded statement, the person's present home and business address, and present home and business telephone number, and the date of the statement.

6. The term "INCIDENT" means the December 22, 2005 motor vehicle collision that is the subject of this lawsuit.

7. The term "MEDICAL RECORDS" means all DOCUMENTS held by a HEALTH CARE PROVIDER at any time and CONCERNING Daniel Sperl, including without limitation a record of: a visit or complaint by Daniel Sperl; an oral or written communication by or to Daniel Sperl; an oral or written communication by or to another person about Daniel Sperl; an examination, evaluation, diagnosis, or treatment of Daniel

3

Sperl; ordering Daniel Sperl to act or not act in any manner; providing advice or recommendation(s) to or about Daniel Sperl; and/or prescribing medication.

8. The term "YOU" means defendant United States of America.

9. The term "YOU OR ANYONE ACTING ON YOUR BEHALF" includes YOU, YOUR agents, YOUR employees, YOUR insurance companies if any, their agents, their employees, YOUR attorneys, YOUR accountants, YOUR investigators, and anyone else acting on YOUR behalf.

## SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

Please IDENTIFY all HEALTH CARE PROVIDERS that acted in any manner as to defendant Daniel Sperl, at any time within two years preceding the INCIDENT, including without limitation on the date of the INCIDENT.

**SPECIAL INTERROGATORY NO. 2:**

Please identify all HEALTH CARE PROVIDERS that dispensed any prescription medication to defendant Daniel Sperl, at any time within two years preceding the INCIDENT, including without limitation on the date of the INCIDENT.

**SPECIAL INTERROGATORY NO. 3:**

Please IDENTIFY all MEDICAL RECORDS that were generated at any time within two years preceding the INCIDENT, including without limitation on the date of the INCIDENT.

**SPECIAL INTERROGATORY NO. 4:**

Please IDENTIFY all DOCUMENTS, whether generated before or after the INCIDENT, in which Dr. Harmon made any statement to or CONCERNING defendant Daniel Sperl. As to each such DOCUMENT, please state verbatim what was contained in the DOCUMENT.

**SPECIAL INTERROGATORY NO. 5:**

Please IDENTIFY all ACTIVITY RECORDS CONCERNING defendant Daniel Sperl that were generated at any time within two years preceding the INCIDENT, including

without limitation on the date of the INCIDENT.

**SPECIAL INTERROGATORY NO. 6:**

Has any MEDICAL RECORD or ACTIVITY RECORD, CONCERNING defendant Daniel Sperl and which was generated at any time within two years preceding the INCIDENT (including without limitation on the date of the INCIDENT) been lost or destroyed? If YOUR answer is yes, please describe each such DOCUMENT, the date of loss or destruction, and if the DOCUMENT was destroyed, the purpose of destruction.

**SPECIAL INTERROGATORY NO. 7:**

Please identify each denial of a material allegation and each affirmative defense in YOUR answer, and for each:

    (a) State all facts upon which YOU base the denial or the affirmative defense;

    (b) IDENTIFY all persons (other than those disclosed in YOUR Initial Disclosures served October 4, 2007) who have knowledge of any of those facts; and

    (c) IDENTIFY all DOCUMENTS that support YOUR denial or affirmative defense.

**SPECIAL INTERROGATORY NO. 8:**

Do YOU contend that, as of the date of the INCIDENT, United States Coast Guard physicians did not have authority under United States Coast Guard or other regulations, rules or policies to order defendant Daniel Sperl not to drive? If YOUR answer is anything other than an unqualified "no," please:

    (a) State all facts supporting YOUR contention, and

    (b) IDENTIFY all DOCUMENTS that support YOUR contention, including without limitation the specific applicable United States Coast Guard regulation(s), rule(s), or polic(ies) in effect as of the date of the INCIDENT.

**SPECIAL INTERROGATORY NO. 9:**

Do YOU contend that, as of the date of the INCIDENT, United States Coast Guard

5

physicians did <u>not</u> have authority under United States Coast Guard or other regulations, rules or policies to order defendant Daniel Sperl to travel off the Coast Guard Petaluma station to obtain medication? If YOUR answer is anything other than an unqualified "no," please:

    (a)    State all facts supporting YOUR contention, and

    (b)    IDENTIFY all DOCUMENTS that support YOUR contention, including without limitation the specific applicable United States Coast Guard regulation(s), rule(s), or polic(ies) in effect as of the date of the INCIDENT.

