# EXHIBIT 2

1  CHAVEZ & GERTLER LLP
   JONATHAN E. GERTLER (Bar No. 111531)
2  JOSEPH R. IGELMUND (Bar No. 52493)
   42 Miller Avenue
3  Mill Valley, California 94941
   Telephone: (415) 381-5599
4  Facsimile: (415) 381-5572

5  Attorneys for Plaintiffs

          UNITED STATES DISTRICT COURT

          NORTHERN DISTRICT OF CALIFORNIA

SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF,

  Plaintiffs

vs.

UNITED STATES OF AMERICA; DANIEL EARL SPERL and DOES 1 through 10,

  Defendants.

Case No. C 07 3600 JCS

FIRST REQUEST BY PLAINTIFF SUSAN WYCKOFF, INDIVIDUALLY, FOR PRODUCTION OF DOCUMENTS BY DEFENDANT DANIEL EARL SPERL, PURSUANT TO FRCP RULE 34

PROPOUNDING PARTY:   Plaintiff SUSAN WYCKOFF, individually

RESPONDING PARTY:    Defendant DANIEL EARL SPERL

SET NUMBER:          One

1  TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that, pursuant to FRCP Rule 34, plaintiff, SUSAN WYCKOFF, individually, requests that defendant DANIEL EARL SPERL produce the documents described herein on March 3, 2008 at 9:00 a.m. at the Law Offices of Chavez & Gertler LLP, 42 Miller Avenue, Mill Valley, California 94941.

## DEFINITIONS

As used in these interrogatories, the following capitalized terms shall have the meanings stated:

1. The term "ACTIVITY RECORDS" means all United States Coast Guard DOCUMENTS CONCERNING YOU (including without limitation YOUR duties, change of duties with relevant dates, reasons for change of duties, evaluations of performance, anticipated and actual retirement dates, requests for leave, daily acts, and communications to, from, or about YOU on any subject). As used herein, the term "ACTIVITY RECORDS" includes but is not limited to YOUR "personnel file."

2. The term "CONCERNING" means referring to, relating to, regarding, connected with, commenting upon, in respect of, about, discussing, reflecting, describing, containing, analyzing, evaluating, summarizing, or constituting.

3. The term "DOCUMENT" means any and all tangible things upon which any expression, communication or representation is reflected or has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, magnetic impulse, or mechanical, phonic or electronic recording, computerized data whether on disk, hard drive or otherwise, and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that the copies were sent to different individuals than were the originals, or any other reason), including but not limited to abstracts, agreements, analyses, blueprints, books, brochures, circulars, compilations, consultants' reports or studies, contracts, databases, files, graphs, insurance policies, letters, lists, manuals, maps, notebooks, opinions, pamphlets,

1 papers, pictures, plans, projections, press releases or clippings, publications, reports,
2 working papers, preliminary, intermediate or final drafts, correspondence, memoranda,
3 charts, notes, minutes or records of any sort of meeting, invoices, financial statements,
4 financial calculations, diaries, reports of telephone or other oral conversations, telephone
5 message slips, desk calendars, appointment books, computer tapes, computer disks,
6 computer printouts, computer cards, electronically stored data, and all other writings and
7 recordings of any kind.

4. The term "HEALTH CARE PROVIDER" means any person (including without limitation physicians, nurses, nurse practitioners, physician's assistants, or pharmacists) licensed or certified pursuant to Division 2 (commencing with Section 500) of the California Business & Professions Code, or pursuant to the California Osteopathic Initiative Act, or pursuant to the California Chiropractic Initiative Act, or pursuant to Chapter 2.5 (commencing with Section 1440) of Division 2 of the California Health and Safety Code, or if not licensed pursuant to any of the foregoing California laws, any person authorized by the United States Coast Guard or other branch of the United States Armed Forces to examine a patient, provide medical treatment or advice, or prescribe or dispense medication; and any clinic, dispensary, or health facility, licensed pursuant to Division 2 (commencing with Section 1200) of the California Health and Safety Code, or if not licensed pursuant to the foregoing California laws, any clinic, dispensary, or health facility authorized by the United States Coast Guard or other branch of the United States Armed Forces to examine a patient, provide medical treatment or advice, or prescribe or dispense medication.

5. The term "INCIDENT" means the December 22, 2005 motor vehicle collision that is the subject of this lawsuit.

6. The term "MEDICAL RECORDS" means all DOCUMENTS held by a HEALTH CARE PROVIDER at any time and CONCERNING YOU, including without limitation a record of: a visit or complaint by YOU; an oral or written communication by or

1  to YOU; an oral or written communication by or to another person about YOU; an
2  examination, evaluation, diagnosis, or treatment of YOU; ordering YOU to act or not act in
3  any manner; providing advice or recommendation(s) to or about YOU; and/or prescribing
4  medication.
5      7.    The term "YOU" means defendant Daniel Earl Sperl.
6      8.    The term "YOU OR ANYONE ACTING ON YOUR BEHALF" includes
7  YOU, YOUR agents, YOUR employees, YOUR insurance companies if any, their agents,
8  their employees, YOUR attorneys, YOUR accountants, YOUR investigators, and anyone
9  else acting on YOUR behalf.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All DOCUMENTS that disclose the name of any HEALTH CARE PROVIDER that acted in any manner as to YOU, at any time within two years preceding the INCIDENT, including without limitation on the date of the INCIDENT.

