# EXHIBIT 4

# Joe Igelmund

**From:** Kristina L. Velarde [KristinaV@cwmlaw.com]
**Sent:** Friday, February 15, 2008 11:59 AM
**To:** Joe Igelmund
**Cc:** Jonathan Gertler
**Subject:** RE: Wyckoff/Eap v USA - Sperl Document Production

Joe-

I applogize for any delay in responding to your correspondence - I have been involved in back to back trials. I would be happy to speak with you (or Jonathon, if he is involved) on Tuesday morning (I have an Arbitraiton that afternoon).

The parties stipulated on our last phone conference that Scharf would finish his deposition of Sperl on Wed. the 27th, and you would conduct yours on the next day, on the 28th. We have agreed to produce Sperl 2 days in a row so as to avoid a third visit to Nevada. (If you do not agree with this, please let me know right away.)

I will specify which document requests I object to for clarification purposes; but a summary would be "any that include medical or employment records not produced to date, that extend beyond the three months prior to the accident."

I think that to date the main conflict has been the **scope** and definition of subject matter wihtin the documents to be produced, and that has invovled fairly in depth coversations. Now that we have agreed that **all** medical and employment records can be produced, the only remaining issue is the *time frame*. I was hopeful that you and I could discuss this rather easily. (I was hoping for today, but Tuesday morning will be fine - or I will be happy to take a call with you Monday, I believe you have my cell number.)

If we do not reach an agreement, the only remaining issue for the court to determine will be the scope of time the new produciton will cover.

I look forward to speaking with you at your earliest convenience.

-Kristina

---

**From:** Joe Igelmund [mailto:jri@chavezgertler.com]
**Sent:** Friday, February 15, 2008 11:46 AM
**To:** Kristina L. Velarde
**Cc:** Jonathan Gertler
**Subject:** Wyckoff/Eap v USA - Sperl Document Production

Kristina –

On January 22, 2008, we emailed you our meet and confer letter regarding Mr. Sperl's refusal to produce responsive documents. Notwithstanding our request for a prompt reply, you failed to answer until today, over three weeks later. Moreover, you demand that we conduct a telephone meet and confer today so that you may file with the Court on Tuesday, one court day later.

I am not available to prepare for, and meet and confer today. Also, while plaintiffs would like to resolve this dispute as soon as possible, we do not understand why you must file Tuesday. You state that you must resolve this issue now because Mr. Sperl's deposition resumes

February 27. However, my understanding of the stipulation between the parties is that Mr. Sperl is making himself available February 27 only for Mr. Scharf to complete his examination, and plaintiffs will have to wait until a later date, presently unspecified, to resume their examination. (If you disagree with this understanding of the stipulation, please advise me in writing immediately.)

As plaintiffs cannot examine Mr. Sperl February 27, they do not require his documents by that date. Further, you have been served with document requests and special interrogatories that involve the same issues as the present meet and confer, and whose responses are due at the beginning of March. If you object to any of the document requests and interrogatories on similar grounds, we ask that you identify them now so that they may be included in the meet and confer and letter filings with Judge Illston. This will avoid asking the Court to visit the same issues twice.

I am available to meet and confer by telephone anytime on Tuesday, Wednesday, or Thursday next week. Please let me know which is convenient for you. We look forward to resolving these matters so that discovery may proceed.


Joseph R. Igelmund
Chavez & Gertler LLP
42 Miller Ave.
Mill Valley, Ca  94941
(415) 381-5599
joe@chavezgertler.com
www.chavezgertler.com

NOTICE: This email message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections. This message is solely for the use of its intended recipients. Any unauthorized use or disclosure of this message is strictly and expressly prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately.

3/7/2008