CHAVEZ & GERTLER LLP
JONATHAN E. GERTLER (Bar No. 111531)
JOSEPH R. IGELMUND (Bar No. 52493)
42 Miller Avenue
Mill Valley, California 94941
Telephone: (415) 381-5599
Facsimile: (415) 381-5572

Attorneys for Plaintiffs
SUSAN WYCKOFF and ALEXANDER WYCKOFF

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF,<br><br>Plaintiffs<br><br>vs.<br><br>UNITED STATES OF AMERICA; DANIEL EARL SPERL and DOES 1 through 10,<br><br>Defendants. | Case No. C-07-3600 SI<br><br>**NOTICE OF ENTRY OF ORDER RE: DISCOVERY** |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE of that Order re: Discovery entered March 26, 2008 by the

3  United States District Court, Northern District of California, the Honorable Susan Illston

4  presiding, a true copy of which is attached hereto as Exhibit 1.

6  Dated: March 27, 2008                      CHAVEZ & GERTLER LLP

8                                               By _____
                                                   Joseph R. Igelmund

Attorneys for Plaintiffs SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF, by and through his Guardian ad Litem, SUSAN WYCKOFF

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLIE EAP,

        Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

No. C 07-2301 SI
Related Case: C 07-3600 SI

**ORDER RE: DISCOVERY**

    The parties have submitted a discovery dispute to the Court for resolution.[1] Plaintiffs Eap and Wyckoff seek defendant Daniel Sperl's medical and employment records for the two year period preceding the accident, while defendant Sperl seeks a protective order limiting those documents to those drafted/originating within six months prior to the accident, and covering relevant subject matter as determined by Sperl's counsel. Plaintiffs assert that a protective order is unnecessary because they have agreed to execute a confidentiality agreement limiting disclosure of the documents to plaintiffs' counsel and retained experts.

    The Court agrees with plaintiffs that Sperl's employment and medical records are relevant to whether Sperl was acting in the course of his employment at the time of the accident, whether the United States of America negligently supervised Sperl, and whether the accident was as a result of any of Sperl's medical conditions and/or medications. The Court finds that the two year time period sought by plaintiffs is reasonable, and that a confidentiality agreement will sufficiently protect Sperl's privacy.

---

[1] Defendant's motion for a protective order is Docket No. 31 in 07-2301, and plaintiffs' opposition to that motion is Docket No. 35 in 07-3600 SI. If documents are relevant to both cases, the parties are directed to file the documents in both cases.

Furthermore, in the event any party wishes to file Sperl's employment or medical records with the Court in connection with a future motion, they shall file those records under seal. Accordingly, the Court DENIES defendant's motion for a protective order.

**IT IS SO ORDERED.**

Dated: March 26, 2008

SUSAN ILLSTON
United States District Judge