JOSEPH P. RUSSONIELLO (California Bar No. 44332)
United States Attorney
JOANN M. SWANSON (California Bar No. 88143)
Chief, Civil Division
JAMES A. SCHARF (California Bar No. 152171)
Assistant United States Attorney

   150 Almaden Blvd, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5044
   Facsimile: (408) 535-5081
   Email: james.scharf@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF, <br><br>                Plaintiffs, <br><br>CHARLIE EAP, heir at law of decedent, Holly Annie Eap, <br><br>                Plaintiff, <br><br>              v. <br><br>UNITED STATES OF AMERICA and DANIEL EARL SPERL, <br><br>                Defendants. | Case No. C 07-2301 SI <br><br> Case No. C 07-3600 SI <br><br> DEFENDANT USA'S AMENDED ANSWER TO WYCKOFF PLAINTIFFS' FIRST AMENDED COMPLAINT |

On behalf of itself and no other, and with the permission of the Wyckoff plaintiffs, defendant United States of America hereby amends its answer to the first amended complaint of plaintiffs Susan Wyckoff, individually, and as Administratrix of the Estate of Peter Wyckoff, and Alexander Wyckoff by and through his Guardian ad Litem, Susan Wyckoff.

U.S.A's Amended Answer to Wyckoff's First Amended Compl.
Case No. C 07-3600 SI      -1-

## I. JURISDICTION

1. Paragraph 1 consists of legal conclusions relating to jurisdiction and requires no response. To the extent a response is required, the United States denies the allegations of paragraph 1.

2. Paragraph 2 consists of legal conclusions relating to jurisdiction and requires no response. To the extent a response is required, the United States denies the allegations of paragraph 2.

## II. EXHAUSTION OF REMEDIES

3. Paragraph 3 consists of legal conclusions that require no response. To the extent a response is required, the United States avers that the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2674 *et seq.* governs the conditions precedent to filing a civil lawsuit against the United States. The Federal Tort Claims Act is a legal document that speaks for itself, and the United States denies all allegations inconsistent therewith. The United States denies all allegations of paragraph 3 inconsistent with the response herein.

## III. PARTIES

4. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and on that basis denies them. The United States denies all remaining allegations of paragraph 4.

5. The United States denies all allegations of paragraph 5.

## IV. FACTS

6. The United States admits that on December 22, 2005 Peter Wyckoff was driving southbound on State Road 121 in Sonoma County with Susan Wyckoff, Alexander Wyckoff, and Holly Annie Eap in Peter Wyckoff's vehicle. The United States denies all remaining allegations of paragraph 6.

7. The United States admits that on December 22, 2005 Sperl was driving northbound on

State Road 121.  The United States denies all remaining allegations of paragraph 7.

8.  The United States admits that defendant Daniel Sperl's vehicle collided with the vehicle of Peter Wyckoff on December 22, 2005.  The United States denies all remaining allegations of paragraph 8.

9.  The United States admits that Holly Annie Eap and Peter Wyckoff suffered fatal injuries as a result of the December 22, 2005 collision.  The United States denies all remaining allegations of paragraph 9.

10.  The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the amount of expenses incurred by plaintiffs, and on that basis denies them.  The United States denies all remaining allegations of paragraph 10.

11.  The United States denies the allegations of paragraph 11.

12.  The United States denies the allegations of paragraph 12.

## COUNT ONE

Negligence Per Se

13.  The United States reaffirms and incorporates its responses to paragraphs 1 through 12 as though fully set forth herein.

14.  The United States denies the allegations of paragraph 14.

15.  The United States denies the allegations of paragraph 15.

16.  Paragraph 16 consists of legal conclusions that require no response.  To the extent a response is required, the United States denies the allegations of paragraph 16.

17.  Paragraph 17 consists of legal conclusions that require no response.  To the extent a response is required, the United States denies the allegations of paragraph 17.

18.  Paragraph 18 consists of legal conclusions that require no response.  To the extent a response is required, the United States denies the allegations of paragraph 18.

19.  The United States denies the allegations of paragraph 19.

20. The United States denies the allegations of paragraph 20.

## COUNT TWO

General Negligence

21. The United States reaffirms and incorporates its responses to paragraphs 1 through 20 as though fully set forth herein.

22. The United States denies the allegations of paragraph 22.

23. The United States denies the allegations of paragraph 23.

24. The United States denies the allegations of paragraph 24.

25. The United States denies the allegations of paragraph 25.

26. The United States denies the allegations of paragraph 26.

## COUNT THREE

### Loss of Consortium

27. The United States reaffirms and incorporates its responses to paragraphs 1 through 26 as though fully set forth herein.

28. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them. The United States denies all remaining allegations of paragraph 28.

29. The United States denies the allegations of paragraph 29.

## V.  PRAYER

1. The United States denies that plaintiffs are entitled to any relief against it in this action.

2. The United States denies that plaintiffs are entitled to any relief against it in this action.

3. The United States denies that plaintiffs are entitled to any relief against it in this action.

4. The United States denies that plaintiffs are entitled to any relief against it in this action.

5. The United States denies that plaintiffs are entitled to any relief against it in this action.

6. The United States denies that plaintiffs are entitled to any relief against it in this action.

## AFFIRMATIVE DEFENSES

**FIRST DEFENSE**

(Failure to State Claim)

The complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

(Lack of Subject Matter Jurisdiction)

This Court lacks subject matter jurisdiction over some or all of plaintiffs' claims.

**THIRD DEFENSE**

(Sovereign Immunity)

Some or all of plaintiffs' claims are barred by the doctrine of sovereign immunity.

**FOURTH DEFENSE**

(Comparative Negligence)

Plaintiffs' recovery, if any, must be limited by the extent to which they contributed to, caused, and/or induced the damages or injuries of which plaintiffs complain.

**FIFTH DEFENSE**

(No Causation)

Plaintiffs' claims and recovery are limited and/or barred because the injuries of which they complain were not caused by the United States.

**SIXTH DEFENSE**

(Intervening or Superceding Acts)

Plaintiffs' alleged injuries, if any, were proximately caused by the intervening or superceding acts of someone other than the United States.

**SEVENTH DEFENSE**

(No Damages)

Plaintiffs' claims are barred, in whole or in part, because they have not established, and cannot establish, damages proximately caused by the United States.

**EIGHTH DEFENSE**

(Limitation of Damages)

Plaintiffs' recovery, if any, is limited by the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2674 *et seq.*

**NINTH DEFENSE**

(Failure to Mitigate Damages)

Plaintiffs' recovery, if any, is limited and/or barred to the extent they failed to mitigate their damages.

**TENTH DEFENSE**

(Statute of Limitations)

Each of plaintiffs' claims is barred by the applicable statute(s) of limitation.

**ELEVENTH DEFENSE**

(Privilege or Justification)

Any actions and/or omissions attributable to the United States were at all times privileged or justified.

**TWELFTH DEFENSE**

(Waiver)

Each of plaintiffs' claims is barred to the extent they waived their right to recover.

**THIRTEENTH DEFENSE**

(Estoppel)

Plaintiffs are equitably estopped from asserting claims against the United States to the extent they contributed to, caused, and/or induced the injuries for which plaintiffs complain.

**FOURTEENTH DEFENSE**

(Unclean Hands/Equity)

Plaintiffs' claims are barred, in whole or in part, to the extent it would be inequitable to allow damages or other relief because of unclean hands or other equitable reasons.

**FIFTEENTH DEFENSE**

(Laches)

Plaintiffs' claims are barred to the extent they unreasonably delayed.

**SIXTEENTH DEFENSE**

(Set-Off)

The United States is entitled to a set-off against any award of damages to plaintiffs in this action of any outstanding debt or obligation of plaintiffs to the United States Coast Guard or any federal agency, and of any worker's compensation, unemployment, and/or disability benefits, of any benefits under the benefit plans of the United States Coast Guard or others, and of any benefits from any federal agency or federally-funded agency that plaintiffs receive or have received for injuries or damages alleged in the complaint.

**SEVENTEENTH DEFENSE**

(Costs and Attorneys' Fees)

The United States is entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action to the extent plaintiffs knew or should have known their claims are without reasonable basis in law and equity and cannot be supported by a good faith argument for the extension, modification, or reversal of existing law.

**EIGHTEENTH DEFENSE**

(Amendment of Answer)

The United States reserves the right to amend this answer to assert any other defenses in law or equity that may become apparent through the course of discovery.

**WHEREFORE**, the United States prays as follows:

1. That plaintiffs take nothing by way of their first amended complaint, and that the first amended complaint and complaint for damages be dismissed with prejudice;

2. For costs of suit and reasonable attorneys' fees incurred herein; and

3. For such other relief this Court deems proper.

DATED: April 23, 2008              Respectfully submitted,

                                   JOSEPH P. RUSSONIELLO,
                                   United States Attorney


                                   _____/S/_____
                                   JAMES A. SCHARF
                                   Assistant United States Attorney

U.S.A's Amended Answer to Wyckoff's First Amended Compl.
Case No. C 07-3600 SI                    -8-