1  JOSEPH P. RUSSONIELLO (California Bar No. 44332)
   United States Attorney
2  JOANN M. SWANSON (California Bar No. 88143)
   Chief, Civil Division
3  JAMES A. SCHARF (California Bar No. 152171)
   Assistant United States Attorney
4
     150 Almaden Blvd, Suite 900
5    San Jose, California 95113
     Telephone: (408) 535-5044
6    Facsimile: (408) 535-5081
     Email: james.scharf@usdoj.gov
7
   Attorneys for Defendant
8  UNITED STATES OF AMERICA

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12 | CHARLIE EAP, heir at law of decedent, ) | Case No. C 07-2301 SI
   | Holly Annie Eap,                       )
13 |                                        ) | Case No. C 07-3600 SI
   |                 Plaintiff,             )
14 |                                        ) | DEFENDANT USA'S ANSWER TO EAP
   | SUSAN WYCKOFF, individually, and as   ) | PLAINTIFF'S FIRST AMENDED
15 | Administratrix of the Estate of PETER  ) | COMPLAINT
   | WYCKOFF; ALEXANDER WYCKOFF             )
16 | by and through his Guardian ad Litem,  )
   | SUSAN WYCKOFF,                         )
17 |                                        )
   |                 Plaintiffs,            )
18 |        v.                              )
   |                                        )
19 | UNITED STATES OF AMERICA and           )
   | DANIEL EARL SPERL,                     )
20 |                                        )
   |                 Defendants.            )
21 |                                        )
22 |_____)

        On behalf of itself and no other, defendant United States of America answers the first
23
   amended complaint of plaintiff Charlie Eap, heir at law of decedent Holly Annie Eap.
24
                                **I.  JURISDICTION**
25
        1.     Paragraph 1 consists of legal conclusions relating to jurisdiction and requires no
26
   response.  To the extent a response is required, the United States denies the allegations of
27
   paragraph 1.
28

U.S.A.'s Answer to Eap's First Amended Compl.
Case No. C 07-2301 SI                              -1-

2. Paragraph 2 consists of legal conclusions relating to jurisdiction and requires no response. To the extent a response is required, the United States denies the allegations of paragraph 2.

**COUNT ONE**

3. The United States admits the allegations of paragraph 3.

4. The United States admits that defendant Daniel Sperl's vehicle collided with the vehicle of Peter Wyckoff on December 22, 2005. The United States denies all remaining allegations of paragraph 4.

5. The United States denies the allegations of paragraph 5.

6. The United States admits that Holly Annie Eap suffered fatal injuries as a result of the December 22, 2005 collision. The United States denies all remaining allegations of paragraph 6.

7. The United States denies the allegations of paragraph 7.

8. The United States denies the allegations of the first sentence of paragraph 8. The allegations contained in the second sentence of paragraph 8 consist of legal conclusions that require no response. To the extent a response is required, the United States avers that the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2674 *et seq.* governs the time of denial of claims filed under that Act. The Federal Tort Claims Act is a legal document that speaks for itself, and the United States denies all allegations inconsistent therewith. The United States denies all allegations of paragraph 8 inconsistent with the response herein.

**COUNT TWO**

9. The United States reaffirms and incorporates its responses to paragraphs 1 through 8 as though fully set forth herein.

10. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the amount of expenses incurred by plaintiff, and on that basis denies them. The United States denies all remaining allegations of paragraph 10.

11. The United States denies the allegations of paragraph 11.

**II. PRAYER**

1. The United States denies that plaintiff is entitled to any relief against it in this action.

2. The United States denies that plaintiff is entitled to any relief against it in this action.

3. The United States denies that plaintiff is entitled to any relief against it in this action.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

(Failure to State Claim)

The complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

(Lack of Subject Matter Jurisdiction)

This Court lacks subject matter jurisdiction over some or all of plaintiff's claims.

**THIRD DEFENSE**

(Sovereign Immunity)

Some or all of plaintiff's claims are barred by the doctrine of sovereign immunity.

**FOURTH DEFENSE**

(Comparative Negligence)

Plaintiff's recovery, if any, must be limited by the extent to which he and/or Holly Annie Eap contributed to, caused, and /or induced the damages or injuries of which plaintiff complains, including but not limited to the decedent's failure to properly wear a seatbelt.

**FIFTH DEFENSE**

(No Causation)

Plaintiff's claims and recovery are limited and/or barred because the injuries of which he complains were not caused by the United States.

**SIXTH DEFENSE**

(Intervening or Superceding Acts)

Plaintiff's alleged injuries, if any, were proximately caused by the intervening or superceding acts of someone other than the United States.

**SEVENTH DEFENSE**

(No Damages)

Plaintiff's claims are barred, in whole or in part, because plaintiff has not established, and cannot establish, damages proximately caused by the United States.

**EIGHTH DEFENSE**

(Limitation of Damages)

Plaintiff's recovery, if any, is limited by the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2674 *et seq.*

**NINTH DEFENSE**

(Failure to Mitigate Damages)

Plaintiff's recovery, if any, is limited and/or barred to the extent he failed to mitigate his damages.

**TENTH DEFENSE**

(Statute of Limitations)

Each of plaintiff's claims is barred by the applicable statute(s) of limitation.

**ELEVENTH DEFENSE**

(Privilege or Justification)

Any actions and/or omissions attributable to the United States were at all times privileged or justified.

**TWELFTH DEFENSE**

(Waiver)

Each of plaintiff's claims is barred to the extent he waived his right to recover.

**THIRTEENTH DEFENSE**

(Estoppel)

Plaintiff is equitably estopped from asserting claims against the United States to the extent he and/or Holly Annie Eap contributed to, caused, and/or induced the injuries for which plaintiff complains.

**FOURTEENTH DEFENSE**

(Unclean Hands/Equity)

Plaintiff's claims are barred, in whole or in part, to the extent it would be inequitable to allow damages or other relief because of unclean hands or other equitable reasons.

**FIFTEENTH DEFENSE**

(Laches)

Plaintiff's claims are barred to the extent he unreasonably delayed.

**SIXTEENTH DEFENSE**

(Set-Off)

The United States is entitled to a set-off against any award of damages to plaintiff in this action of any outstanding debt or obligation of plaintiff to the United States Coast Guard or any federal agency, and of any worker's compensation, unemployment, and/or disability benefits, of any benefits under the benefit plans of the United States Coast Guard or others, and of any benefits from any federal agency or federally-funded agency that plaintiff receives or has received for injuries or damages alleged in the complaint.

**SEVENTEENTH DEFENSE**

(Costs and Attorneys' Fees)

The United States is entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action to the extent plaintiff knew or should have known his claims are without reasonable basis in law and equity and cannot be supported by a good faith argument for the extension, modification, or reversal of existing law.

**EIGHTEENTH DEFENSE**

(Amendment of Answer)

The United States reserves the right to amend this answer to assert any other defenses in law or equity that may become apparent through the course of discovery.

**WHEREFORE**, the United States prays as follows:

1. That plaintiff take nothing by way of his first amended complaint, and that the first amended complaint and complaint for damages be dismissed with prejudice;

2. For costs of suit and reasonable attorneys' fees incurred herein; and

3. For such other relief this Court deems proper.

DATED: April 23, 2008                                  Respectfully submitted,

                                                                JOSEPH P. RUSSONIELLO
                                                                 United States Attorney

                                                                       /s/

                                                                JAMES A. SCHARF
                                                                Assistant United States Attorney