

**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

| | |
|---|---|
| *150 Almaden Blvd., Suite 900*<br>*San Jose, California 95113* | *(408) 535-5044*<br>*FAX:(408) 535-5081* |

April 25, 2008

Hon. Susan Illston
US District Court
Norther District of California
450 Golden Gate Ave
San Francisco, CA 94104

        Re:    Eap/Wyckoff v. USA/Sperl
               Case Nos. C 07-2301 SI and C 07-3600 SI
               Defendant USA's Motion to Permit Deposition Discovery Or In The
               Alternative Request for Further CMC on May 9, 2008

## INTRODUCTION

Defendant USA submits this motion because a deposition scheduling dispute has arisen which threatens to disturb the existing case management schedule, including the August 22, 2008 due date for defendant's motion to dismiss or in the alternative motion for summary judgment ("dispositive motion") and the mediation with Judge Infante scheduled for September 18, 2008. Specifically, counsel for Wyckoff refuses to go forward at this time with sixteen depositions noticed by defendant USA, scheduled to occur between April 23, 2008, and June 25, 2008, which defendant USA needs to complete by the end of July at the latest in order to file its dispositive motion by August 22, 2008, pursuant to this Court's March 13, 2008 Order. Despite a lengthy telephonic meet and confer session held on April 21, 2008, and numerous subsequent e-mail exchanges, the parties have not been able to amicably resolve this dispute. While it is defendant USA's preference to resolve this issue in the context of an early Further CMC, counsel for the Wyckoff plaintiffs have refused to stipulate to move the June 6, 2008 Further CMC to May 9, 2008, leaving defendant USA little choice but to proceed by this motion.

## BACKGROUND

This case arises out of a fatal automobile accident, which occurred on December 22, 2005. The key issues are whether co-defendant Sperl was within the course and scope of his federal employment when the accident occurred, and whether defendant USA negligently supervised him by permitting him to drive. Defendant USA disputes liability and intends to file a dispositive motion.

On March 26, 2008, this Court denied defendant Sperl's motion for a protective order, thus allowing plaintiffs to obtain from defendant USA Sperl's government medical and employment records for the two year period preceding the accident. Defendant USA promptly produced those records on April 14, 2008. Defendant Sperl is working on obtaining all of Sperl's non-government medical records via an authorization signed by Sperl, and it is anticipated that those records will be obtained and produced within a few weeks, and certainly before June 4, 2008, which is the date on which defendant USA would like to resume its deposition discovery.

In full compliance with this Court's Minute Order following the initial Case Management Conference, defendant USA served a list of nine government witnesses whose testimony defendant USA intended to rely upon in support of its anticipated dispositive motion. Counsel for defendant USA repeatedly invited the other parties to indicate which of these witnesses they would like to depose, so that defendant USA could proceed to schedule their depositions in a timely manner. With the exception of a single witness (Ed Chacon),[1] the other parties have not taken a single step to depose the government declarants.

On April 11, 2008, defendant USA noticed the deposition of sixteen witnesses whose testimony defendant USA wanted to obtain to support its liability contentions.[2] Exhibit A. The depositions were scheduled to take place in the San Francisco Office of the United States Attorney on nine separate days between April 23, 2008, and June 25, 2008. *All of these dates were pre-approved by all counsel in accordance with the Local Rules and fifteen of the sixteen witnesses confirmed that they would appear on the noticed date.*

In an e-mail accompanying this Notice of Depositions, defendant USA explained the reasons why it noticed these depositions rather than wait for plaintiffs to do so:

"1. No one provided me with their list of intended depositions by the agreed upon due date, despite my repeated requests.

2. The government requires this testimony for its dispositive motion, which is due August 22. As it will be necessary to obtain transcripts and review them prior to that date, it is our goal to complete all of the needed depositions by the end of July. Serving our own Notice of Depositions is the best way I know to ensure that the depositions will

---

[1]Chacon is the administrator of the Petaluma Clinic. His deposition was initially noticed by Eap and then by defendant USA. The deposition was scheduled for April 23, 2008. In response to Wyckoff's objection, defendant USA agreed to reschedule (not withdraw) the depositions of all witnesses scheduled to occur between April 23, 2008, and May 28, 2008, including the deposition of Chacon. Counsel for defendant Eap has also expressed an interest in deposing two other witnesses (Sperl's second level supervisor, Naulty, and the investigating police officer, Fraklin). Counsel for the Wyckoff plaintiffs have yet to indicate which witnesses he would like to depose.

[2]The list included seven government declarants, two additional government witnesses, and five non-government witnesses. The common factual thread is that the government believes that all of these witnesses will in various ways refute various statements made by Sperl during his deposition.

be completed in a timely fashion.

3. Opposing counsel is probably unaware of the specific facts many of these witnesses will testify to. Thus, it will be more efficient for me or [AUSA Neil Tseng] to conduct a brief examination of these witnesses, to elicit this testimony, which will then allow opposing counsel to conduct a more efficient cross-examination.

4. It will be easier for the Court to understand this testimony if it unfolds as a direct and cross examination, particularly if the parties agree to stipulate to the admissibility of the deposition transcripts at trial in lieu of live testimony, which I am sure the Court will encourage us to do, particularly as to the minor witnesses whose credibility is not at issue." Exhibit B.

Notwithstanding the fact that the government noticed these depositions, the government advised the parties that it was "still willing to discuss with you and resolve to the satisfaction of all concerned any concerns you have about the dates of the depositions or the order of the questioning." To this end, the government proposed a telephone conference to occur on April 21, 2008, "to further discuss these issues and to confirm our proposed deposition schedule." Exhibit B.

On April 16, 2008, Joe Igelmund, counsel for the Wyckoff plaintiffs, requested "a stay of deposition discovery through June 4, 2008, in light of kidney surgery that is being scheduled for me in the next two weeks." Exhibit C. Counsel for defendant USA responded on April 18, 2008, that "we are willing to discuss a stipulation during our Monday telephone conference to continue the depositions that are on calendar between April 23, 2008, and May 28, 2008." (No depositions were scheduled between May 29, 2008, and June 3, 2008). Exhibit D.

The telephone conference went forward on April 21, 2008. It lasted 90 minutes. Unfortunately, the Wyckoff plaintiffs' lead attorney, Jonathan Gertler, was not able to participate. At the beginning of the telephone conference, Mr. Igelmund, who is apparently responsible for the day-to-day prosecution of the case, announced to all that his health issue was no longer the primary reason for his request for a stay of deposition discovery; that he was now requesting a stay of all deposition discovery, including the depositions scheduled between June 4, 2008, and June 25, 2008; and that he was unwilling to discuss new dates for any of these depositions until he was satisfied that he has received all discoverable records (or words to that effect). Mr. Igelmund proposed the concept that the date by which defendant's dispositive motion is due would be extended by the amount of time deposition discovery is delayed. However, he would not agree to the date deposition discovery can begin. It was agreed that the parties would jointly request the Court to move up the June 6, 2008, Further Case Management Conference, as it appeared likely that the Court's assistance would be required in order to resolve this scheduling dispute. It was further agreed to schedule another telephone conference for April 30, 2008.

