# CHAVEZ & GERTLER LLP
## ATTORNEYS AT LAW

42 MILLER AVENUE
MILL VALLEY, CA 94941
TELEPHONE: (415) 381-5599
FACSIMILE: (415) 381-5572
joe@chavezgertler.com

April 28, 2008

The Honorable Susan Illston
United States District Judge
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    **Wyckoff v. United States, et al**    **Eap v. United States, et al**
                Case No: C 07 3600 SI              Case No: C 07-2301 SI

Dear Judge Illston:

      We write on behalf of plaintiffs Wyckoff, regarding the motion filed Friday, April 25 by defendant USA that seeks orders (1) permitting defendant USA to take depositions commencing June 4, 2008 and to (2) reschedule of its own accord in July other depositions presently noticed to occur between April 23 and May 28, 2008; (3) directing all parties to complete all depositions by July 31, 2008; and (4) directing all parties to comply with the Court's March 13, 2008 order; or, alternatively (5) moving the Case Management Conference presently set for June 6, 2008 to May 9, 2008, for the purpose of creating the revised case management plan sought by defendant USA.

Defendant USA's Motion For Discovery Orders
      We oppose defendant USA's motion for discovery orders described in (1), (2), (3), and (4) above, and will file written opposition within seven days pursuant to the Court's Standing Order.

Defendant USA's Request For Earlier CMC Date
      We respectfully believe that moving the CMC from June 6, 2008 to May 9, 2008 would not be appropriate, on two grounds. First, a May 9 CMC would be premature, in that the Court will not have by then all information necessary to order the discovery schedule sought by defendant USA. Second, defendant USA seeks the May 9 CMC to obtain orders requiring that depositions resume during a period that I will be either hospitalized or recuperating at home from kidney surgery.

The Honorable Susan Illston
April 28, 2008
Page 2

      <u>A May 9 CMC Would Be Premature</u>.  This is a personal injury action against defendants Daniel Sperl and the United States arising from a motor vehicle accident December 22, 2005.  A motor vehicle operated by Sperl, a member of the United States Coast Guard on active duty, crossed the double yellow line on an undivided state highway and collided with the Wyckoff vehicle.  The CHP report describes Mr. Sperl as traveling "at a high rate of speed" in "heavy rainfall with a wet roadway surface," and losing control as he "rapidly passed all witnesses."  49 year old Peter Wyckoff and 15 year old Holly Ann Eap, the husband and daughter of plaintiff Susan Wyckoff and the father and sister of minor plaintiff Alexander Wyckoff, were killed in the collision.

      In order to identify all persons responsible for these unusual and dangerous acts by Sperl, plaintiffs sought discovery of his medical and employment records for the two years preceding the accident.  In denying Sperl's motion for a protective order, the Court explicitly found on March 26, 2008 that the records "are relevant to whether Sperl was acting in the course and scope of his employment at the time of the accident, whether the United States of America negligently supervised Sperl, and whether the accident was as a result of any of Sperl's medical conditions and/or medications."  Order, 1:21-25.

      These medical and employment records are necessary for plaintiffs to conduct an informed examination of the witnesses that defendant USA now seeks to depose.  We understand that all except one are percipient witnesses who had contact with Sperl, and thus need to be examined regarding their knowledge of Sperl's medical conditions, medications, symptoms, effects of these matters on his activities, and the Coast Guard's notice of same.  We understand that the lone non-percipient witness, Lt. Col. Welch, is a PMK witness (and not the sole available PMK witness, according to the United States) who will testify that Travis AFB medical center procedures would not have permitted Mr. Sperl to see a doctor and obtain medication on the date of the accident; the PMK witness will need to be examined in part as to how Travis procedures would have applied to Mr. Sperl's actual medical conditions.

