# CHAVEZ & GERTLER LLP
## ATTORNEYS AT LAW

42 MILLER AVENUE
MILL VALLEY, CA 94941
TELEPHONE: (415) 381-5599
FACSIMILE: (415) 381-5572
joe@chavezgertler.com

May 16, 2008

The Honorable Susan Illston
United States District Judge
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    **Wyckoff v. United States, et al**    **Eap v. United States, et al**
             **Case No: C 07 3600 SI**          **Case No. C 07 2301 SI**

Dear Judge Illston:

      Plaintiffs Wyckoff respectfully oppose the May 9, 2008 application by defendant United States to issue an order permitting it (1) to take the depositions of its employees, and at the offices of its attorneys, and (2) to initiate the questioning at those depositions. Pursuant to Rule 26(d), plaintiffs also apply herein for an order permitting plaintiffs (1) to notice the employees for deposition within the time period previously ordered by the Court, at the offices of plaintiffs' attorneys, and (2) to conduct examination of the employees prior to the government.

A.    BACKGROUND

      This is a personal injury action against defendants Daniel Sperl and the United States arising from a motor vehicle accident December 22, 2005. A motor vehicle operated by Sperl, a member of the United States Coast Guard on active duty, crossed the double yellow line on an undivided state highway and collided with the Wyckoff vehicle. The CHP report describes Mr. Sperl as traveling "at a high rate of speed" in "heavy rainfall with a wet roadway surface," and losing control as he "rapidly passed all witnesses." 49 year old Peter Wyckoff and 15 year old Holly Ann Eap, the husband and daughter of plaintiff Susan Wyckoff and the father and sister of minor plaintiff Alexander Wyckoff, were killed in the collision.

      Plaintiffs assert that the United States is liable in that Mr. Sperl was acting in the course and scope of his employment, and was negligently supervised by the

Hon. Susan Illston
May 16, 2008
Page 2

United States and permitted to drive while impaired. The United States denies liability.

Among the medications found in Sperl's vehicle after the accident was Zyprexa, a medication used in part to treat acute manic or mixed episodes of bipolar disorder, and as maintenance treatment for bipolar disorder and schizophrenia, and which is not shown on his military pharmacy records produced to date. In order to identify the cause and persons responsible for Sperl's unusual and dangerous acts, plaintiffs sought discovery of his medical and employment records for the two years preceding the accident. The United States and Sperl withheld medical and/or employment records predating six months before the accident, pursuant to Sperl's claim of privacy. On March 26, 2008, the Court denied Sperl's motion for a protective order, finding that that the requested records "are relevant to whether Sperl was acting in the course and scope of his employment at the time of the accident, whether the United States of America negligently supervised Sperl, and whether the accident was as a result of any of Sperl's medical conditions and/or medications." 3/26/08 Order, 1:21-25; Exhibit 1.

On the day the order was served, plaintiffs emailed their request to the United States and Sperl to produce the withheld information and documents before any taking of percipient witness depositions. Exhibit 2. On April 10, 2008, plaintiffs emailed similarly regarding the taking of depositions of percipient and party-related witnesses. Exhibit 3. On April 11, 2008, the United States noticed 15 depositions, including ten depositions of its own employees that are the subject of the present dispute, while giving notice that it was Fed Ex'ing the further Sperl records for delivery April 14, 2008. Exh. 4. Thus, the United States noticed the depositions of its own employees <u>before</u> plaintiffs received and reviewed the United States' (or Sperl's) further documents.

Seven of the ten disputed deponents (Dr. Harman, Dr. Kundu, Sherman, Delane, McKinley, Stage, and Mendez) are percipient witnesses who had contact with Sperl and who will testify against plaintiffs concerning Sperl's asserted acts and behavior; two (Bellemin, Mosher) will testify against plaintiffs concerning Sperl's history in seeking medical assistance at Travis AFB, and Travis AFB policy in responding to Sperl's particular medical requests; and one (Stiles) will testify against plaintiffs concerning Sperl's attorney's statements relating to Sperl's medical condition, behavior, and actions. Thus, review of Sperl's medical and employment records and information is necessary for plaintiffs to conduct an informed examination of these witnesses.

