IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLIE EAP,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

        No. C 07-2301 SI
        Related Case: C 07-3600 SI

        **ORDER RE: DISCOVERY**

The parties have submitted a discovery dispute to the Court for resolution.[1] Plaintiffs Eap and Wyckoff seek defendant Daniel Sperl's medical and employment records for the two year period preceding the accident, while defendant Sperl seeks a protective order limiting those documents to those drafted/originating within six months prior to the accident, and covering relevant subject matter as determined by Sperl's counsel. Plaintiffs assert that a protective order is unnecessary because they have agreed to execute a confidentiality agreement limiting disclosure of the documents to plaintiffs' counsel and retained experts.

The Court agrees with plaintiffs that Sperl's employment and medical records are relevant to whether Sperl was acting in the course of his employment at the time of the accident, whether the United States of America negligently supervised Sperl, and whether the accident was as a result of any of Sperl's medical conditions and/or medications. The Court finds that the two year time period sought by plaintiffs is reasonable, and that a confidentiality agreement will sufficiently protect Sperl's privacy.

---

[1] Defendant's motion for a protective order is Docket No. 31 in 07-2301, and plaintiffs' opposition to that motion is Docket No. 35 in 07-3600 SI. If documents are relevant to both cases, the parties are directed to file the documents in both cases.

Furthermore, in the event any party wishes to file Sperl's employment or medical records with the Court in connection with a future motion, they shall file those records under seal. Accordingly, the Court DENIES defendant's motion for a protective order.

**IT IS SO ORDERED.**

Dated: March 26, 2008

SUSAN ILLSTON
United States District Judge