**From:** Scharf, James (USACAN) [James.Scharf@usdoj.gov]
**Sent:** Friday, April 11, 2008 11:47 AM
**To:** Joe Igelmund; Jonathan Gertler; davislawoffice@verizon.net; Kristina L. Velarde
**Cc:** Chad.E.Kauffman@uscg.mil; Tseng, Neill (USACAN)
**Subject:** Eap/Wyckoff v. USA/Sperl: Deposition Schedule

<<EAP depo notice 4-11-08.wpd>>

      Dear counsel:

      As promised, we served by federal express today for delivery on Monday the additional medical and employment records, which were the subject of the recent motion for a protective order.

Also, as promised, attached please find the government's proposed deposition schedule.

Please note that all of the dates have been confirmed by the witnesses, unless otherwise indicated. We are still trying to persuade Dr. Harmon to come to SF for his deposition, although it might be necessary for us to depose him in Boston. I want to thank Chad for spending more than 10 hours contacting these witnesses to ascertain their availability, and then creating a schedule which is consistent with (1) the dates we have all previously reserved and with (2) the dates requested by the witnesses.

After giving the matter some thought, I decided to set forth the proposed schedule in the form of a deposition notice, for several reasons:

      1. No one provided me with their list of intended depositions by the agreed upon due date, despite my repeated requests.

      2. The government requires this testimony for its dispositive motion, which is due August 22. As it will be necessary to obtain transcripts and review them prior to that date, it is our goal to complete all of the needed depositions by the end of July. Serving our own Notice of Depositions is the best way I know to ensure that the depositions we need will be completed in a timely fashion.

      3. Opposing counsel is probably unaware of the specific facts many of these witnesses will testify to. Thus, it will be more efficient for me or Neil to conduct a brief direct examination of these witnesses, to elicit this testimony, which will then allow opposing counsel to conduct a more efficient cross-examination.

      4. It will be easier for the Court to understand this testimony if it unfolds as a direct and cross examination, particularly if the parties agree to stipulate to the admissibility of the deposition transcripts at trial in lieu of live testimony, which I am sure the Court will encourage us to do, particularly as to the minor witnesses whose credibility is not at issue.

    Notwithstanding the fact that we have noticed these depositions and have confirmed most of the dates with these witnesses, we are still willing to discuss with you and resolve to the satisfaction of all concerned any concerns you have about the dates of the depositions or the order of the questioning. I therefore propose that we schedule a telephone conference to further discuss these issues and to confirm our proposed deposition schedule. We will also need to reserve additional dates for the witnesses you all wish to depose, and I propose that we also do that at the telephone conference. In order to give you time to review the new medical and employment records, I propose that we schedule a telephone conference for any time on Monday, April 21, which gives you a full week to review the new records and consider our proposed schedule.

    It also occurred to me as I am typing this e-mail that by noticing these depositions ourselves, we are saving all parties money, as the government will then pay for the cost of the deposition. Of course, if you wish to question the witness first, you will need to pay for the cost of the deposition. Certainly, you have the right to question Mr. Chacon first if you wish to do so, as your deposition notice of Mr. Chacon takes priority over ours as it was served first. However, you may wish to have me question Mr. Chacon first to illicit the relevant policy and procedure testimony, about which you may not be familiar.

    As I have stated many times, I do not want to force anyone to do anything they are uncomfortable doing, but given the schedule ordered by the Court pursuant to stipulation, I hope you understand that I must do the things I feel are necessary to keep this case on schedule.

    Regards,

    James A. Scharf

    Assistant United States Attorney

    (408) 535-5044