**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

*150 Almaden Blvd., Suite 900*              *(408) 535-5044*
*San Jose, California 95113*                *FAX:(408) 535-5081*

April 25, 2008

Hon. Susan Illston
US District Court
Norther District of California
450 Golden Gate Ave
San Francisco, CA 94104

> Re:   Eap/Wyckoff v. USA/Sperl
>       Case Nos. C 07-2301 SI and C 07-3600 SI
>       Defendant USA's Motion to Permit Deposition Discovery Or In The
>       Alternative Request for Further CMC on May 9, 2008

## INTRODUCTION

Defendant USA submits this motion because a deposition scheduling dispute has arisen which threatens to disturb the existing case management schedule, including the August 22, 2008 due date for defendant's motion to dismiss or in the alternative motion for summary judgment ("dispositive motion") and the mediation with Judge Infante scheduled for September 18, 2008. Specifically, counsel for Wyckoff refuses to go forward at this time with sixteen depositions noticed by defendant USA, scheduled to occur between April 23, 2008, and June 25, 2008, which defendant USA needs to complete by the end of July at the latest in order to file its dispositive motion by August 22, 2008, pursuant to this Court's March 13, 2008 Order. Despite a lengthy telephonic meet and confer session held on April 21, 2008, and numerous subsequent e-mail exchanges, the parties have not been able to amicably resolve this dispute. While it is defendant USA's preference to resolve this issue in the context of an early Further CMC, counsel for the Wyckoff plaintiffs have refused to stipulate to move the June 6, 2008 Further CMC to May 9, 2008, leaving defendant USA little choice but to proceed by this motion.

## BACKGROUND

This case arises out of a fatal automobile accident, which occurred on December 22, 2005. The key issues are whether co-defendant Sperl was within the course and scope of his federal employment when the accident occurred, and whether defendant USA negligently supervised him by permitting him to drive. Defendant USA disputes liability and intends to file a dispositive motion.

On March 26, 2008, this Court denied defendant Sperl's motion for a protective order, thus allowing plaintiffs to obtain from defendant USA Sperl's government medical and employment records for the two year period preceding the accident. Defendant USA promptly produced those records on April 14, 2008. Defendant Sperl is working on obtaining all of Sperl's non-government medical records via an authorization signed by Sperl, and it is anticipated that those records will be obtained and produced within a few weeks, and certainly before June 4, 2008, which is the date on which defendant USA would like to resume its deposition discovery.

In full compliance with this Court's Minute Order following the initial Case Management Conference, defendant USA served a list of nine government witnesses whose testimony defendant USA intended to rely upon in support of its anticipated dispositive motion. Counsel for defendant USA repeatedly invited the other parties to indicate which of these witnesses they would like to depose, so that defendant USA could proceed to schedule their depositions in a timely manner. With the exception of a single witness (Ed Chacon),[1] the other parties have not taken a single step to depose the government declarants.

On April 11, 2008, defendant USA noticed the deposition of sixteen witnesses whose testimony defendant USA wanted to obtain to support its liability contentions.[2] Exhibit A. The depositions were scheduled to take place in the San Francisco Office of the United States Attorney on nine separate days between April 23, 2008, and June 25, 2008. *All of these dates were pre-approved by all counsel in accordance with the Local Rules and fifteen of the sixteen witnesses confirmed that they would appear on the noticed date.*

In an e-mail accompanying this Notice of Depositions, defendant USA explained the reasons why it noticed these depositions rather than wait for plaintiffs to do so:

"1. No one provided me with their list of intended depositions by the agreed upon due date, despite my repeated requests.

2. The government requires this testimony for its dispositive motion, which is due August 22. As it will be necessary to obtain transcripts and review them prior to that date, it is our goal to complete all of the needed depositions by the end of July. Serving our own Notice of Depositions is the best way I know to ensure that the depositions will

---

[1] Chacon is the administrator of the Petaluma Clinic. His deposition was initially noticed by Eap and then by defendant USA. The deposition was scheduled for April 23, 2008. In response to Wyckoff's objection, defendant USA agreed to reschedule (not withdraw) the depositions of all witnesses scheduled to occur between April 23, 2008, and May 28, 2008, including the deposition of Chacon. Counsel for defendant Eap has also expressed an interest in deposing two other witnesses (Sperl's second level supervisor, Naulty, and the investigating police officer, Fraklin). Counsel for the Wyckoff plaintiffs have yet to indicate which witnesses he would like to depose.

[2] The list included seven government declarants, two additional government witnesses, and five non-government witnesses. The common factual thread is that the government believes that all of these witnesses will in various ways refute various statements made by Sperl during his deposition.

be completed in a timely fashion.

3. Opposing counsel is probably unaware of the specific facts many of these witnesses will testify to. Thus, it will be more efficient for me or [AUSA Neil Tseng] to conduct a brief examination of these witnesses, to elicit this testimony, which will then allow opposing counsel to conduct a more efficient cross-examination.

