| | | |
|---|---|---|
| 1 | Dated: May 1 , 2008 | UNITED STATES ATTORNEY |
| 2 | | /s/*James A. Scharf* |
| 3 | | By: _____ |
| | | James A. Scharf |
| 4 | | Assistant United States Attorney |
| 5 | | Attorneys for Defendant USA |
| 7 | Dated: May 1, 2008 | CESARI, WERNER & MORIARTY |
| 8 | | /s/ *Kristina L. Velarde* |
| | | By: _____ |
| 9 | | Kristina L. Velarde |
| 10 | | Attorneys for Defendant DANIEL EARL SPERL |

**PROPOSED ORDER**

A Stipulation for Revised Case Management Schedule having been filed, and the Court having considered the papers filed by the parties, and good cause appearing:

IT IS SO ORDERED, and

IT IS FURTHER ORDERED that the hearing on defendant USA's motion to dismiss presently set for September 26, 2008 shall be continued to __Dec. 19_____, 2008, at __9 a.m.__ a.m./p.m., and that defendant USA shall file and serve its moving papers on said motion no later than __Nov. 14_____, 2008, and that plaintiffs shall file and serve any opposition to said motion no later than _____Nov. 28_____, 2008, and that defendant USA shall file and serve any reply on said motion no later than _____, 2008.

Dated: May ____, 2008          _____
                                THE HONORABLE SUSAN ILLSTON
                                UNITED STATES DISTRICT COURT JUDGE

---
5
STIPULATION FOR ORDER RE DEPOSITION DISCOVERY AND CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER

7. Nothing in this Stipulation and Proposed Order prevents any party from seeking additional modifications to the case management schedule set forth herein either through motion or through a request at the June 6, 2008 Further CMC. This includes the right of plaintiffs to request a further rescheduling of depositions if the parties have failed to obtain the Sperl Records by the June 6, 2008 Further CMC. However, plaintiffs would need to show how the Sperl Records not produced are necessary to prepare for the deposition(s) they seek to reschedule.

8. Immediately on execution of this Stipulation, defendant USA shall advise the Court by letter filing of this Stipulation, and shall request the Court to stay the seven-day deadline for plaintiffs to file letter opposition to defendant USA's letter motion filed April 25, 2008, while the Court is considering whether to approve this Stipulation. In the event the Court issues the requested order pursuant to this stipulation, defendant USA shall immediately take its April 25, 2008 letter motion off calendar.

SO STIPULATED

Dated: May 1, 2008          CHAVEZ & GERTLER LLP

                            /s/ *Joseph R. Igelmund*
                            By: _____
                                Joseph R. Igelmund

                            Attorneys for Plaintiffs SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF

Dated: May 1, 2008          DAVIS LAW OFFICES

                            /s/ *Andrew J. Davis*
                            By: _____
                                Andrew J. Davis

                            Attorneys for Plaintiffs CHARLIE EAP, heir at law of decedent Holly Annie Eap

1        2. The parties shall meet and confer on April 30, 2008, for the purpose of reserving

2  potential dates for the parties' respective depositions pertinent to defendant USA's anticipated

3  dispositive motion.  The parties shall further meet and confer shortly before June 5, 2008 to

4  identify which deponents shall be deposed in which order, and on which of the agreed dates,

5  subject to the witness' availability.  Plaintiffs have requested the opportunity to conduct a few

6  discovery depositions between July 15 and 31, 2008, to facilitate obtaining additional

7  information and documents prior to participating in the other depositions, and the parties shall

8  meet and confer  shortly before June 5, 2008, to address that issue as well.  Unless the Court

9  otherwise orders, all depositions needed to prepare for or oppose defendant's anticipated

10  dispositive motion shall be completed by September 30, 2008, on mutually agreed dates.

11        3. Plaintiffs have the right to take the deposition of Ed Chacon, which was first

12  noticed by plaintiff Eap and subsequently noticed by defendant USA.  The parties have not

13  been able to come to an agreement as to whether defendant USA shall be permitted to take

14  depositions of its witnesses that it noticed, without a limitation on the scope of the USA's

15  opening examination and without agreement on the order of examination.  However, the

16  parties agree to continue to meet and confer on that issue, and that if the meet and confer does

17  not result in agreement, to tender that issue to the Court for adjudication; that defendant USA

18  shall file a letter brief  as to that issue by May 9, 2008; and that plaintiffs shall file an

19  opposition letter brief as to that issue by May 16, 2008.

20        4.     The Further Case Management Conference presently calendared for June 6,

21  2008 shall remain on calendar.

22        5.     The hearing on defendant USA's anticipated dispositive motion, presently set

23  for September 26, 2008, shall be continued to the earliest date convenient to the Court on or

24  after November 21, 2008.  The respective dates on which the moving papers, opposition, and

25  reply are due shall be determined according to Northern District Rules 7-2 and 7-3.

26        6.     The parties shall participate in a mediation with Judge Infante on a mutually

27  convenient date to occur between the date defendant USA files its reply brief in support of its

28  anticipated dispositive motion, and the date of the hearing on said motion.

