# CHAVEZ & GERTLER LLP

## ATTORNEYS AT LAW

42 MILLER AVENUE
MILL VALLEY, CA 94941
TELEPHONE:  (415)  381-5599
FACSIMILE:  (415)  381-5572
joe@chavezgertler.com

May 23, 2008

The Honorable Susan Illston
United States District Judge
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

> **Re:**  **Wyckoff v. United States, et al**   **Eap v. United States, et al**
> **Case No:  C 07 3600 SI**       **Case No. C 07 2301 SI**

Dear Judge Illston:

Plaintiffs Wyckoff respectfully move pursuant to Rule 37(a) for an order (1) overruling defendant United States' objections to plaintiffs' Special Interrogatory Nos. 12 and 13, and (2) compelling defendant United States to serve amended, properly verified responses that disclose all information available to the United States, are responsive, explicit, and complete, and identify all responsive documents by Bates number.  Plaintiffs also move pursuant to Rule 37(a) for an order (3) overruling defendant United States' objections to plaintiffs' Document Request Nos. 18 and 19, and (4) compelling defendant United States to produce, with Bates numbers in pdf form affixed, all documents requested by those document requests and not previously produced by the United States.

A.    BACKGROUND

This is a personal injury action against defendants Daniel Sperl and the United States arising from a motor vehicle accident December 22, 2005.  A motor vehicle operated by Sperl, a member of the United States Coast Guard on active duty, crossed the double yellow line on an undivided state highway and collided with the Wyckoff vehicle.  The CHP report describes Mr. Sperl as traveling "at a high rate of speed" in "heavy rainfall with a wet roadway surface," and losing control as he "rapidly passed all witnesses."  49 year old Peter Wyckoff and 15 year old Holly Ann Eap, the husband and daughter of plaintiff Susan Wyckoff and the father and sister of minor plaintiff Alexander Wyckoff, were killed in the collision.

Hon. Susan Illston
May 23, 2008
Page 2

Plaintiffs assert that the United States is liable in that Mr. Sperl was acting in the course and scope of his employment, and was negligently supervised by the United States and permitted to drive while impaired.  The United States denies liability.  Thus, plaintiffs propounded the present discovery.  Special Interrogatory No. 12 asks the United States to state the facts supporting its contention that defendant Sperl was not acting in course and scope, to identify persons with knowledge of those facts, and to identify documents supporting the contention (Exhibit 1).  Special Interrogatory No. 13 requests the same information as to the United States' contention that it did not negligently supervise Sperl (Exhibit 1).  Document Request No. 18 requests production of all documents that support the government's contention that defendant Sperl was not acting in course and scope (Exhibit 3).  Document Request No. 19 requests production of all documents that support the government's contention that it did not negligently supervise Sperl (Exhibit 3).   (Plaintiffs file this motion as to the Document Requests only for the purpose of assuring that, if the United States is ordered to serve amended interrogatory responses and identifies documents that have not yet been produced, the United States is ordered to produce them.)

Plaintiffs need the requested information to defend against the dispositive motion that the United States intends to file in November.  All parties' deposition discovery relating to the motion must be completed by September 30, 2008, pursuant to the Court's order.  With the information requested by these interrogatories, plaintiffs will be able to conduct comprehensive deposition and other discovery for the purpose of disproving the government's facts or showing other persuasive facts, impeaching the asserted persons with knowledge and identifying other persons with contrary knowledge, and testing the asserted supporting documents and seeking out other, contrary documents.

However, the United States has refused to provide full answers to these interrogatories, even though it controls most if not all of the information.  The persons who interacted with defendant Sperl, a career member of the United States Coast Guard, and who can testify relating to whether he was acting in course and scope or whether the United States negligently supervised him, are almost entirely Coast Guard employees.  In addition, there are some United States Air Force medical employees who have knowledge of facts relating to Sperl's travel on the date of the accident, and his relevant medical conditions and treatments.  Defendant United States also has employees with knowledge of the military regulations and procedures relevant to Sperl's actions.  Defendant United States controls all of these employees, as well as all relevant documents held by the Coast Guard and Air Force.  Defendant United States has had ample opportunity to investigate the facts known to these employees and other witnesses, and to identify documents supporting its contentions.

Hon. Susan Illston
May 23, 2008
Page 3

In fact, United States counsel has represented in substance that the government has done extensive fact gathering.  Yet, the government refuses to provide explicit and complete interrogatory answers regarding the facts available to it, persons with knowledge, and documents supporting its contentions (Exhibit 2-A).  Instead, the government seeks to provide only "general" information now, and delay fuller disclosure until deposition discovery relating to its motion is "substantially completed" (Exhibits 7, 8).  As this prejudices their ability to defend against the government's dispositive motion, plaintiffs bring the present motion to compel further responses.

