1  JOSEPH P. RUSSONIELLO (California Bar No. 44332)
   United States Attorney
2  JOANN M. SWANSON (California Bar No. 88143)
   Chief, Civil Division
3  JAMES A. SCHARF (California Bar No. 152171)
   Assistant United States Attorney
4
       150 Almaden Blvd, Suite 900
5      San Jose, California 95113
       Telephone: (408) 535-5044
6      Facsimile: (408) 535-5081
       Email: james.scharf@usdoj.gov
7
   Attorneys for Defendant
8  UNITED STATES OF AMERICA

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12

13 SUSAN WYCKOFF, individually, and as          Case No. C 07-2301 SI
   Administratrix of the Estate of PETER
   WYCKOFF; ALEXANDER WYCKOFF by                Case No. C 07-3600 SI
14 and through his Guardian ad Litem, SUSAN
   WYCKOFF,                                     DEFENDANT USA'S
15                                              RESPONSES TO
                                                PLAINTIFF SUSAN WYCKOFF'S,
16          Plaintiffs,                         INDIVIDUALLY, SECOND SET OF
                                                SPECIAL INTERROGATORIES
17 CHARLIE EAP, heir at law of decedent, Holly
   Annie Eap,
18
            Plaintiff,
19
        v.
20
   UNITED STATES OF AMERICA and
21 DANIEL EARL SPERL,

22          Defendants.

23

24

25

-1-

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, on behalf of itself and no other, defendant United States of America responds to the Plaintiff Susan Wyckoff's, individually, second set of special interrogatories as follows:

Investigation is ongoing and responding defendant reserves the right to supplement its responses if additional information is obtained.

**SPECIAL INTERROGATORY NO. 12:**

Regarding YOUR contention that defendant Daniel Sperl was not acting in the course and scope of his employment at the time of the INCIDENT:

(a) State all facts upon which YOU base YOUR contention that defendant Daniel Sperl was not acting in the course and scope of his employment;

(b) IDENTIFY all persons who have knowledge of any of those facts; and

(c) IDENTIFY all DOCUMENTS that support YOUR contention that defendant Daniel Sperl was not acting in the course and scope of his employment.

**ANSWER TO SPECIAL INTERROGATORY NO. 12:**

Objection, calls for privileged information and a legal conclusion. Without waiving those objections, see responding defendant's initial disclosures. Responding defendant disputes that Dr. Harman ordered Sperl to Travis to get medication and further disputes that Sperl was going there when the subject accident occurred. Responding defendant further contends that Dr. Harman told Sperl to get a driver to take him to Santa Rosa for his MRI appointment. Responding defendant further contends that Sperl was not authorized to go to Travis to get medication because he did not follow proper procedure with respect to that alleged trip. Responding defendant further contends that the purpose of that alleged trip was to benefit him and not his employer. In support of these contentions, responding defendant relies on the information and documents previously disclosed by this defendant, including but not limited to

1  the lists of the government declarants, as well as the deposition testimony of Sperl and other
2  witnesses whose depositions are currently scheduled. Discovery and investigation is ongoing.

**SPECIAL INTERROGATORY NO. 13:**

Regarding YOUR contention that the United States Coast Guard did not negligently supervise defendant Daniel Sperl preceding the INCIDENT:

(a) State all facts upon which YOU base YOUR contention that the United States Coast Guard did not negligently supervise Sperl;

(b) IDENTIFY all persons who have knowledge of any of those facts; and

(c) IDENTIFY all DOCUMENTS that support YOUR contention that the United States Coast Guard did not negligently supervise Sperl.

**ANSWER TO SPECIAL INTERROGATORY NO. 13:**

Objection, calls for privileged information and a legal conclusion. Without waiving those objections, see responding defendant's initial disclosures. Responding defendant contends that Dr. Harman told Sperl to get a driver to take him to Santa Rosa for his MRI appointment. Responding defendant further contends that it was under no duty to order Sperl not to use his personal vehicle to go to his personal medical appointments; that Sperl's employer was not aware of any information that suggested that Sperl was unfit to drive; and that defendant's alleged failure to supervise Sperl was not a cause of the subject accident. In support of these contentions, responding defendant relies on the information and documents previously disclosed by this defendant, including but not limited to the lists of the government declarants, as well as the deposition testimony of Sperl and other witnesses whose depositions are currently scheduled. Discovery and investigation is ongoing.

1 | DATED: March 20, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

JAMES A. SCHARF
Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**DEFENDANT USA'S RESPONSES TO PLAINTIFF SUSAN WYCKOFF'S INDIVIDUALLY, SECOND SET OF SPECIAL INTERROGATORIES; and**

**DEFENDANT USA'S RESPONSES TO PLAINTIFF SUSAN WYCKOFF'S INDIVIDUALLY, THIRD REQUEST FOR PRODUCTION OF DOCUMENTS.**

<u>**CHARLIE EAP v. UNITED STATES OF AMERICA and DANIEL EARL PEARL**</u>
C-07-2301 SI

<u>**SUSAN WYCKOFF, et al. v. UNITED STATES OF AMERICA and DANIEL EARL PEARL**</u>
C-07-3600 SI

to be served this date upon the party(ies) via:

__XX__ **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

to the parties addressed as follows:

Andrew Jackson Davis
Davis Law Offices
1900 W Garvey Ave S #160
West Covina, CA 91790

Jonathan E. Gertler, Esq
Joseph R. Ingelmund, Esq
42 Miller Avenue
Mill Valley, CA 94941

Paul N. Cesari, Esq
Kristina Lee Velarde, Esq.
Cesari, Werner & Moriarty
360 Post Street
San Francisco, CA 94108-4908

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of March, 2008, at San Jose, California.

_____
Mimi Lam, Legal Assistant