# CHAVEZ & GERTLER LLP
## ATTORNEYS AT LAW

42 MILLER AVENUE
MILL VALLEY, CA 94941
TELEPHONE: (415) 381-5599
FACSIMILE: (415) 381-5572
joe@chavezgertler.com

May 13, 2008

**VIA EMAIL**

James A. Scharf, Esq.
Assistant United States Attorney
150 Almaden Blvd., Suite 900
San Jose, CA 95113

    Re: **Wyckoff v. United States of America, et al**

Dear Jim:

    We ask to conduct a telephone meet and confer regarding defendant United States' deficient responses to plaintiff's Second Set of Special Interrogatories. As the information that the United States refused to provide is necessary to setting and planning plaintiffs' depositions, we ask for verified, amended responses by May 23, 2008. (Hopefully, the disputed matters will be substantially resolved by previous meet and confers affecting the substance of the United States' answers to these interrogatories.) If the dispute cannot be resolved, we will bring a motion to compel and seek sanctions.

### General Comments

    Verification. The United States' responses were unverified. Please provide a proper verification by an officer or agent of the United States.

### Individual Interrogatories

    Interrogatory Nos. 12 and 13. The issues as to each of these interrogatories, and the United States' respective responses, are the same. Interrogatory No. 12 asks the United States, regarding its contention that defendant Sperl was not acting in course and scope, to state all facts upon which the contention is based, identify all persons who have knowledge of any of those facts, and identify all documents that support the contention. Interrogatory No. 13 asks the United States for the same information regarding its contention that the United States Coast Guard did not negligently supervise defendant Sperl.

James A. Scharf, Esq.
May 13, 2008
Page 2

      The United States objects to each interrogatory as calling for privileged information and a legal conclusion, and then states contentions, not facts; fails to identify persons with knowledge of those facts; and fails to identify documents that support its denial, instead making reference to <u>all</u> information and documents previously disclosed by defendant.

      Defendant's objection that the interrogatory calls for privileged information and a legal conclusion is improper. The facts supporting a claim or defense, and identification of persons with knowledge of those facts, are clearly discoverable. Rules 26, 33; <u>Rogers v. Tri-State Materials Corp.</u>, (ND WV 1970) 51 F.R.D. 234, 239, 246. Further, defendant has failed to make the clear showing that the claim of privilege is proper, as required by Rule 26(b)(5). The United States' blanket assertion of privilege is insufficient in that it fails to describe the nature of the information sought to be protected in such a manner that enables other parties to assess the applicability of the privilege. Rule 26(b)(5). If the United States contends that a document is privileged, please provide a privilege log that identifies (1) the date the document was written, (2) the name and title of its author, (3) the names and titles of all addresses and recipients, (4) the general nature of the document, (5) the document's present location, and (6) the specific ground of the claim of privilege; also, please state (7) whether the document has attachments or exhibits, and if it does, the same information requested above as to each such attachment and exhibit, and the specific ground of the claim of privilege for the attachment or exhibit) (see <u>United States v. Construction Products Research, Inc.</u>, (2nd Cir. 1996) 73 F.3d 464, 473; <u>O'Connor v. Boeing North American, Inc.</u>, (CD CA 1999) 185 FRD 272, 280); and (8) as to any strings of emails included in the privilege log, that you will list each email in the string separately (see <u>In re Universal Service Fund Tel. Billing Practs. Litig.</u>, (D KS 2005) 232 FRD 669, 672-4. Otherwise, please withdraw the privilege claim.

      Also, please provide the information requested by each interrogatory: the facts supporting the contention, the names of persons with knowledge of those facts, and the documents that support the contention. In identifying documents, a brief description of the documents is acceptable provided that their Bates numbers are stated. As to persons with knowledge of the facts, please state their names. If, however, any such person has been previously identified on a list of witnesses, and the names of <u>all</u> persons on that list are responsive to the interrogatory, designation of the list is satisfactory provided that it is identified by Bates number.

James A. Scharf, Esq.
May 13, 2008
Page 3

## Conclusion

    We propose Monday, May 19 at 10:00 a.m. for the telephone meet and confer, as the subject matter is brief and there already is a meet and confer scheduled at that time regarding plaintiffs' responses to the United States' second interrogatories. We assume that your discussion of the United States' second interrogatories will go first, unless you prefer otherwise. We look forward to resolving these matters in a cooperative manner so that the Court and the parties may avoid the burden of motion practice.

                              Very truly yours,

                              Joseph R. Igelmund

08.05.10.Scharf.M&C.SPROGS 1