# CHAVEZ & GERTLER LLP

## ATTORNEYS AT LAW

42 MILLER AVENUE
MILL VALLEY, CA 94941
TELEPHONE: (415) 381-5599
FACSIMILE: (415) 381-5572
joe@chavezgertler.com

May 13, 2008

**VIA EMAIL**

James A. Scharf, Esq.
Assistant United States Attorney
150 Almaden Blvd., Suite 900
San Jose, CA 95113

      Re:  **Wyckoff v. United States of America, et al**

Dear Jim:

      This is an attempt to meet and confer regarding defendant United States of America's deficient responses to plaintiff Susan Wyckoff's Third Request for Production of Documents. This Request was served with plaintiff's Second Set of Special Interrogatories. As the documents that the United States refused to provide and/or to explicitly identify are necessary to setting and planning plaintiffs' depositions, we ask for amended responses by May 23, 2008. (Hopefully, the disputed matters will be substantially resolved by previous meet and confers affecting the substance of the United States' answers to these document requests.) If the dispute cannot be resolved, we will bring a motion to compel and seek sanctions.

      Request Nos. 18 and 19. The issues as to each of these document requests, and the United States' respective responses, are the same. Request No. 18 asks the United States to produce all documents, as defined, that support its contention that defendant Sperl was not acting in course and scope. Request No. 19 asks the United States to produce all documents, as defined, that support its contention that the United States Coast Guard did not negligently supervise defendant Sperl. The United States objects to each document request as calling for privileged information and a legal conclusion, and then describes various documents in a cursory and general fashion.

      Defendant's objection that the document request calls for privileged information and a legal conclusion is improper. Discovery regarding a claim or defense, and its supporting evidence, are clearly discoverable. Rules 26, 34; see Rogers v. Tri-State Materials Corp., (ND WV 1970) 51 F.R.D. 234, 239, 246. Further, defendant has failed to make the clear showing that the claim of privilege is proper, as required by Rule 26(b)(5). The United States' blanket assertion of

James A. Scharf, Esq.
May 13, 2008
Page 2

privilege is insufficient in that it fails to describe the nature of the information sought to be protected in such a manner that enables other parties to assess the applicability of the privilege. Rule 26(b)(5). If the United States contends that a document is privileged, please provide a privilege log that identifies (1) the date the document was written, (2) the name and title of its author, (3) the names and titles of all addresses and recipients, (4) the general nature of the document, (5) the document's present location, and (6) the specific ground of the claim of privilege; also, please state (7) whether the document has attachments or exhibits, and if it does, the same information requested above as to each such attachment and exhibit, and the specific ground of the claim of privilege for the attachment or exhibit) (see <u>United States v. Construction Products Research, Inc.</u>, (2nd Cir. 1996) 73 F.3d 464, 473; <u>O'Connor v. Boeing North American, Inc.</u>, (CD CA 1999) 185 FRD 272, 280); and (8) as to any strings of emails included in the privilege log, that you will list each email in the string separately (see <u>In re Universal Service Fund Tel. Billing Practs. Litig.</u>, (D KS 2005) 232 FRD 669, 672-4. Otherwise, please withdraw the privilege claim.

     As to the United States' substantive response, Rule 34(a) authorizes plaintiff to serve on defendant a request for production of all responsive documents that are in defendant's possession, custody, or control, and requires defendant to state in its response, with respect to each such requested item or category, either (1) that "inspection and related activities will be permitted as requested," or (2) defendant's objection, and if the defendant makes an objection to only part of an item or category, the part shall be specified and inspection permitted of the remaining parts." FRCP Rule 34(b). Plaintiff proposes the following as a resolution of the dispute: The United States will state in its Amended Response: "Defendant United States has produced all documents requested by this Document Request No. ___ . Those documents are Bates stamped ____ ."

Conclusion

     We propose Monday, May 19 at 10:00 a.m. for the telephone meet and confer, as the subject matter is brief and the parties already have a meet and confer scheduled. We look forward to resolving these matters in a cooperative manner so that the Court and the parties may avoid the burden of motion practice.

     Very truly yours,

     *[signature]*

     Joseph R. Igelmund

08.05.13.Scharf.jri.M&C RPD 3