**SPECIAL INTERROGATORY NO. 10:**

Please IDENTIFY each written or recorded statement that YOU OR ANYONE ON YOUR BEHALF have obtained from a person with knowledge of a matter asserted by defendant Sperl or YOU in this case.

**SPECIAL INTERROGATORY NO. 11:**

Please provide the following information as to the chain of command at Coast Guard Petaluma station during the two years preceding the INCIDENT, including without limitation on the date of the INCIDENT:

    (a)    The name, rank, and current home address and telephone number of each person to whom defendant Daniel Sperl directly reported, and the dates during which Sperl directly reported to that person;

    (b)    The name, rank, and current home address and telephone number of each person to whom any person disclosed in YOUR answer to (a) directly reported, and the dates during which the person disclosed in (a) directly reported to that person;

    (c)    The name, rank, and current home address and telephone number of each person to whom any HEALTH CARE PROVIDER at the Coast Guard Petaluma station, who acted in any manner as to Sperl during the two years preceding the INCIDENT, directly reported, and the

1  dates during which the HEALTH CARE PROVIDER reported to that
2  person.

Dated: January 30, 2008                CHAVEZ & GERTLER LLP

                                       By: _____
                                            Joseph R. Igelmund

                                       Attorneys for Plaintiff
                                       SUSAN WYCKOFF, Individually

08.01.28.Wyckoff.Plfs.SPROGS 1.USA

---

7
PLAINTIFF SUSAN WYCKOFF'S FIRST SET OF SPECIAL INTERROGATORIES
TO DEFENDANT USA

Susan Wyckoff v. USA
USDC Northern District Case No. C07 3600 JCS

## PROOF OF SERVICE
(C.C.P. §1013a(3))

STATE OF CALIFORNIA )
) ss.
COUNTY OF MARIN )

I am employed in the County of Marin, State of California. I am over the age of 18 years and not a party to the within action; my business address is Chavez & Gertler LLP, 42 Miller Avenue, Mill Valley, CA 94941.

On January 30, 2008, I served the following documents:

- **FIRST SET OF SPECIAL INTERROGATORIES BY PLAINTIFF SUSAN WYCKOFF, INDIVIDUALLY, TO DEFENDANT UNITED STATES OF AMERICA, PURSUANT TO FRCP RULE 33**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed Federal Express envelope addressed to each as follows:

James Scharf
Attorney at Law
150 Almaden Boulevard, Suite 900
San Jose, CA 95113

Kristina Velarde
Cesari, Werner & Moriarty
360 Post Street. 5th Floor
San Francisco, California 94108

[X]   **BY FEDERAL EXPRESS:** The above mentioned documents were served on the interested parties in this action by depositing them in a box or other facility regularly maintained by Federal Express, or delivering it to an authorized carrier or driver authorized by Federal Express to receive documents, in an envelope or package designated by Federal Express with delivery fees paid or provided for, addressed to the person to be served at the address shown above.

Executed on January 30, 2008, at Mill Valley, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Cate L. Coelho

1

PROOF OF SERVICE

Susan Wyckoff, vs. Daniel Earl Sperl, et al.,
United States District Court Northern District Of California Case No. C07 3600 JCS

**PROOF OF SERVICE**
(C.C.P. §1013a(3))

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF MARIN        )

    I am employed in the County of Marin, State of California. I am over the age of 18 years and not a party to the within action; my business address is Chavez & Gertler LLP, 42 Miller Avenue, Mill Valley, CA 94941.

    On January 30, 2008, I served the foregoing documents:

- **FIRST SET OF SPECIAL INTERROGATORIES BY PLAINTIFF SUSAN WYCKOFF, INDIVIDUALLY, TO DEFENDANT UNITED STATES OF AMERICA, PURSUANT TO FRCP RULE 33**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to each as follows:

Andy Davis
Davis Law Offices
1900 West Garvey Ave. South;
Suite 160
West Covina, CA 91790

[X]    **BY MAIL:** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid for mail, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Mill Valley, California.

    Executed on January 30, 2008, at Mill Valley, CA.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Cate L. Coelho_
Cate L. Coelho

PROOF OF SERVICE