**REQUEST NO. 2:**

All DOCUMENTS that disclose the name of any HEALTH CARE PROVIDER that dispensed any prescription medication to YOU, at any time within two years preceding the INCIDENT, including without limitation on the date of the INCIDENT.

**REQUEST NO. 3:**

All MEDICAL RECORDS that were generated at any time during the two years preceding the INCIDENT, including without limitation on the date of the INCIDENT.

**REQUEST NO. 4:**

All ACTIVITY RECORDS that were generated at any time during the two years preceding the INCIDENT, including without limitation on the date of the INCIDENT.

**REQUEST NO. 5:**

All DOCUMENTS CONCERNING whether, as of the date of the INCIDENT, United States Coast Guard physicians had authority under United States Coast Guard or other regulation(s), rule(s), or polic(ies)) to order YOU not to drive, including without

1 limitation a copy of the specific applicable regulation(s), rule(s), or polic(ies).

2 **REQUEST NO. 6:**

3 All DOCUMENTS CONCERNING whether, as of the date of the INCIDENT, United States Coast Guard physicians had authority under United States Coast Guard or other regulation(s), rule(s), or polic(ies)) to order YOU to travel off the Coast Guard Petaluma station to obtain medication, including without limitation a copy of the specific applicable regulation(s), rule(s), or polic(ies).

8 **REQUEST NO. 7:**

9 All DOCUMENTS that support a denial or affirmative defense by YOU in YOUR answer to the complaint in this action.

11 **REQUEST NO. 8:**

12 All DOCUMENTS that identify a person (other than those persons disclosed in YOUR Initial Disclosures served October 4, 2007) who has knowledge of any fact that supports a denial or affirmative defense by YOU in YOUR answer to the complaint in this action.

16 **REQUEST NO. 9:**

17 All written or recorded statements that YOU OR ANYONE ON YOUR BEHALF have obtained from a person with knowledge of any matter asserted by YOU or YOU in this case.

Dated: January 30, 2008

CHAVEZ & GERTLER LLP

By: _____
Joseph R. Igelmund

Attorneys for Plaintiff
SUSAN WYCKOFF, Individually

08.01.28.Wyckoff.Plfs.RPD 2.USA

Susan Wyckoff v. USA
USDC Northern District Case No. C07 3600 JCS

## PROOF OF SERVICE
(C.C.P. §1013a(3))

STATE OF CALIFORNIA )
                     ) ss.
COUNTY OF MARIN      )

I am employed in the County of Marin, State of California. I am over the age of 18 years and not a party to the within action; my business address is Chavez & Gertler LLP, 42 Miller Avenue, Mill Valley, CA 94941.

On January 30, 2008, I served the following documents:

- **FIRST REQUEST BY PLAINTIFF SUSAN WYCKOFF, INDIVIDUALLY, FOR PRODUCTION OF DOCUMENTS BY DEFENDANT DANIEL EARL SPERL, PURSUANT TO FRCP RULE 34**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed Federal Express envelope addressed to each as follows:

James Scharf
Attorney at Law
150 Almaden Boulevard, Suite 900
San Jose, CA 95113

Kristina Velarde
Cesari, Werner & Moriarty
360 Post Street. 5th Floor
San Francisco, California 94108

[X] **BY FEDERAL EXPRESS:** The above mentioned documents were served on the interested parties in this action by depositing them in a box or other facility regularly maintained by Federal Express, or delivering it to an authorized carrier or driver authorized by Federal Express to receive documents, in an envelope or package designated by Federal Express with delivery fees paid or provided for, addressed to the person to be served at the address shown above.

Executed on January 30, 2008, at Mill Valley, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Cate Coelho*
Cate L. Coelho

1

PROOF OF SERVICE

Susan Wyckoff, vs. Daniel Earl Sperl, et al.,
United States District Court Northern District Of California Case No. C07 3600 JCS

**PROOF OF SERVICE**
(C.C.P. §1013a(3))

STATE OF CALIFORNIA )
) ss.
COUNTY OF MARIN )

I am employed in the County of Marin, State of California. I am over the age of 18 years and not a party to the within action; my business address is Chavez & Gertler LLP, 42 Miller Avenue, Mill Valley, CA 94941.

On January 30, 2008, I served the foregoing documents:

- **FIRST REQUEST BY PLAINTIFF SUSAN WYCKOFF, INDIVIDUALLY, FOR PRODUCTION OF DOCUMENTS BY DEFENDANT DANIEL EARL SPERL, PURSUANT TO FRCP RULE 34**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to each as follows:

Andy Davis
Davis Law Offices
1900 West Garvey Ave. South;
Suite 160
West Covina, CA 91790

[X] **BY MAIL:** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid for mail, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Mill Valley, California.

Executed on January 30, 2008, at Mill Valley, CA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Cate L. Coelho