With the consent of all of the parties, counsel for defendant USA contacted the Court's Clerk, and was told that the Further CMC could be moved to May 9, 2008, at 2:30 p.m. Counsel for defendant USA promptly circulated a short Stipulation and Proposed Order to that effect. Counsel for defendant USA, plaintiff Eap and defendant Sperl were all willing to sign that

stipulation and participate in an earlier Further CMC on May 9, 2008, in order to amicably resolve this dispute without resort to motion practice. On April 24, 2008, counsel for the Wyckoff plaintiffs proposed that all depositions not start until July 15, 2008 and to move back defendant's anticipated dispositive motion accordingly. Accordingly, the Wyckoff plaintiffs did not see "any need for a CMC on May 9." Exhibit E.

## DEFENDANT USA'S PROPOSAL

Defendant USA has proposed and continues to propose that the Court issue an Order: (1) permitting defendant's deposition discovery to resume on June 4, 2008, on the previously noticed dates; (2) permitting defendant to reschedule the nine continued depositions for mutually convenient dates in July; (3) directing all parties to complete all depositions needed to prepare for defendant's dispositive motion by July 31, 2008; and (3) directing all parties to comply with this Court's prior Order dated March 13, 2008, including the date by which defendant's dispositive motion must be filed and the time frame for the mediation.

## WYCKOFF PLAINTIFFS' PROPOSAL

In a an e-mail dated April 24, 2008, Exhibit E, Mr. Igelmund proposed that depositions begin July 15, 2008 and that the hearing on defendant's motion be postponed to November 10. Indeed, Mr. Igelmund does not even commit to begin depositions on July 15, 2008, for he also proposes that "one of the purposes of the CMC [currently set for June 6] will be for the Court to determine whether there is any reason to further continue the July depositions . . . ." Moreover, he remains unwilling to recognize the priority of the government's previously noticed depositions, for he further proposes that "[p]laintiffs and defendants will meet and confer shortly before June 5 re identity and order of depositions starting in July."

## DISCUSSION OF THE PARTIES' COMPETING PROPOSALS

The Wyckoff plaintiffs' proposal is neither fair nor feasible for numerous reasons. Defendant needs to take the depositions of sixteen witnesses. Plaintiff Eap has indicated an interest in deposing two additional depositions. Presumably, the Wyckoff plaintiffs will seek to depose several other witnesses of their own choosing. This probably totals more than twenty depositions. These depositions should be completed at least three weeks before defendant's motion is due, to allow time to obtain and review the transcripts. To accomplish this, defendants seek to resume their noticed depositions on June 4. The six-week delay until July 15 is both unnecessary and impractical.

The Wyckoff plaintiffs apparently seek to suspend deposition discovery because they are not satisfied that they have all of the discoverable medical and employment records. The truth of the matter, however, is that they have had all government medical and employment records for the two years preceding the accident since April 14, 2008, and arrangements are being made by counsel for defendant Sperl to provide plaintiffs with all records from non-government sources within a few weeks, through an authorization signed by defendant Sperl. In light of the two-year limitation, these records are not voluminous. For example the government records produced April 14, 2008, spanned only 385 pages. There is little reason why the Wyckoff plaintiffs' attorney would be unprepared to resume deposition discovery in early June, which gives him

more than one month to review the recently produced records.

Moreover, many of the noticed depositions are percipient witnesses who have no knowledge of Sperl's prior medical and employment records. For example, the government seeks to depose:

(1) Firefighter Anderson (who will testify as to a statement made by Sperl at the scene of the accident as to his intended destination);

(2) Sperl's parents (who may testify as to a statement made to them by Sperl's wife as to when she expected Sperl to arrive home in Fallon);

(3) Lt. Stiles (who will testify as to admissions made by Sperl's agent and attorney, Nate Raff);

(4) Attorney Nate Raff (who will testify that he made those statements to government investigators with Sperl's knowledge and consent);

(5) Chief McKinley (who will testify as to a statement made by Sperl in the hospital as to his intended destination); and

(6) Two of Sperl's friends from the Petaluma base, Delane and Sherman (who Sperl claims he was going to see the night of the accident and who who may also possess personal knowledge about Sperl's fitness to drive).

Despite being advised of the roles played by these witnesses and the limited nature of their expected testimony, Mr. Igelmund refused to even discuss the scheduling of any of these individuals during the April 21, 2008, telephone conference.

Another compelling reason to move forward with the depositions as expeditiously as possible is because most of the deponents are in active military service and are subject to deployment at any time. For example, Lt. Col. Welch is expected to deploy to the Middle East in early May. The government seeks to depose these witnesses to preserve their testimony in the event they are unavailable to testify live at trial.

It is unclear what role, if any, the health of Mr. Igelmund is playing in the subject scheduling dispute. First, it was the stated reason for the requested stay. Then, it was not. Now, it apparently is. While defendant USA is certainly willing to modify the existing deposition schedule to accommodate opposing counsel's emergency medical needs,[3] defendant USA respectfully suggests that perhaps a second attorney from the Chavez and Gertler firm be assigned to this case so that the depositions can continue to go forward should Mr. Igelmund find himself unavailable.

_____

[3] At Mr. Igelmund's request, defendant USA took three depositions off calendar because Mr. Igelmund needed to attend to his father, who had taken ill. Defendant USA will continue to extend to all counsel such professional courtesies.

Counsel for defendant USA anticipates that the Wyckoff plaintiffs will attempt to justify their refusal to participate in deposition discovery with an allegation that defendant USA has somehow failed to comply with its discovery obligations, which defendant USA strongly disputes. Counsel for the Wyckoff plaintiffs have sent counsel for defendant USA two "meet and confer" letters, raising relatively technical and minor issues, to which counsel for defendant USA immediately responded. This correspondence is attached collectively as Exhibit F, should counsel for the Wyckoff plaintiffs attempt to raise this issue in connection with this motion.

Counsel have engaged in extensive meet and confer efforts to resolve this dispute. In addition to efforts listed above, the parties made a final attempt to resolve the dispute on April 24, 2008. Exhibit G. Regrettably, these efforts failed the defendant USA reluctantly requests the Court's assistance.

## CONCLUSION

For the foregoing reasons, defendant USA requests that the Court issue an Order: (1) permitting defendant's deposition discovery to resume on June 4, 2008, on the previously noticed dates; (2) permitting defendant to reschedule the continued depositions (i.e. the depositions originally scheduled to occur between April 23 and May 28) in July; (3) directing all parties to complete all depositions needed to prepare for defendant's dispositive motion by July 31, 2008; and (3) directing all parties to comply with this Court's prior Order dated March 13, 2008.

Alternatively, defendant USA requests that the Court set this case for a Further CMC on May 9, 2008, for the purpose of creating a revised case management plan which addresses the following issues: (1) the date on which defendant's depositions can resume; (2) the date by which deposition discovery related to defendant's dispositive motion should be completed; (3) the date by which defendant's dispositive motion must be filed; and (4) the date of the mediation.