      A CMC on May 9 would be premature because the Court will not know then whether plaintiffs will receive all medical records in time to conduct informed deposition examinations beginning June 4, as requested by the United States.  USA Motion, p. 6.  Plaintiffs have sought compliance with the Court's March 26, 2008 order, but have not yet received all responsive information and documents.  Defendant USA still has not provided amended responses to previous document requests or interrogatories for the two year period – notwithstanding our request on the date of the order – so that plaintiffs may know all responsive documents and information have been produced; the United States has provided some further

The Honorable Susan Illston
April 28, 2008
Page 3

documents, which are being reviewed for completeness. Plaintiffs expect further meet and confers as to the USA's responses to interrogatories and document requests, and based on the USA's current position, a motion to compel. Defendant Sperl has not yet served amended responses to document requests and interrogatories for the two year period, notwithstanding our request on the date of the order. Sperl has provided a few further documents in his actual possession, and has agreed to request medical records from his third party health care providers in California; plaintiffs understand that he will do so imminently, but do not know when the providers will produce the records. Also, as we understand from Sperl's attorney that Sperl's responses to served discovery will not provide any information regarding the Zyprexa medication found in his vehicle (a medication described by drugs.com as used to treat acute manic or mixed episodes of bipolar disorder, and as maintenance treatment for bipolar disorder and schizophrenia, and which is not shown on his military pharmacy records produced to date), plaintiffs have just served further interrogatories and document requests to identify any other persons or entities who may have provided him medications such as Zyprexa. In light of the status of these discovery matters, it is not reasonable to expect that the Court will know by May 9 – only eleven days from now – when all of the responsive documents and information will be received, and thus whether it is appropriate to order plaintiff to participate in depositions starting June 4, as the United States demands.

<u>The United States Seeks Depositions While I Am Incapacitated by Surgery</u>. I have day-to-day responsibility for prosecuting this case on behalf of the Wyckoffs during the discovery phase, and thus am the attorney in our firm intimately familiar with the evidence. In requesting a May 9 CMC for the issuance of discovery orders, the United States fails to clearly disclose to the Court that its requested start date for depositions – June 4 – is the day before my scheduled kidney surgery. The Court will know this fact only by reviewing my emails attached as Exhibits C and E to the motion. These exhibits show that I advised Mr. Scharf, the attorney for the United States, that my surgery was rescheduled by my doctor to June 5, 2008;[1] that I had been advised by my doctor's office that approximately five days of hospitalization and three to four weeks of home recuperation thereafter should be expected; that accordingly I had requested that Mr. Scharf agree not to resume depositions until July 15, 2008; and that Mr. Scharf refused to do so. See USA Motion, Exhs. C and E. Under these circumstances – when the delay caused by my surgery will total only 41 days (resuming depositions July 15, 2008, rather than June 4, 2008) and will provide

---

[1] I also advised Mr. Scharf that the surgery could occur sooner if I am moved up the cancellation list or another doctor approved by my carrier is available, but that it is likely the surgery will not happen before the scheduled June 5, 2008 date. See USA Motion, Exh. E.

The Honorable Susan Illston
April 28, 2008
Page 4

further time for responsive medical records to be produced to plaintiffs so they may conduct informed deposition examinations – we believe that setting a CMC on May 9 for the purpose of ordering depositions to resume June 4 is not appropriate. [2]

     <u>No Prejudice To The United States By July 15 Resumption</u>.  Defendant USA will suffer no substantive prejudice as a result of resuming depositions July 15, 2008 as requested by plaintiffs.  Our office proposed to the United States that the hearing on its motion to dismiss be continued from September 22, 2008 to November 10, 2008, on account of the deposition schedule; Mr. Scharf of the USA refused to discuss the matter.  USA Motion, Exh. E.

     <u>Appearance</u>.  Should the Court decide to set a CMC on May 9, we respectfully ask that Jonathan Gertler, the lead trial counsel for plaintiffs, be permitted to appear by telephone in that he has a long-standing, all-day seminar commitment on that date, and that I be permitted to attend in person and act as the principal attorney for argument.

     Thank you for the Court's consideration in this matter.

                                          Very truly yours,

                                          Joseph R. Igelmund

cc:    James A. Scharf, Esq.
       Kristina L. Velarde, Esq.
       Andrew J. Davis, Esq.

08.04.28.Wyckoff.Oppos.USA.Req.CMC

---

[2] The United States also intends to seek a case management order that the depositions conclude by July 31, 2008.  See USA Motion, p. 6.