Hon. Susan Illston
May 16, 2008
Page 3

When it noticed the ten depositions in dispute, the United States sought to excuse doing so with the same reasons provided in its present motion, including that plaintiffs had not provided a list of intended depositions. Exhibit 5. The United States did not attempt to reconcile plaintiffs' previous communications that they could not notice depositions of government employees until receiving the medical and employment records referenced in the Court's March 26, 2008 order.

On or about April 24, 2008, with Sperl still seeking to obtain medical records from numerous third party providers and the United States pressing to proceed with depositions immediately, plaintiffs' counsel learned that his kidney surgery – previously disclosed to counsel and which he had been advised would require approximately five days hospitalization and three to four weeks home recuperation – would likely occur June 5, 2008. Thus, plaintiffs' counsel proposed that the depositions start on or about July 15 (which would not be lost time, as all Sperl records had not yet been received), that the June 6 CMC remain on calendar so that the Court could monitor and adjust the discovery schedule as necessary, and that hearing on the government's motion to dismiss be moved back to November, 2008 so that the government would not be prejudiced. Exhibit 6. The government refused to consider plaintiffs' proposal, and on the afternoon of April 25, 2008 filed a letter motion seeking (1) to start the depositions June 4, 2008, the day before plaintiffs' counsel's kidney surgery, and (2) to set a CMC on May 9, 2008 so that the Court could order the deposition schedule requested by the United States. Exhibits 7, 8. The government's motion did not clearly disclose to the Court that the deposition start date was the day before plaintiffs' counsel's surgery (the disclosure was made in Exhibits C and E). Plaintiffs were required to prepare and file opposition, after which the United States dropped the motion and agreed to a stipulated order with terms previously proposed by plaintiffs. Exhibit 9, ¶¶ 1, 4, 5.

Defendant United States now seeks to enforce the employee deposition notices it served before the production of Sperl's medical and employment records.

B.  ARGUMENT

    1.  The Court May Determine These Matters By A Scheduling Order Under Rule 26(d).

Under the May 6, 2008 Order Pursuant to Stipulation (Exhibit 9), the government was to file its moving papers by May 9, 2008 and plaintiffs were to file their opposition brief by May 16, 2008. Exhibit 9, ¶ 3. The government now suggests that, in order to obtain relief from the deposition notices in dispute, plaintiffs also must seek a protective order. United States Motion, p. 5.

Hon. Susan Illston
May 16, 2008
Page 4

In addition to the power to issue protective orders under Rule 26(c), the Court is empowered, upon motion and by order, to grant discovery priority in a particular case. Rule 26(d); Advisory Committee's 1970 Notes; see Meisch v. Fifth Transoceanic Shipping Co. Ltd., (SD NY 1994) 1994 U.S.Dist.Lexis 14995, p.1 (Rule 26(d) order issued to resolve motions to compel by both parties); Occidental Chemical Corp. v. OHM Remediation Services, (WD NY 1996), 168 F.R.D. 13, 14-5 (Rule 26(d) order issued to resolve conflict in deposition priority as to same witness). In fact, the government cited Occidental in requesting an order that it be permitted to initiate deposition examination of its own employees. United States Motion, p. 5.

Plaintiffs respectfully request that the Court resolve these disputes pursuant to Rule 26(d).

    2.    The Governments Motion Should Be Denied, And The Plaintiffs' Motion Granted, Under These Facts.

        a.    The Government Cites No Case That Permits A Party To Take Its Own Deposition Other Than To Perpetuate Witness Testimony, Which Is Not Necessary Here.

The government is correct that the literal wording of Rule 30 permits a party to take even its own deposition. However, the broad discovery provisions of the Federal Rules are not a license to abuse them, as the government seeks to do here. The Court has broad authority to issue orders to safeguard proper operation of the discovery process. Rule 26(d); Rule 26(c); see United States v. CBS, Inc., (9th Cir. 1982) 666 F.2d 364, 368-9.