4. It will be easier for the Court to understand this testimony if it unfolds as a direct and cross examination, particularly if the parties agree to stipulate to the admissibility of the deposition transcripts at trial in lieu of live testimony, which I am sure the Court will encourage us to do, particularly as to the minor witnesses whose credibility is not at issue." Exhibit B.

Notwithstanding the fact that the government noticed these depositions, the government advised the parties that it was "still willing to discuss with you and resolve to the satisfaction of all concerned any concerns you have about the dates of the depositions or the order of the questioning." To this end, the government proposed a telephone conference to occur on April 21, 2008, "to further discuss these issues and to confirm our proposed deposition schedule." Exhibit B.

On April 16, 2008, Joe Igelmund, counsel for the Wyckoff plaintiffs, requested "a stay of deposition discovery through June 4, 2008, in light of kidney surgery that is being scheduled for me in the next two weeks." Exhibit C. Counsel for defendant USA responded on April 18, 2008, that "we are willing to discuss a stipulation during our Monday telephone conference to continue the depositions that are on calendar between April 23, 2008, and May 28, 2008." (No depositions were scheduled between May 29, 2008, and June 3, 2008). Exhibit D.

The telephone conference went forward on April 21, 2008. It lasted 90 minutes. Unfortunately, the Wyckoff plaintiffs' lead attorney, Jonathan Gertler, was not able to participate. At the beginning of the telephone conference, Mr. Igelmund, who is apparently responsible for the day-to-day prosecution of the case, announced to all that his health issue was no longer the primary reason for his request for a stay of deposition discovery; that he was now requesting a stay of all deposition discovery, including the depositions scheduled between June 4, 2008, and June 25, 2008; and that he was unwilling to discuss new dates for any of these depositions until he was satisfied that he has received all discoverable records (or words to that effect). Mr. Igelmund proposed the concept that the date by which defendant's dispositive motion is due would be extended by the amount of time deposition discovery is delayed. However, he would not agree to the date deposition discovery can begin. It was agreed that the parties would jointly request the Court to move up the June 6, 2008, Further Case Management Conference, as it appeared likely that the Court's assistance would be required in order to resolve this scheduling dispute. It was further agreed to schedule another telephone conference for April 30, 2008.

With the consent of all of the parties, counsel for defendant USA contacted the Court's Clerk, and was told that the Further CMC could be moved to May 9, 2008, at 2:30 p.m. Counsel for defendant USA promptly circulated a short Stipulation and Proposed Order to that effect. Counsel for defendant USA, plaintiff Eap and defendant Sperl were all willing to sign that

Page 3 of 6

stipulation and participate in an earlier Further CMC on May 9, 2008, in order to amicably resolve this dispute without resort to motion practice. On April 24, 2008, counsel for the Wyckoff plaintiffs proposed that all depositions not start until July 15, 2008 and to move back defendant's anticipated dispositive motion accordingly. Accordingly, the Wyckoff plaintiffs did not see "any need for a CMC on May 9." Exhibit E.

### DEFENDANT USA'S PROPOSAL

Defendant USA has proposed and continues to propose that the Court issue an Order: (1) permitting defendant's deposition discovery to resume on June 4, 2008, on the previously noticed dates; (2) permitting defendant to reschedule the nine continued depositions for mutually convenient dates in July; (3) directing all parties to complete all depositions needed to prepare for defendant's dispositive motion by July 31, 2008; and (3) directing all parties to comply with this Court's prior Order dated March 13, 2008, including the date by which defendant's dispositive motion must be filed and the time frame for the mediation.

### WYCKOFF PLAINTIFFS' PROPOSAL

In a an e-mail dated April 24, 2008, Exhibit E, Mr. Igelmund proposed that depositions begin July 15, 2008 and that the hearing on defendant's motion be postponed to November 10. Indeed, Mr. Igelmund does not even commit to begin depositions on July 15, 2008, for he also proposes that "one of the purposes of the CMC [currently set for June 6] will be for the Court to determine whether there is any reason to further continue the July depositions . . . ." Moreover, he remains unwilling to recognize the priority of the government's previously noticed depositions, for he further proposes that "[p]laintiffs and defendants will meet and confer shortly before June 5 re identity and order of depositions starting in July."

### DISCUSSION OF THE PARTIES' COMPETING PROPOSALS

The Wyckoff plaintiffs' proposal is neither fair nor feasible for numerous reasons. Defendant needs to take the depositions of sixteen witnesses. Plaintiff Eap has indicated an interest in deposing two additional depositions. Presumably, the Wyckoff plaintiffs will seek to depose several other witnesses of their own choosing. This probably totals more than twenty depositions. These depositions should be completed at least three weeks before defendant's motion is due, to allow time to obtain and review the transcripts. To accomplish this, defendants seek to resume their noticed depositions on June 4. The six-week delay until July 15 is both unnecessary and impractical.