STIPULATION FOR ORDER RE DEPOSITION DISCOVERY AND CASE MANAGEMENT CONFERENCE;
[PROPOSED] ORDER

3

hearing on defendant's USA dispositive motion from September 26, 2008, to November 21, 2008.

WHEREAS, defendant USA has filed a motion for an order permitting its depositions to occur, starting June 4, 2008, or, in the alternative, for an order moving the June 6, 2008 Further CMC to May 9, 2008 ("the pending motion").

WHEREAS, the Wyckoff plaintiffs oppose said motion, in part on the above grounds.

WHEREAS, the parties continued their meet and confer efforts to resolve the scheduling dispute, even after defendant's pending motion was filed, including but not limited to a telephone conference on April 30, 2008.

WHEREAS, the parties were able to resolve all issues related to the pending scheduling dispute except one: Whether defendant USA may initiate questioning of the witnesses whose depositions it noticed on April 11, 2008.

WHEREAS, plaintiffs state that in entering into this scheduling stipulation, plaintiffs rely on defendant Sperl, defendant USA and the third party record holders to timely cooperate in the gathering and production of the Sperl records; plaintiffs also contend that the review of the Sperl Records is necessary to conduct informed deposition examinations of defendants' witnesses, and plaintiffs have not received all of said records.

WHEREAS, the parties present this Stipulation and Proposed Order as a complete resolution of the pending scheduling dispute.

WHEREAS, defendant USA agrees to withdraw its pending motion should the Court sign this Proposed Order.

NOW THEREFORE, the parties stipulate and respectfully request an order of the Court pursuant to said stipulation:

1. The parties' respective depositions pertinent to defendant USA's anticipated dispositive motion, including without limitation the depositions noticed by defendant USA subject to any further order of the Court upon the adjudication described in Paragraph 3 below), shall be rescheduled to occur between July 15, 2008, and September 30, 2008.

**STIPULATION**

This stipulation is made by plaintiffs SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF, and ALEXANDER WYCKOFF by and through his Guardian ad Litem SUSAN WYCKOFF ("Wyckoff Plaintiffs"), by their attorneys, Joseph R. Igelmund, Chavez & Gertler LLP, plaintiff CHARLIE EAP, heir at law of decedent Holly Annie Eap ("Eap Plaintiff"), by his attorneys, Andrew J. Davis, Davis Law Offices, defendant UNITED STATES OF AMERICA ("USA"), by its attorneys, James A. Scharf, Assistant United States Attorney, and defendant DANIEL EARL SPERL ("Sperl"), by his attorneys, Kristina L. Velarde, Cesari Werner & Moriarty.

WHEREAS, defendant USA noticed on April 11, 2008 depositions of government witnesses and others ("defense witnesses") that it sought to take between April 23, 2008, and June 25, 2008.

WHEREAS, the Court ruled in its order filed March 26, 2008 that "defendant Sperl's employment and medical records are relevant to whether Sperl was acting in the course of his employment at the time of the accident, whether the United States of America negligently supervised Sperl, and whether the accident was as a result of any of Sperl's medical conditions and/or medications."

WHEREAS, defendants contend that plaintiffs received all of the discoverable government records on April 14, 2008, and that arrangements are being made to provide plaintiffs with the discoverable non-government records on an expedited basis through Releases signed by Sperl.

WHEREAS, plaintiffs further contend that Wyckoff Plaintiffs' attorney Joseph Igelmund has responsibility for discovery on behalf of the Wyckoffs in this action; that he has been advised that he requires kidney surgery; that the kidney surgery has been scheduled for June 5, 2008; and that said surgery usually requires five days of hospitalization and three to four weeks of home recuperation thereafter.

WHEREAS, the Wyckoff Plaintiffs have requested that the depositions noticed by defendant USA be taken at a later date than noticed, and do not oppose a continuance of the

STIPULATION FOR ORDER RE DEPOSITION DISCOVERY AND CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER

CHAVEZ & GERTLER LLP
JONATHAN E. GERTLER (Bar No. 111531)
JOSEPH R. IGELMUND (Bar No. 52493)
42 Miller Avenue
Mill Valley, California 94941
Telephone: (415) 381-5599
Facsimile: (415) 381-5572

Attorneys for Plaintiffs
SUSAN WYCKOFF and
ALEXANDER WYCKOFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN WYCKOFF, individually, and as Administratrix of the Estate of PETER WYCKOFF; ALEXANDER WYCKOFF by and through his Guardian ad Litem, SUSAN WYCKOFF,<br><br>  Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA; DANIEL SPERL and DOES 1 through 20,<br><br>  Defendants. | Case No. C07-03600 SI<br>Case No. C07-2301 SI<br><br>**STIPULATION FOR REVISED CASE MANAGEMENT SCHEDULE; [PROPOSED] ORDER** |
| CHARLIE EAP, heir at law of decedent Holly Annie Eap,<br><br>  Plaintiff,<br><br>  vs.<br><br>UNITED STATES OF AMERICA; DANIEL SPERL and DOES 1 to 10,<br><br>  Defendants. | |

STIPULATION FOR REVISED CASE MANAGEMENT SCHEDULE; [PROPOSED] ORDER