B.     MEET AND CONFERS

        The undersigned certifies that he has met and conferred with the United States' attorney, James Scharf, on these matters before filing the present motion, as required by Northern District Rule 37-1.  As to the interrogatories, the meet and confers consisted of (1) my May 13, 2008 letter to Mr. Scharf (Exhibit 5); (2) our telephone meet and confer May 19, 2008; (3) my May 21, 2008 letter confirming the parties' respective positions in the May 19 telephone meet and confer (Exhibit 7); and (4) Mr. Scharf's May 21, 2008 reply email stating that the United States is willing to provide further responses when deposition discovery relating to its dispositive motion is "substantially completed" (Exhibit 8).  As to the document requests, the meet and confers consisted of (1) my May 13, 2008 letter to Mr. Scharf (Exhibit 6), (2) our telephone meet and confer May 19, 2008; (3) my May 21, 2008 letter confirming the parties' respective positions in the May 19 telephone meet and confer (Exhibit 7); and (4) Mr. Scharf's May 21, 2008 reply email (Exhibit 8).

C.     ARGUMENT

        1.     Defendant United States Should Be Ordered To Serve Amended, Properly Verified Answers to Interrogatory Nos. 12 And 13 That Are Responsive, Explicit, And Complete As Required By Rules 26 and 33, And Identify Responsive Documents By Bates Number.

                a.     The United States' Objections Are Without Merit.

        Defendant United States asserts the same two objections to each interrogatory: that it calls for privileged information and a legal conclusion.  Exhibit 2-A, Interrogatories 12, 13.  Any other potential objections not made by the government are waived.  See Richmark Corp. v. Timber Falling Consultants, (9th Cir. 1992) 959 F.2d 1468, 1473.

Hon. Susan Illston
May 23, 2008
Page 4

The privilege and legal conclusion objections are without basis. The facts supporting a contention, the names of persons with knowledge of those facts, and supporting documents, are clearly discoverable. Rules 26, 33; see <u>United States ex rel O'Connell v. Chapman University</u>, (CD CA 2007) 245 F.R.D. 646, 649; <u>Rogers v. Tri-State Materials Corp.</u>, (ND WV 1970) 51 F.R.D. 234, 239, 246. Further, as to the claim of privilege, the government has failed to describe the nature of the information sought to be protected in such a manner that enables plaintiffs to assess the applicability of the privilege, as required by Rule 26(b)(5). See <u>United States v. Construction Products Research, Inc.</u>, (2nd Cir. 1996) 73 F.3d 464, 473. Plaintiffs request that the government's objections be overruled.

> b.     <u>The United States Has Failed To Provide Responsive, Explicit, And Complete Answers As Required By Rules 26 and 33</u>.

The purpose of discovery is to make a trial "less a game of blind man's bluff" and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible. <u>United States v. Procter & Gamble</u>, (1958) 356 U.S. 677, 683. Thus, a party is required to provide true, explicit, responsive, complete, and candid answers to interrogatories. <u>Hansel v. Shell Oil Corp.</u>, (ED PA 1996) 169 F.R.D. 303, 305.

In answering interrogatories, the responding party must furnish "such information as is available to the party." Rule 33(a). If information is known to employees of the responding party, or persons over whom it has control, the responding party has the duty to obtain such information and provide it. See <u>Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton</u>, (DC KS 1991) 136 F.R.D. 682, 686. The information required to be provided also includes information known to the responding party's attorneys and agents, where not protected as work product. See <u>General Dynamics Corp. v. Sel Mfg. Co.</u>, (8th Cir. 1973) 481 F.2d 1204, 1210. A party who resists discovery has the burden to show the discovery should not be allowed. <u>Blankenship v. Hearst Corp.</u>, (9th Cir. 1975) 519 F.2d 418, 429.

Defendant United States has failed to give responsive, explicit, and complete answers to these interrogatories' requests to provide the facts, the names of persons with knowledge of the facts, and documents supporting its contention that Sperl did not act in course and scope (Interrogatory No. 12) and that the United States did not negligently supervise him (Interrogatory No. 13). Instead, its single-paragraph response to <u>each</u> interrogatory states further "contentions," and then:

Hon. Susan Illston
May 23, 2008
Page 5

> "In support of these contentions, responding defendant <u>relies on the
> information and documents previously disclosed by this defendant, including
> but not limited to</u> the lists of the government declarants, as well as the
> deposition testimony of Sperl and other witnesses whose depositions are
> currently scheduled."  (Emphasis added.)

Thus, the facts cited by the government – in support of its contention that
Sperl did not act in course and scope, <u>and</u> its contention that it did not negligently
supervise him – include <u>every fact previously disclosed by the government on every
subject</u>.  Further, when asked to identify persons with knowledge of the facts
supporting each contention, the United States identifies in effect <u>every single person
having any knowledge of any subject in the case</u> (the government recites that it relies
on "the information and documents previously disclosed by this defendant, <u>including
but not limited to</u> the lists of the government declarants" (emphasis added)).  And, in
using the same quoted language, the government effectively identifies <u>every single
document produced in the case, no matter what the subject</u>.