DATED: April 24, 2008                    Respectfully submitted,
                                         JOSEPH P. RUSSONIELLO,
                                         United States Attorney



                                         JAMES A. SCHARF
                                         Assistant United States Attorney

# Attachment A

1  JOSEPH P. RUSSONIELLO (SCBN 44332)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  JAMES A. SCHARF (CSBN 152171)
   Assistant United States Attorney
4
      150 Almaden Blvd., Suite 900
5     San Jose, California 95113
      Telephone: (408) 535-5044
6     FAX: (408) 535-5081
      James.Scharf@usdoj.gov
7
   Attorneys for Defendant
8  United States of America

9                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA
11                     SAN FRANCISCO DIVISION
12
13  CHARLIE EAP,                      )   Case No.    C 07-2301 SI
                                      )               C 07-3600 SI
14          Plaintiff,                )
                                      )
15  SUSAN WYCKOFF, ET AL.             )   NOTICE OF DEPOSITIONS
                                      )
16          Plaintiff,                )
                                      )
17      v.                            )
                                      )
18  UNITED STATES OF AMERICA,         )
    DANIEL EARL SPERL,
19
            Defendants.
20  _____
21
22          PLEASE TAKE NOTICE that, pursuant to Rule 30(b), Federal Rules of Civil Procedure,
23  defendant United States of America will take the deposition upon oral examinations of the
24  following witnesses:
25      **CHIEF WARRANT OFFICER ED CHACON**:
26      DATE:      Wednesday, April 23, 2008 at 10:00am
27      PLACE:     United States Attorney's Office
                   450 Golden Gate Ave., 9th Floor
28                 San Francisco, CA 94104

Notice of Depositions
C 07- 2301 SI
C 07-3600 SI                          -1-

**Lt Col. PATRICIA WELCH**

DATE:       Thursday, May 1, 2008 at 10:00am

PLACE:      United States Attorney's Office
            450 Golden Gate Ave., 9th Floor
            San Francisco, CA 94104

**TONY ANDERSEN**

DATE:       Thursday, May 1, 2008 at 2:00pm

PLACE:      United States Attorney's Office
            450 Golden Gate Ave., 9th Floor
            San Francisco, CA 94104

**JANET AND WENZEL SPERL**

DATE:       Wednesday, May 7, 2008 at 11:00am

PLACE:      Law Offices of Andrew Davis
            1900 W. Garvey Ave. S, Suite 160
            West Covina, CA 91790

**CDR KENNETH HARMAN    (NOT CONFIRMED)**

DATE:       Thursday, May 15, 2008 at 10:00am

PLACE:      United States Attorney's Office
            450 Golden Gate Ave., 9th Floor
            San Francisco, CA 94104

**LT ROB STILES**

DATE:       Wednesday, May 28, 2008 at 10:00am

PLACE:      United States Attorney's Office
            450 Golden Gate Ave., 9th Floor
            San Francisco, CA 94104

**MAJOR ELLA KUNDU    (NOT CONFIRMED)**

DATE:       Wednesday, May 28, 2008 at 2:00pm

PLACE:      United States Attorney's Office
            450 Golden Gate Ave., 9th Floor
            San Francisco, CA 94104

**PO ALDRENA SHERMAN**

DATE:       Wednesday, May 28, 2008 at 4:00pm

PLACE:      United States Attorney's Office
            450 Golden Gate Ave., 9th Floor
            San Francisco, CA 94104

1   **MR. PETER MOSHER    (NOT CONFIRMED)**

2   DATE:        Wednesday, June 4, 2008 at 10:00am

3   PLACE:       United States Attorney's Office
                 450 Golden Gate Ave., 9th Floor
4                San Francisco, CA 94104

5   **CHIEF MIKE MCKINLEY**

6   DATE:        Wednesday, June 4, 2008 at 2:00pm

7   PLACE:       United States Attorney's Office
                 450 Golden Gate Ave., 9th Floor
8                San Francisco, CA 94104

9   **MASTER CHIEF BOB STAGE**

10  DATE:        Wednesday, June 11, 2008 at 10:00am

11  PLACE:       United States Attorney's Office
                 450 Golden Gate Ave., 9th Floor
12               San Francisco, CA 94104

13  **PO NAPOLEON DELANE**

14  DATE:        Wednesday, June 18, 2008 at 10:00am

15  PLACE:       United States Attorney's Office
                 450 Golden Gate Ave., 9th Floor
16               San Francisco, CA 94104

17  **MR. NATE RAFF**

18  DATE:        Wednesday, June 18, 2008 at 2:00pm

19  PLACE:       United States Attorney's Office
                 450 Golden Gate Ave., 9th Floor
20               San Francisco, CA 94104

21  **DR. JEFFREY ORSTADT**

22  DATE:        Wednesday, June 25, 2008 at 10:00am

23  PLACE:       United States Attorney's Office
                 450 Golden Gate Ave., 9th Floor
24               San Francisco, CA 94104

25  **PO HOLLY MENDEZ**

26  DATE:        Wednesday, June 25, 2008 at 2:00pm

27  PLACE:       United States Attorney's Office
                 450 Golden Gate Ave., 9th Floor
28               San Francisco, CA 94104

Notice of Depositions
C 07- 2301 SI
C 07-3600 SI                           -3-

1      These depositions will be held before a certified shorthand reporter and will be recorded

2  stenographically.

3

4

5  DATED: 4-11-08                                    JOSEPH P. RUSSONIELLO
                                                     United States Attorney
6
                                                           /S/
7                                                    JAMES A. SCHARF
                                                     Assistant United States Attorney
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Depositions
C 07- 2301 SI
C 07-3600 SI                                    -4-

1

## CERTIFICATE OF SERVICE

2

The undersigned hereby certifies that she is an employee of the Office of the United

3 States Attorney for the Northern District of California and is a person of such age and discretion

4 to be competent to serve papers. The undersigned further certifies that she is causing a copy of

5 the following:

6

## NOTICE OF DEPOSITIONS

7

## <u>CHARLIE EAP v. UNITED STATES OF AMERICA and DANIEL EARL PEARL</u>

8 C-07-2301 SI

9 ## <u>SUSAN WYCKOFF, et al. v. UNITED STATES OF AMERICA and DANIEL EARL PEARL</u>

10 C-07-3600 SI

11 to be served this date upon the party(ies) as follows:

12

__XX__   **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in

13 the designated area for outgoing U.S. mail in accordance with this office's practice.

14 to the parties addressed as follows:

15

16 Andrew Jackson Davis, Esq                        Jonathan E. Gertler, Esq
Davis Law Offices                                      Joseph R. Ingelmund, Esq

17 1900 W Garvey Ave S #160                       42 Miller Avenue
West Covina, CA 91790                             Mill Valley, CA 94941

18

19 Paul N. Cesari, Esq
Kristina Velarde, Esq

20 Cesari, Werner & Moriarty
360 Post Street

21 San Francisco, CA 94108-4908

22

In addition, the foregoing Notice of Depositions was also sent via e-mail by James A.

23

Scharf to all parties on April 11, 2008.

24

25

26

27

28

Notice of Depositions
C 07- 2301 SI
C 07-3600 SI                                    -5-

1       I declare under penalty of perjury under the laws of the United States of America that the

2 foregoing is true and correct.

3

4

5       Executed this 11 day of April, 2008, at San Jose, California.

6                                        /S/

7                               Mimi Lam, Legal Assistant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                       .

28

**Attachment B**

## Scharf, James (USACAN)

| | |
|---|---|
| **From:** | Scharf, James (USACAN) |
| **Sent:** | Friday, April 11, 2008 11:47 AM |
| **To:** | 'Joe Igelmund'; Jonathan Gertler; davislawoffice@verizon.net; 'Kristina L. Velarde' |
| **Cc:** | Chad.E.Kauffman@uscg.mil; Tseng, Neill (USACAN) |
| **Subject:** | Eap/Wyckoff v. USA/Sperl:  Deposition Schedule |



EAP depo notice
4-11-08.wpd

Dear counsel:

As promised, we served by federal express today for delivery on Monday the additional medical and employment records, which were the subject of the recent motion for a protective order.