Defendant United States has cited no case, and plaintiffs' research has disclosed none, that permits a party – over objection – to take its or its employees' own depositions unless required to perpetuate their testimony. See Smith v. Morrison-Knudsen Company, Inc., (SD NY 1958) 22 F.R.D. 108, 115-6 (plaintiff's application to take own deposition upon written interrogatories denied, as no "exceptional circumstances" shown). Further, where the Court has found that the motivation for taking one's deposition is tactical, rather than preservation of testimony, the request has been denied. Tierney v. Omnicom Group, Inc., (SD NY 2007) 2007 U.S.Dist. LEXIS 69985, pp. 3, 7-8 (plaintiffs' request to take own deposition found to be made for "tactical advantage," and denied; held: the taking of a party's own deposition is a "fairly rare event, normally reserved for exceptional circumstances"). And, even where a court has permitted a party to take his own deposition to perpetuate testimony, the opposing party has been permitted to take the

Hon. Susan Illston
May 16, 2008
Page 5

deposition first.  See 19th Street Baptist Church v. St. Peters Episcopal Church, (ED PA 2000) 190 F.R.D. 345, 350).

There is no need to perpetuate testimony here.  First, the government has presented no evidence that any of the named deponents will be unavailable for trial.  Second, whether or not the government is permitted to notice its own employees will not affect when the depositions are taken.  The Court already has set the time frame for the depositions – July 15, 2008 through September 30, 2008 – and has ordered the parties to meet and confer on the order of depositions.  Exhibit 9, ¶¶ 1, 2.

Further, the cases cited by the government do not support its position.  Frank C. Sinkwich, Inc., v. Texaco Refining & Marketing, Inc., (MD GA 1988) 120 F.R.D. 540, was a "perpetuation of testimony" case in which the court permitted defendant corporation to take the deposition of its own employee in his state of residence, in lieu of the employee appearing for trial.  The opinion also indicates that plaintiff objected to any deposition in lieu of trial appearance, and not specifically to whether defendant itself took the deposition.  120 F.R.D. at 540.  In Occidental Chemical Corp., supra at p. 4, the court resolved competing deposition notices of a party's former employee by permitting the other party to take the deposition first.  168 F.R.D. 14-5.  The government's citation of 8A Wright, Miller & Marcus, Federal Practice & Procedure, § 2102, in support of the contention that a "party may even take his or her own deposition" also is unavailing.  The three cases cited by Wright, Miller in support are "perpetuation of testimony" cases: Richmond v. Brooks, (2nd Cir 1955), 227 F.2d 490, 491, 493 (dismissal of plaintiff's action for failure to appear at trial reversed; held:  plaintiff was entitled to use at trial her deposition taken by both parties' interrogatories); Van Sciver v. Rothensies, (3rd Cir 1941) 122 F.2d 697, 699 (ill and unavailable witness could use his deposition at trial); Smith v. Morrison-Knudsen Co., (DC NY 1958) 22 F.R.D. 108, cited supra at p. 4 (plaintiff's application to take own deposition upon written interrogatories denied, as no "exceptional circumstances" shown).

> b.     The Government's Other Purported Reasons For Taking Its Own Employees' Depositions Are Meritless.

Efficiency.  The government contends that plaintiffs will be able to conduct a more responsive cross-examination of the government employees if the government elicits their testimony first.  This argument fails because (1) plaintiffs do not require the government's assistance in order to effectively examine these deponents, and (2) plaintiffs' examination will not be limited to subjects of interest to the government.  In light of the single deposition rule, plaintiffs intend to examine these witnesses on

Hon. Susan Illston
May 16, 2008
Page 6

all matters that will support plaintiffs' liability case, whether or not the government believes the matter is pertinent to its intended motion to dismiss.