The Wyckoff plaintiffs apparently seek to suspend deposition discovery because they are not satisfied that they have all of the discoverable medical and employment records. The truth of the matter, however, is that they have had all government medical and employment records for the two years preceding the accident since April 14, 2008, and arrangements are being made by counsel for defendant Sperl to provide plaintiffs with all records from non-government sources within a few weeks, through an authorization signed by defendant Sperl. In light of the two-year limitation, these records are not voluminous. For example the government records produced April 14, 2008, spanned only 385 pages. There is little reason why the Wyckoff plaintiffs' attorney would be unprepared to resume deposition discovery in early June, which gives him

more than one month to review the recently produced records.

Moreover, many of the noticed depositions are percipient witnesses who have no knowledge of Sperl's prior medical and employment records. For example, the government seeks to depose:

(1) Firefighter Anderson (who will testify as to a statement made by Sperl at the scene of the accident as to his intended destination);

(2) Sperl's parents (who may testify as to a statement made to them by Sperl's wife as to when she expected Sperl to arrive home in Fallon);

(3) Lt. Stiles (who will testify as to admissions made by Sperl's agent and attorney, Nate Raff);

(4) Attorney Nate Raff (who will testify that he made those statements to government investigators with Sperl's knowledge and consent);

(5) Chief McKinley (who will testify as to a statement made by Sperl in the hospital as to his intended destination); and

(6) Two of Sperl's friends from the Petaluma base, Delane and Sherman (who Sperl claims he was going to see the night of the accident and who who may also possess personal knowledge about Sperl's fitness to drive).

Despite being advised of the roles played by these witnesses and the limited nature of their expected testimony, Mr. Igelmund refused to even discuss the scheduling of any of these individuals during the April 21, 2008, telephone conference.

Another compelling reason to move forward with the depositions as expeditiously as possible is because most of the deponents are in active military service and are subject to deployment at any time. For example, Lt. Col. Welch is expected to deploy to the Middle East in early May. The government seeks to depose these witnesses to preserve their testimony in the event they are unavailable to testify live at trial.

It is unclear what role, if any, the health of Mr. Igelmund is playing in the subject scheduling dispute. First, it was the stated reason for the requested stay. Then, it was not. Now, it apparently is. While defendant USA is certainly willing to modify the existing deposition schedule to accommodate opposing counsel's emergency medical needs,[3] defendant USA respectfully suggests that perhaps a second attorney from the Chavez and Gertler firm be assigned to this case so that the depositions can continue to go forward should Mr. Igelmund find himself unavailable.

---

[3] At Mr. Igelmund's request, defendant USA took three depositions off calendar because Mr. Igelmund needed to attend to his father, who had taken ill. Defendant USA will continue to extend to all counsel such professional courtesies.

Page 5 of 6

Counsel for defendant USA anticipates that the Wyckoff plaintiffs will attempt to justify their refusal to participate in deposition discovery with an allegation that defendant USA has somehow failed to comply with its discovery obligations, which defendant USA strongly disputes. Counsel for the Wyckoff plaintiffs have sent counsel for defendant USA two "meet and confer" letters, raising relatively technical and minor issues, to which counsel for defendant USA immediately responded. This correspondence is attached collectively as Exhibit F, should counsel for the Wyckoff plaintiffs attempt to raise this issue in connection with this motion.

Counsel have engaged in extensive meet and confer efforts to resolve this dispute. In addition to efforts listed above, the parties made a final attempt to resolve the dispute on April 24, 2008. Exhibit G. Regrettably, these efforts failed the defendant USA reluctantly requests the Court's assistance.

## CONCLUSION

For the foregoing reasons, defendant USA requests that the Court issue an Order: (1) permitting defendant's deposition discovery to resume on June 4, 2008, on the previously noticed dates; (2) permitting defendant to reschedule the continued depositions (i.e. the depositions originally scheduled to occur between April 23 and May 28) in July; (3) directing all parties to complete all depositions needed to prepare for defendant's dispositive motion by July 31, 2008; and (3) directing all parties to comply with this Court's prior Order dated March 13, 2008.

Alternatively, defendant USA requests that the Court set this case for a Further CMC on May 9, 2008, for the purpose of creating a revised case management plan which addresses the following issues: (1) the date on which defendant's depositions can resume; (2) the date by which deposition discovery related to defendant's dispositive motion should be completed; (3) the date by which defendant's dispositive motion must be filed; and (4) the date of the mediation.

DATED: April 24, 2008       Respectfully submitted,
                            JOSEPH P. RUSSONIELLO,
                            United States Attorney

                            JAMES A. SCHARF
                            Assistant United States Attorney