As the United States has control of its employees, agents, and documents,
these evasive answers are not the explicit, responsive, complete, and candid answers
required by <u>Hansel</u>, <u>supra</u>.  Plaintiffs are entitled to explicit and responsive answers
that reflect information known to the government's employees, and to its attorneys
and agents where not protected as work product, and to explicit disclosure of
documents supporting the government's contentions.  <u>Continental</u>; <u>General
Dynamics</u>; <u>United States ex rel O'Connell</u>, <u>supra</u>.  In providing an answer that
calculatedly incorporates every fact, every person, and every document in the case, no
matter what the subject matter, the United States evades that duty.  <u>Procter & Gamble</u>,
<u>supra</u>.

Further, the government should not be permitted to substitute a reference to
depositions or other documents for an explicit statement of the facts, as a detailed
review of the entirety of those materials would be required to determine whether an
adequate answer has been provided.  See <u>Scaife v. Boenne</u>, (ND IN 2000) 191 F.R.D.
590, 594.  And even if the government were to be permitted to refer to documents in
lieu of providing facts, it should be required to disclose <u>where</u> the facts are to be
found in the <u>3,500+ pages of documents</u> it has produced.  A party must specify the
responsive documents "in sufficient detail to permit the interrogating party to locate
and identify, as readily as the party served, the records from which the answer may be
obtained."  See <u>Rainbow-Pioneer v. Hawaii-Nevada Investment Corp.</u>, (9th Cir 1983)
711 F.2d 902, 906 (responding party "did not specify where in the records the
answers could be found"); <u>Walt Disney Co. v. DeFabiis</u>, (CD CA 1996) 168 F.R.D.

Hon. Susan Illston
May 23, 2008
Page 6

281, 284 (responding party ordered to identify location of information in referenced records).

Plaintiffs also request that the United States be ordered to provide a proper verification, in that the original responses were unverified, and the verification subsequently served fails to state that the signator is "informed and believes" that the answers are true, and also fails to include a declaration under penalty of perjury or statement of oath, in violation of Rule 33 (Exhibit <u>2-B</u>).

As over four thousand pages have been produced by the parties in the case; reference to the various documents without Bates number is difficult and time-consuming for the parties; and the government disputed until recently whether it should Bates stamp all documents, plaintiffs also request that the government be required to identify any further responsive documents by Bates number.  See <u>Glover v. Board of Education</u>, (ND IL 2004) 2004 U.S.Dist.Lexis, pp. 6-7 (responding party ordered to Bates number documents totaling thousands of pages).

Thus, defendant United States should be ordered to serve amended, properly verified responses that disclose all information available to the United States, are responsive, explicit, and complete, and identify supporting documents by Bates number.

> 2.    <u>Defendant United States Should Be Ordered To Produce Any Documents That It Identifies In Its Amended Responses And Which Have Not Yet Been Produced, As Required By Rule 34</u>.

Plaintiffs have filed the motion as to the Document Requests only for the purpose of assuring that, if the United States identifies further documents in its interrogatory answers that have not yet been produced, the United States is ordered to produce them.

The government objects to each document request as calling for privileged information and for a legal conclusion (Exhibit <u>4</u>).  Any other potential objections not made by the government are waived.  See <u>Richmark</u>, <u>supra</u>, 959 F.2d at 1473.  As discussed above, the privilege and legal conclusion objections are without basis.  The documents supporting a contention are clearly discoverable.  Rule 26; see <u>United States ex rel O'Connell</u>, <u>supra</u>, 245 F.R.D. at 649.  And, as to the claim of privilege, the government has failed to describe the nature of the information sought to be protected in such a manner that enables plaintiffs to assess the applicability of the privilege, as required by Rule 26(b)(5).  See <u>Construction Products</u>, <u>supra</u>, 73 F.3d at 473.

Hon. Susan Illston
May 23, 2008
Page 7

Thus, the government's objections should be overruled, and the government should be ordered to produce, with Bates numbers affixed, all documents requested by Document Request Nos. 18 and 19 and not previously produced by the government. See <u>Glover</u>, <u>supra</u>, at pp. 6-7.

D.     <u>CONCLUSION</u>

On the foregoing grounds, plaintiffs Wyckoff respectfully request that the Court (1) overrule defendant United States' objections to plaintiffs' Special Interrogatory Nos. 12 and 13, and (2) order defendant United States to serve amended, properly verified responses that disclose all information available to the United States, are responsive, explicit, and complete, and identify all responsive documents by Bates number. Plaintiffs further respectfully request that the Court (3) overrule defendant United States' objections to plaintiffs' Document Request Nos. 18 and 19, and (4) order defendant United States to produce, with Bates numbers affixed, all documents requested by those document requests and not previously produced by the United States.

Very truly yours,

Joseph R. Igelmund

08.05.23.Wyckoff.Plfs.MTC.SPROGS2-RPD3