Also, as promised, attached please find the government's proposed deposition schedule.

Please note that all of the dates have been confirmed by the witnesses, unless otherwise indicated.  We are still trying to persuade Dr. Harmon to come to SF for his deposition, although it might be necessary for us to depose him in Boston.  I want to thank Chad for spending more than 10 hours contacting these witnesses to ascertain their availability, and then creating a schedule which is consistent with (1) the dates we have all previously reserved and with (2) the dates requested by the witnesses.

After giving the matter some thought, I decided to set forth the proposed schedule in the form of a deposition notice, for several reasons:

1. No one provided me with their list of intended depositions by the agreed upon due date, despite my repeated requests.

2. The government requires this testimony for its dispositive motion, which is due August 22.  As it will be necessary to obtain transcripts and review them prior to that date, it is our goal to complete all of the needed depositions by the end of July.  Serving our own Notice of Depositions is the best way I know to ensure that the depositions we need will be completed in a timely fashion.

3. Opposing counsel is probably unaware of the specific facts many of these witnesses will testify to.  Thus, it will be more efficient for me or Neil to conduct a brief direct examination of these witnesses, to elicit this testimony, which will then allow opposing counsel to conduct a more efficient cross-examination.

4. It will be easier for the Court to understand this testimony if it unfolds as a direct and cross examination, particularly if the parties agree to stipulate to the admissibility of the deposition transcripts at trial in lieu of live testimony, which I am sure the Court will encourage us to do, particularly as to the minor witnesses whose credibility is not at issue.

Notwithstanding the fact that we have noticed these depositions and have confirmed most of the dates with these witnesses, we are still willing to discuss with you and resolve to the satisfaction of all concerned any concerns you have about the dates of the depositions or the order of the questioning.  I therefore propose that we schedule a telephone conference to further discuss these issues and to confirm our proposed deposition schedule.  We will also need to reserve additional dates for the witnesses you all wish to depose, and I propose that we also do that at the telephone conference.  In order to give you time to review the new medical and employment records, I propose that we

1

schedule a telephone conference for any time on Monday, April 21, which gives you a full week to review the new records and consider our proposed schedule.

It also occurred to me as I am typing this e-mail that by noticing these depositions ourselves, we are saving all parties money, as the government will then pay for the cost of the deposition.  Of course, if you wish to question the witness first, you will need to pay for the cost of the deposition.  Certainly, you have the right to question Mr. Chacon first if you wish to do so, as your deposition notice of Mr. Chacon takes priority over ours as it was served first.  However, you may wish to have me question Mr. Chacon first to illicit the relevant policy and procedure testimony, about which you may not be familiar.

As I have stated many times, I do not want to force anyone to do anything they are uncomfortable doing, but given the schedule ordered by the Court pursuant to stipulation, I hope you understand that I must do the things I feel are necessary to keep this case on schedule.

Regards,

James A. Scharf
Assistant United States Attorney
(408) 535-5044

# Attachment C

Thank you, and all the best wishes,
Kristina

Kristina L. Velarde, Esq.

Cesari, Werner & Moriarty
360 Post Street, 5th Floor
San Francisco, CA 94108
Phone: 415-391-1113  x26
Fax: 415-391-4626

**From:** Peter B. Newcome [mailto:peter@chavezgertler.com]
**Sent:** Wednesday, April 16, 2008 5:18 PM
**To:** james.scharf@usdoj.gov; Kristina L. Velarde; davislawoffice@verizon.net; chad.e.kauffman@uscg.mil;
neill.tseng@usdoj.gov
**Cc:** Jonathan Gertler; Joe Igelmund
**Subject:** Wyckoff v. USA - Request for Deposition Discovery Stay

### [Correspondence From Joseph Igelmund]:


I am requesting your agreement to a stay of deposition discovery through June 4, 2008, in light of kidney surgery that is being scheduled for me in the next two weeks. My doctor advises that I should expect to be hospitalized approximately five days, with home recuperation of three to four weeks to follow. As you know, I am the attorney in our office with day-to-day responsibility for the case, and thus no else has the detailed knowledge of facts necessary to step in during this limited period.

The stay will not be lost time. Pursuant to Judge Illston's discovery order, we previously have advised that we need to review all of Mr. Sperl's medical and employment records for the two years preceding the accident, before we can notice deponents or properly examine deponents noticed by defendants. As of today, we still have not received amended responses to interrogatories and document requests from Mr. Sperl for the two year period, including without limitation the names of all health care providers, although Mr. Sperl has produced a few pages of further documents. During our meet and confers with Mr. Sperl's counsel, which have not concluded, Mr. Sperl also has objected to himself producing all medical records that plaintiffs believe are in his control. Thus, depending on the outcome of the meet and confer, we may have to either join in discovery of the records from a third party, or move for an order compelling production. As to defendant USA, we have not received amended interrogatory or document request responses following Judge Illston's order, although I understand that the USA did produce further documents at the beginning of this week. I expect to meet and confer on the USA's responses within the next week. Our office also has not received a copy of the subpoenas issued by the USA, which Mr. Scharf had advised would be provided so that we could identify the scope of Sperl documents previously requested and received. I would hope to promptly receive all of the foregoing information and/or documents from defendants Sperl and the USA, and any third party providers, so that the deposition discovery can be rescheduled and proceed immediately after the stay.

We would appreciate hearing from you by this Friday, April 18 as to whether you will stipulate to the stay. If either defendant requires, we are willing to discuss a like continuance of the hearing on the motion to dismiss, and would hope that the Davis Law Office would also be agreeable under the circumstances.

2

Pete Newcome
Chavez & Gertler LLP
42 Miller Ave
Mill Valley Ca 94941
peter@chavezgertler.com
www.chavezgertler.com
(415) 381-5599-Tel
(415) 381-5572-Fax

# Attachment D

## Scharf, James (USACAN)

| | |
|---|---|
| **From:** | Jonathan Gertler [jon@chavezgertler.com] |
| **Sent:** | Saturday, April 19, 2008 1:15 AM |
| **To:** | Kauffman, Chad (CIV); Scharf, James (USACAN); Joe Igelmund; Kristina L. Velarde; davislawoffice@verizon.net; davislaw.ca@gmail.com; Tseng, Neill (USACAN) |
| **Subject:** | RE: Sperl/Eap/Wyckoff |

Thank you, Chad.

I earlier sent an email indicating that I have jury duty on Monday. I appreciate your efforts to work out an agreement. We will seek an immediate hearing if the meet and confer fails. Please advise of your availability for an expedited hearing
as we intend to inquire of the Court as to a tentative schedule, given your position denying plaintiff even a temporary stay of
the depositions pending resolution by stipulation or court determination of a new schedule.

In that regard, please advise whether defendants are going to take the position
that documentation of Joe's medical condition is necessary. If so, please advise whether defendants stipulate to the in camera inspection of that documentation by the Court. Obviously, we need answers from both defendants as to the above questions.

Thank you.