<u>Readability</u>.  The government asserts that it "will be easier for the Court to understand this testimony if it unfolds as direct and cross examination."  This argument fails because the Court is required to read or consider only those excerpts offered by the parties, not the entire transcript.  The parties' ability to present deposition evidence to the Court, and the Court's ability to rule on the evidence, will not be affected by who examines the government's employees first.

<u>Fairness</u>.  The government contends that fairness requires the government to take the depositions of its employees first because (1) it noticed the depositions first, (2) plaintiffs assertedly did not provide a list of intended depositions by the due date, and (3) as most of the percipient witnesses are government employees, plaintiffs would effectively "control the next phase of this case."  These arguments also fail.  First, there is no federal priority rule permitting the government to go first because it noticed first.  <u>Occidental</u>, <u>supra</u>, at 14.  Second, plaintiffs had communicated at least twice, <u>supra</u>, to the government that it could not set these depositions until Sperl's medical and employment records were received and reviewed, and the government proceeded to notice the depositions before delivering the further records to plaintiffs, <u>supra</u>.  Third, the government has provided no authority – and plaintiffs know of no such authority – that the government may depose its own employees simply because there are a lot of them.  Plaintiffs are fully capable of conducting that duty in accordance with the Federal Rules.

<u>No Prejudice to Plaintiffs</u>.  Contrary to the government's contention, permitting it to examine its own employees first would improperly deprive plaintiffs of their right to conduct an effective examination of adversary witnesses.

A deposition is a record of testimony taken outside the courtroom, certified under the Federal rules so that a Court may regard it as equivalent to testimony delivered inside the courtroom under oath.  See <u>Windsor Shirt Co. v. New Jersey Nat'l Bank</u>, (ED PA 1992) 793 F.Supp. 589, 606.  The purpose of a deposition is to find out what the witness saw, heard, and knows, or what the witness thinks.  Where the truth-finding function of discovery is obstructed, a just result based upon the truth may not obtain.  See <u>Abed Damaj v. Farmers Insurance Company</u>, (ND OK 1995) 164 F.R.D. 559, 560, judgment vacated on other grounds, 1997 U.S.App.Lexis 36309.

The government acknowledges that its employee deponents intend to offer testimony injurious to plaintiffs' case.  United States Motion, pp. 2-4.  The truth-finding function of discovery authorizes plaintiff to conduct an informed and effective

Hon. Susan Illston
May 16, 2008
Page 7

examination of these deponents for the purpose of testing their knowledge and credibility, by unearthing failures of recollection, inconsistencies, evasiveness, and other hallmarks of the unreliable witness.

Here, the government attempts to pre-empt that effective examination. The government seeks to conduct a friendly examination – at its own offices – that is intended to inoculate the employees from plaintiffs' subsequent examination. The government's intent is clear because there is no other logical reason for it to fight this fight here. The government can obtain all information it seeks by asking any questions at the <u>end</u> of the deposition, <u>after</u> plaintiffs' examination.

The United States has provided no plausible explanation to justify this extraordinary pre-emption. In fact, this case is no different from any other in which plaintiffs are entitled to conduct a vigorous, unobstructed examination of adversary witnesses. The government should not be permitted to manipulate the truth-finding function of discovery in this manner.

C.    <u>CERTIFICATION OF MEET AND CONFER</u>

The undersigned certifies that he met and conferred in writing (including those emails attached to the United States' motion) and by telephone with the attorney for the United States regarding this dispute, before filing this opposition and application for order under Rule 26(d).

D.    <u>CONCLUSION</u>

The Court should deny the government's request to take the depositions of its employees and at its own offices, and to initiate questioning at those depositions. Plaintiffs respectfully request that the Court enter a scheduling order pursuant to Rule 26(d) that permits plaintiffs to notice these depositions within the time range previously ordered, at the offices of plaintiffs' counsel, and to conduct examination of the witnesses prior to their examination by the government.

Very truly yours,

*[signature]*

Joseph R. Igelmund

08.05.15.Wyckoff.Plfs.Oppos.USA.Mtn.Depos