Jon

**From:** Kauffman, Chad (CIV) [mailto:Chad.Kauffman@usdoj.gov]
**Sent:** Friday, April 18, 2008 4:58 PM
**To:** Scharf, James (USACAN); Joe Igelmund; Kristina L. Velarde; davislawoffice@verizon.net; davislaw.ca@gmail.com; Tseng, Neill (USACAN); Jonathan Gertler
**Subject:** Sperl/Eap/Wyckoff

All,

Jim has been in depositions all day and has asked me to send you the following message:

1. All depositions will remain on calendar unless we reach a stipulation or receive a Court Order.

2. We are willing to discuss a stipulation during our Monday telephone conference to continue the depositions that are on calendar between April 23, 2008 and May 28, 2008.

3. Jim and I look forward to speaking to you at that time.

4. Please have your calendar with you for the Monday telephone conference.

Very truly yours,

Chad Kauffman
Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division
West Coast Office
PO Box 36026, 450 Golden Gate Ave.,
Room 7-5395

1

San Francisco, CA 94102
415-436-6646
415-436-6632 Fax

# Attachment E

## Scharf, James (USACAN)

| | |
|---|---|
| **From:** | Scharf, James (USACAN) |
| **Sent:** | Thursday, April 24, 2008 12:42 PM |
| **To:** | 'Joe Igelmund'; Kristina Velarde; Tseng, Neill (USACAN); Kauffman, Chad (CIV) |
| **Cc:** | A. Davis; davislawoffice@verizon.net; Jonathan Gertler |
| **Subject:** | RE: Wyckoff/Eap v USA - CMC and Depositions |

Thank you for your proposal, which I would be happy to discuss with the Court on May 9. At our April 21 telephone conference, you specifically agreed to participate in an earlier CMC. You specifically authorized me to contact the Clerk to see if we can get an earlier CMC date. I assume that you and Jonathan are available on May 9, since you do not indicate in your e-mail that you are not. You now are apparently refusing to stipulate to move the June 6 CMC to May 9. If this is incorrect, please advise immediately. If you fail to so stipulate, I will proceed to file a motion forthwith to permit defendant's deposition discovery to continue. As I have previously indicated, I agree to reschedule (not withdraw) all depositions that are scheduled to occur prior to the date our motion is adjudicated.

**From:** Joe Igelmund [mailto:jri@chavezgertler.com]
**Sent:** Thursday, April 24, 2008 12:11 PM
**To:** Scharf, James (USACAN); Kristina Velarde; Tseng, Neill (USACAN); Kauffman, Chad (CIV)
**Cc:** A. Davis; davislawoffice@verizon.net; Jonathan Gertler
**Subject:** RE: Wyckoff/Eap v USA - CMC and Depositions

Jim and Kristina – I was not able to respond earlier regarding the proposed May 9 CMC because I was trying to find out more about my surgery date.
It is likely now that my surgery will be June 5, although it could be sooner if I move up the cancellation list or another doctor approved by my carrier is available. Thus, Andy Davis and I discussed this matter late yesterday, and we propose the following:
1/ In light of the June 5 date, we agree to your proposal (4/21 email to Andy) that depositions not start until July. We suggest July 15, which allows the expected 3-4 week post-surgery home recuperation, any unanticipated additional time, and a brief period back in the office before depos start.
2/ Plaintiffs and defendants will meet and confer shortly before June 5 re identity and order of depositions starting in July.
3/ The June 6 CMC will remain on calendar. Jon Gertler will attend the CMC for the Wyckoffs. One purpose of the CMC will be for the Court to determine whether there is any reason to further continue the July depositions, based on the status of production of medical and employment records necessary for plaintiffs to conduct informed examinations.
4/ The September 22 hearing date on the USA's anticipated motion to dismiss will be moved back accordingly. We propose hearing on or about November 10.
5/ Based on the foregoing, there would not appear to be any need for a CMC on May 9.

We would appreciate Jim and Kristina advising whether the foregoing is acceptable, so that a stipulation and proposed order can be prepared. We can have the stip to you by tomorrow. Thanks.


Joseph R. Igelmund
Chavez & Gertler LLP
42 Miller Ave.
Mill Valley, Ca  94941
(415) 381-5599

**Attachment F**

# CHAVEZ & GERTLER LLP
## ATTORNEYS AT LAW

42 MILLER AVENUE
MILL VALLEY, CA 94941
TELEPHONE: (415) 381-5599
FACSIMILE: (415) 381-5572
joe@chavezgertler.com

April 18, 2008

## VIA EMAIL AND U.S. MAIL

James A. Scharf, Esq.
Assistant United States Attorney
150 Almaden Blvd., Suite 900
San Jose, CA 95113

### Re:  Wyckoff v. United States of America, et al

Dear Jim:

This is plaintiff Wyckoffs' final attempt to meet and confer regarding the failure of defendant United States of America to serve third party subpoenas on our office as required by the Federal Rules.

We previously had advised that our office had not received the various third party subpoenas to which you have referred in this case.  In a subsequent discussion, after you first asserted that the responsibility was that of your document copying service and not yours, we then understood you to agree to produce immediately copies of all subpoenas issued in the Wyckoff and Eap cases.  We still have not received those subpoenas.

As you know, Rules 45 and 5 require notice to all parties prior to service of the third party subpoena.  FRCP rules 45, 5; see Biocare Med. Technologies, Inc. v. Khosrowshahi, (DC KS 1998) 181 F.R.D. 660, 667.  Further, an attorney of record cannot evade his or her duties under the Federal Rules by purporting to delegate them to a third party agent.  See FRCP Rule 26(g).  Here, service of the subpoenas is necessary not merely to comply with the Federal Rules; the subpoena content will disclose to plaintiffs the scope of the USA's requested discovery from third parties and thus the need for any further discovery from those same parties in order that all relevant facts and documents are obtained.

James A. Scharf, Esq.
April 18, 2008
Page 2

     Please deliver to our office no later than Wednesday, April 23, 2008 complete copies of <u>all subpoenas</u> issued by or on behalf the United States of America or the United States Coast Guard in either the <u>Wyckoff</u> or <u>Eap</u> case.  If we do not receive the subpoenas or a reasonable explanation by that date, plaintiffs will immediately move to compel and seek sanctions.

     We look forward to resolving this dispute in a cooperative manner so that the Court and the parties may avoid the burden of motion practice.

Very truly yours,

Joseph R. Igelmund

cc:    Andrew Davis, Esq.
       Kristina Velarde, Esq.

08.04.18.Scharf.jri.M&C.Subpoenas

## Scharf, James (USACAN)

| | |
|---|---|
| **From:** | Scharf, James (USACAN) |
| **Sent:** | Monday, April 21, 2008 9:33 AM |
| **To:** | 'Joe Igelmund' |
| **Cc:** | Kauffman, Chad (CIV); Tseng, Neill (USACAN); davislawoffice@verizon.net; Jonathan Gertler; 'Kristina L. Velarde' |
| **Subject:** | RE: Wyckoff/Eap v USA - Meet and Confer - Subpoenas |

Joe: I take this opportunity to reply to your meet and confer letter re the government's subpoenas from Sperl's third-party medical care providers.

First, you have not properly characterized our prior agreement on this issue, which I have made a good faith attempt to implement: When you broached this topic months ago, I understood that we agreed to resolve the matter as follows: I would contact Quest and have them create a master list of all subpoenas they issued in the Eap/Wyckoff cases, so that you can then check your file as to which subpoenas (and records) you still need, so that you can then order them directly from Quest. Immediately after we reached this agreement, I requested Quest to create such a list. Apparently, they have failed to do so, and I will promptly follow up this week.

Second, it is not clear to me that you are actually missing any subpoenas or records. Quest advised that they have you on their proof of service and that you have ordered records from them.

Third, if this issue was so time urgent, why did you take so long to follow up? Why didn't you just call me on the telephone and tell me that you haven't received the list from Quest yet. I could have followed up on this project weeks ago. (In the future, I encourage you to call me on my telephone) whenever you feel you need something from this office. Your formal "meet and confer letters" seem to me to be more of a self-serving attempt to create an exhibit to a motion, rather than a sincere attempt to informally resolve a discovery dispute without seeking the assistance of the court.

Fourth, as I have mentioned many times to you, you will need to re-issue the third-party subpoenas to request the medical records between December 22, 2003, and December 22, 2005, consistent with the Court's Order. As you may recall, the prior subpoenas issued by Quest pursuant to my request were met with an objection from Sperl's counsel. We met and conferred and agreed to limit the subpoenas to certain records related to the scope of employment issue (this was well before you amended your complaint to add a negligent supervision claim) and so notified Quest. Unfortunately, some of the subpoenaed medical care providers were not notified of the agreed-upon restriction, and produced records that went beyond the restriction. This was noticed by Sperl's attorney, and we promptly took corrective action. I specifically recall giving you the names of these medical care providers during one of our conversations on this issue, and I assume you have obtained those records from Quest.

Fifth, I disagree that this office cannot use Quest to provide you with notice of the subpoenas. It is standard industry practice to order subpoenas through a reputable subpoena service such as Quest, and instruct them to provide copies of the subpoenas to counsel of record, along with an order form should counsel wish to order those records. I have litigated about 1,000 personal injury cases in California over the last 15 years in both state and federal court and I have never before heard anyone protest the use of a subpoena service as you are now doing.

Sixth, I will work expeditiously to provide you a master list from Quest of all of the third-party subpoenas in accordance with our prior agreement, but I doubt I will be able to do so by Wednesday as you demand. I have a Ninth Circuit brief due tomorrow. I will, however, promptly contact Quest and request that they send us the list as soon as possible, hopefully by the end of this week. As you know, I have granted every one of your many scheduling requests, including yesterday's request for additional time to respond to our outstanding interrogatories and document requests, and I will continue to cooperate with you in that regard.

1

Finally, I would much rather speak to you personally on the telephone when these kind of issues arise, rather than receiving these aggressive meet and confer letters, to which I feel compelled to respond in writing in the event you file a motion as you have threatened. We have a telephone conference scheduled for 3:30 p.m. today to discuss your request to postpone approximately seven depositions. I would be happy to discuss this issue with you in further detail (or any other discovery issue about which you are concerned) after we resolve your request to continue the depositions.

If you do file a motion to compel and request sanctions, please be so kind as to attach this e-mail to your motion, so the Court is aware as to how I am attempting to get you the information you need.

James A. Scharf
Assistant United States Attorney
(408) 535-5044

**From:** Joe Igelmund [mailto:jri@chavezgertler.com]
**Sent:** Friday, April 18, 2008 4:46 PM
**To:** Scharf, James (USACAN); Tseng, Neill (USACAN); Kauffman, Chad (CIV)
**Cc:** Kristina L. Velarde; davislaw.ca@gmail.com; Jonathan Gertler
**Subject:** Wyckoff/Eap v USA - Meet and Confer - Subpoenas

Jim – Meet and confer letter regarding defendant USA's third party subpoenas is attached.

Joseph R. Igelmund
Chavez & Gertler LLP
42 Miller Ave.
Mill Valley, Ca  94941
(415) 381-5599
joe@chavezgertler.com
www.chavezgertler.com

NOTICE: This email message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections. This message is solely for the use of its intended recipients. Any unauthorized use or disclosure of this message is strictly and expressly prohibited. If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately.

# CHAVEZ & GERTLER LLP

## ATTORNEYS AT LAW

42 MILLER AVENUE
MILL VALLEY, CA 94941
TELEPHONE: (415) 381-5599
FACSIMILE: (415) 381-5572
joe@chavezgertler.com

April 18, 2008

**VIA EMAIL AND U.S. MAIL**

James A. Scharf, Esq.
Assistant United States Attorney
150 Almaden Blvd., Suite 900
San Jose, CA 95113

### Re: **Wyckoff v. United States of America, et al**

Dear Jim:

This is an attempt to meet and confer regarding defendant United States of America's deficient responses to plaintiff Susan Wyckoff's Second Request for Production of Documents. As the documents that the United States has refused to provide and to explicitly identify in accordance with the Federal Rules of Civil Procedure are essential to plaintiff's further discovery – including without limitation deposition examination of those witnesses whom defendants assert support their respective denials and affirmative defenses – we ask to receive defendant USA's amended responses, and all Bates stamped responsive documents, by April 28, 2008. If we are unable to resolve the disputes by meet and confer, we will bring a motion to compel and seek sanctions.

Two Year Time Period. As to all document requests that request production of records during or within the two years preceding the accident, please confirm in your amended responses that the USA's production is for the full two years requested, and not the six months only in its original responses. The Court found in its recent Discovery Order that Sperl's medical and employment records for the requested two year period "are relevant to whether Sperl was acting in the course and scope of his employment at the time of the accident, whether the United States of America negligently supervised Sperl, and whether the accident was as a result of any of Sperl's medical conditions and/or medications." Order, 1:21-25.

James A. Scharf, Esq.
April 18, 2008
Page 2

State That Inspection Will Be Permitted As Requested. Rule 34(a) authorizes
plaintiff to serve on defendant a request for production of all responsive documents
that are in defendant's possession, custody, or control. Rule 34(b) requires that
defendant state in its response, with respect to each such requested item or category,
either (1) that "inspection and related activities will be permitted as requested," or (2)
defendant's objection, and if the defendant makes an objection to only part of an item
or category, the part shall be specified and inspection permitted of the remaining
parts." FRCP Rule 34(b). Here, defendant USA has asserted no legal objection, or
any claim of privilege or work product, as to any document request. Thus, we ask
that defendant USA state in its amended responses, as to each document request, that
inspection will be permitted as requested.

Identify Documents Responsive To Each Request. Rule 34 requires in part
that responsive documents be produced in an organized and labeled production, so
that the requesting party may determine which documents are responsive to which
requests. FRCP Rule 34(b); see The Walt Disney Co. v. DeFabiis, (CD CA 1996)
168 FRD 281, 284, and Glover v. Board of Education, (ND IL 2004), 2004 U.S. Dist.
Lexis 6358, pp. 6-7, subseq. appeal (2006 7th Cir) 187 Fed.Appx. 614. Further,
plaintiff has the right to production of the responsive documents, whether or not
defendant believes that plaintiff already has them. FRCP 34(b); Walt Disney, supra.

Defendant USA did not produce documents with its responses. Instead,
defendant USA stated in substance and effect that it would not do so because it
already had produced these documents in other circumstances. Further, in its
individual responses, defendant USA described, in a cursory fashion only, those
documents it asserts are responsive to document requests. For example, defendant
USA responded:  "See United States Coast Guard Headquarters Personnel Data
Record" (Response to Request No. 1); "See Defendant Sperl's Department of
Veterans Affair medical records" (Request No. 2): "See United States Coast Guard
Medical Manual, COMDTINST M6000.1C" (Request No. 3): "See United States
Coast Guard Blue Zone Leave and Earnings Statement Computer Screen Printouts"
(Request No. 4); "See email printouts regarding Defendant Sperl Travis Air Force
Base medical appointments" (Request No. 5); "See Photographs of the Sperl vehicle
at the scene of the December 22, 2005 motor vehicle collision from Napa California
Highway Patrol" ( Request No. 6).

These responses are not proper in that they do not permit plaintiff to identify
the specific documents that are responsive to the document requests, or even what
each document constitutes (i.e., the number of pages of the document). See, e.g.,
Rule 34(b) (responding party to organize and label responsive documents to
correspond with the categories in the request); see Walt Disney, supra, and Glover,

James A. Scharf, Esq.
April 18, 2008
Page 3

supra. Defendant USA previously had stipulated to Bates stamping produced documents; given the voluminous amount of documents already produced (with more to be produced), Bates stamping obviously is required so that the parties may determine in a straightforward manner which specific documents (and pages) are responsive. Glover, supra. Thus, we ask that defendant USA:

> (1)     produce all responsive documents and Bates stamped, and

> (2)     include with its cursory description of responsive documents the Bates numbers for those documents.

We note that the first document produced by defendant USA that is Bates stamped (produced by email April 14, 2008) is substantially illegible in comparison to the non-Bates stamped document previously produced that is legible. Please reproduce this Bates stamped document in legible form. And, as the Bates stamped documents will be the ones used for depositions and trial, we ask that the United States undertake whatever effort is necessary to see that all Bates stamped documents produced hereafter are in legible form, in accordance with the Federal Rules.

All Documents In Defendant USA Possession, Custody, Or Control.  Plaintiffs have the right to production by defendant USA of all documents in its possession, custody, or control. FRCP 34. Documents held by persons or entities are deemed to be within defendant USA's control where it has a legal right to obtain a copy of the documents on demand. See In re Legato Systems, Inc. Sec. Litig., (ND CA 2001) 204 FRD 167, 169. Thus, we ask that defendant USA confirm in the amended responses that it will produce all medical and employment records during the two years preceding the December 22, 2005 accident, no matter whether those records are held by the Coast Guard, the Air Force, or any other health care provider operating under the authority of the United States or military.  See Soto v. City of Concord, (ND CA 1995) 162 F.R.D. 603, 619-20.

Identify Sources Not Searched.  In your amended responses, please identify by category all sources containing potentially responsive information that you are neither searching nor producing.  In identifying these sources, please provide sufficient detail to enable plaintiffs to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information with the identified sources.  FRCP Rule 26(b)(2), Adv.Comm.Note to 2006 Amendment.

James A. Scharf, Esq.
April 18, 2008
Page 4

Conclusion

Please let us know when it would be convenient to discuss these matters. We look forward to resolving them in a cooperative manner so that the Court and the parties may avoid the burden of motion practice.

Very truly yours,

Joseph R. Igelmund

cc:    Andrew Davis, Esq.
       Kristina Velarde, Esq.

08.04.18.Scharf.jri.M&C.RPD 2

## Scharf, James (USACAN)

| | |
|---|---|
| **From:** | Scharf, James (USACAN) |
| **Sent:** | Wednesday, April 23, 2008 10:54 AM |
| **To:** | Joe Igelmund |
| **Cc:** | Jonathan Gertler; davislawoffice@verizon.net; 'Kristina L. Velarde'; Kauffman, Chad (CIV); Tseng, Neill (USACAN) |

Joe:

I have received your April 18, 2008, "meet and confer" letter regarding defendant USA's responses to your client's second request for production of documents. I respectfully disagree with your characterization that my responses are "deficient." However, I am certainly willing to speak to you about the issues you raise, in the hope that this discovery dispute can be resolved without unnecessarily involving Judge Illston. Please call me after you review this letter any morning this week, in the event you have further questions, comments or concerns. Otherwise, I will assume that this letter adequately addresses your issues, and that no further action on my part is necessary. In the future, I encourage you to contact me by phone before sending me a formal "meet and confer" letter. Drafting and responding to these letters takes a lot of time and energy which, I think, can be better spent working on other issues in this case. I would really like to develop a relationship with you where we can resolve these types of issues in a less formal and time-consuming way.

As to the specific points you raise in your letter, I respond as follows:

1. Two Year Time Period: Please be assured that defendant USA has produced all of Sperl's government medical and employment records for the two years preceding the subject accident. These include records from the Veteran's Administration, Petaluma Clinic, Travis Air Force Base, Department of Defense, and Coast Guard Headquarters. These do not include medical records the I subpoenaed from non-government sources, which you can obtain through the subpoena service. To this end, Quest Discovery Services has confirmed that it will, by this Friday, fax to all counsel a master list of all subpoenas issued in this case, along with ordering forms, which will allow you to confirm that you have received all subpoenaed records. I also understand that Ms. Velarde is making special arrangements with you to obtain documents from Sperl's non-government medical care providers via an authorization signed by her client, so that you can obtain those documents on an expedited basis.

2. State That Inspection Will Be Permitted As Requested: As you are well aware, it is accepted practice to produce copies of the requested documents in lieu of an inspection of the originals, which we have done. Moreover, I do not possess the original documents; nor are they accessible in one central location. The original documents are in the possession of the respective government entities (e.g., Veteran's Administration) which produced copies to us. If you have reason to believe that any specific document has been altered, or is illegible, or incomplete, please bring that information to my attention, and we can deal with that issue on a document by document basis.

3. Identify Documents Responsive To Each Request: We feel we have done precisely that, by specifically identifying each document that responds to each of your specific requests. This, we feel, actually goes beyond what the Rules require. True, we did not re-produce documents which we already produced to you in this case, although we did sufficiently identify them so that you can easily pull them from our previous productions. This, again, is accepted practice, and I know of no legal authority that prohibits it.

   As to Bates Stamping, I agree that it is a good practice to Bates Stamp all produced documents, and I did that with respect to my recent production of government medical and employment records for the two years preceding the accident and will continue to do so for future productions. However, I feel it is unduly burdensome to re-produce documents with Bates Stamps which we previously produced without Bates

Stamps, and I politely decline to engage in such activity at our expense. However, you and the other parties may return documents I previously produced without Bates Stamps and I would be happy to Bates Stamp them for you, since that would not cause this office to incur additional photocopying expense.

As to the Bates Stamped document produced by email April 14, 2008, please return that document and I would be happy to send you a more legible copy with a Bates Stamp, even though you admit you already possess a non Bates Stamped legible copy. Perhaps it would be more efficient for you to simply Bates Stamp that document yourself, since you know the correct Bates Stamp number.

4.  All documents in Defendant USA Possession, Custody, or Control: As confirmed above, please be assured that defendant USA has produced all government medical and employment records within its control for the two year period preceding the accident, in accordance with the Court's recent Order. I did not produce and will not produce the records from non-government sources I obtained through subpoena, since you can obtain those records by ordering them through the subpoena service, or through Ms. Velarde's generous offer to obtain them for you through an authorization signed by her client.

5.  Identify Sources Not Searched: As noted above, agency counsel has made a diligent search of all government sources likely to possess responsive documents, including the Veteran's Administration, Petaluma Clinic, Travis Air Force Base, Department of Defense, and Coast Guard Headquarters e. Other than non-government sources over which we have no control, we presently do not know of any other sources containing potentially responsive information. If you have reason to believe that other government sources may have responsive documents which have not yet been produced, please bring that information to my attention. However, discovery and investigation is continuing. As we proceed to schedule and take depositions from both government and non-government witnesses, other responsive documents of which we were previously unaware may come to light. Please be assured that such documents will be immediately (indeed, instantly) produced via email, as we have consistently done in the past. Also, I have previously assured you that I will not introduce any exhibit in any deposition which has not been previously produced.

Although it is not my desire to offend, given the impasse we have reached in creating a deposition schedule, and the relatively minor and technical issues you raise in your letter, I cannot help but to wonder whether your "meet and confer" letters (I received two and I think you mentioned a third may be on its way) may also serve to further a different agenda -- to justify a delay in commencing depositions on the grounds defendants have allegedly failed to honor their discovery obligations. I sincerely hope that I am wrong in that regard, as I feel that the government has been extremely forthcoming in sharing information with the parties, both formally and informally, as I hope you would agree.

By way of example, during last Friday's telephone conference, I identified the role played in this case of each witness (both government and non-government) I have noticed for deposition and the subjects of their expected testimony. And when new documents come to light, I not only immediately produce them by e-mail, I explain in the e-mail the specific witness who will testify about that document and what contention the document tends to support. And when you asked me to produce the medical and employment records that were the subject of the Court's recent Order within two weeks, I did, with no questions asked. If pressed, I can cite to the Court many other examples of similar acts of disclosure, communication and professionalism in my dealings with you and the other lawyers in this case. I hope, however, that I will never have to, and that we can resolve our differences without Court involvement.

James A. Scharf
Assistant United States Attorney
(408) 535-5044

# Attachment G

**From:** Joe Igelmund [mailto:jri@chavezgertler.com]
**Sent:** Thursday, April 24, 2008 2:45 PM
**To:** Scharf, James (USACAN); Tseng, Neill (USACAN); Kauffman, Chad (CIV); Kristina Velarde; A. Davis; davislawoffice@verizon.net
**Cc:** Jonathan Gertler
**Subject:** RE: Wyckoff/Eap v USA - CMC and Depositions

Jim – This is an attempt to meet and confer pursuant to Rule 26, regarding the present discovery dispute.
1/ Do you agree to the proposals in my email below (depositions set for July, etc)? If there is any part of the proposals that you do not agree with, would you please state why you cannot agree, and what if any counter-proposal you have?
2/ Given our proposals, would you please advise as to what you understand the purpose of a CMC in early May to be, i.e., given our proposals, what orders would you reasonably expect the Court to make at that time? Also, please be aware that Jon Gertler has a long-standing seminar commitment, and long-standing Legal Aid 25th anniversary benefit (he is committee chair and a Board member) May 9. (As you pointed out in your email yesterday, the Northern District rules require him to attend the CMC.)
3/ Would you please state clearly and unequivocally whether your depositions set for next week are off calendar?

Candidly, Jim, we view your tactics as a continuing, improper attempt to force plaintiffs to participate in depositions without the information and documents necessary to conduct an informed examination. You are aware of the single deposition rule, under which the parties are permitted only one deposition of each witness. You are aware that the Court has explicitly ruled that Mr. Sperl's medical and employment records and information for the two years preceding the accident are relevant to plaintiffs' claims. You are aware from our meet and confer that plaintiffs intend to rely on those medical and employment records and information in examining the witnesses (and with respect, Jim, the Federal Rules permit us, not you, to determine what our deposition subject matter will be). You are aware that plaintiffs do not have all such records and information yet, and thus cannot conduct an informed examination. Finally, you are aware that commencing the depositions in July does not prejudice the United States, both because we have offered to continue the dismissal hearing from September 22 to November 15, and because you yourself offered in a 4/21 email to start depos in July. Thus, your tactics to force depositions now improperly deprive plaintiffs of their discovery rights.

We look forward to hearing from you in the hope that this matter may be resolved in a cooperative manner and without burdening the Court with motion practice.

Kristina, we also would appreciate your advising whether you are agreeable to plaintiffs' proposal in the email below.


Joseph R. Igelmund
Chavez & Gertler LLP
42 Miller Ave.
Mill Valley, Ca  94941
(415) 381-5599
joe@chavezgertler.com
www.chavezgertler.com

NOTICE:  This email message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections.  This message is solely for the use of its intended recipients.  Any unauthorized use or disclosure of this message is strictly and expressly prohibited.  If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately.

**Scharf, James (USACAN)**

| | |
|---|---|
| **To:** | Joe Igelmund |
| **Cc:** | A. Davis; Jonathan Gertler; kvelarde@cwmlaw.com; Kauffman, Chad (CIV); Tseng, Neill (USACAN) |
| **Subject:** | RE: Wyckoff/Eap v USA - CMC and Depositions |

Joe, we spent 90 minutes trying to resolve these issues on the telephone on Monday. The issues you raise are beyond my ability to adequately address and we both need guidance and direction from the Court. We need the Court's assistance to set a fair and feasible deposition schedule. As it now stands, my motion is due August 22. I need to complete my depositions by the end of July in order to meet that deadline. While you may be willing to extend the dismissal hearing to November, neither of us know whether Judge Illston would be so inclined. That is why we need a CMC or a hearing on a motion to discuss these issues. With respect to your specific questions:

1. I gave you my proposal during our April 21 telephone conference, and in e-mail messages preceding it: I am willing to push back the depositions currently set between April 23 and May 28, until July. In other words, we can go forward with the current schedule, beginning with the June 4 depositions, and still finish all of my depositions by the end of July. Ironically, it was my understanding that this was actually your initial proposal, which you set forth in your April 16, 2008, e-mail. In addition, I ask for your office's assurance that another of your firm's fine lawyers could step in for you should you become unavailable, so that the depositions can be completed by the end of July.

2. The purpose of the CMC (or hearing on defendant's motion) would be to submit these competing proposals to the Court and let Judge Illston set a fair and feasible case management schedule, including the date deposition discovery can re-convene, the date by which it should conclude, the date defendant's motion is due, and the date of the mediation. Assuming that Jon's seminar commitment is Friday afternoon, which is not clear from your e-mail, we are willing to stipulate to allow him to participate by telephone or for you to appear in his place. In addition, you seem to be of the mind that the government is not entitled to depose its own declarants, and we will need the Court's guidance on that issue as well.

3. I have already clearly and unequivocally stated in prior e-mail that all noticed depositions scheduled to occur until the Court adjudicates our motion will be rescheduled, in accordance with whatever the Court decides.

If I may be candid as well, our ability to dialogue and amicably resolve these issues seems to be at an all-time low, and I have little confidence that we will be able to resolve these issues without the Court's assistance. I am not trying to force you to participate in depositions without the documents you need. You have all of the government medical and employment records for the relevant time period, and Kristina is helping you obtain the non-government records via authorization on an expedited basis. You should have all of the information you need well before June 4, which is the date I would like to resume the scheduled depositions. Also, I never offered to postpone all of the depositions until July. I was simply offering to reschedule the depositions set for May to July, as I made clear during Monday's telephone conference.

Believing that I have fully complied with our "meet and confer" requirements, I will proceed to file my motion. Please be assured that I will attach your e-mail proposal. After you review the motion, perhaps you will reconsider your position, and will be ready to submit a joint stipulation to the Court, which allows the government's depositions to resume on June 4. As always, I am willing to speak with you on the telephone to discuss these issues in further detail.

James A. Scharf
Assistant United States Attorney
(408) 535-5044