

**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

| | |
|---|---|
| *150 Almaden Blvd., Suite 900* | *(408) 535-5044* |
| *San Jose, California 95113* | *FAX:(408) 535-5081* |

May 28, 2008

Hon. Susan Illston
US District Court
Norther District of California
450 Golden Gate Ave
San Francisco, CA 94104

> Re:   Eap/Wyckoff v. USA/Sperl
> Case Nos. C 07-2301 SI and C 07-3600 SI
> Defendant USA's Opposition to Motion to Compel and Request for
> Scheduling Order

## INTRODUCTION

Late Friday evening, before a three-day holiday weekend, the Wyckoff plaintiffs ("plaintiff") filed a motion to compel, despite the government's request to refrain from doing so until after the June 6, 2008, Further CMC.[1]  Defendant USA hereby responds to that motion.

The general issue raised by the subject motion is what degree of specificity should be required in responding to "contention" discovery requests at time, prior to the deposition phase of this case, which is scheduled to begin on July 15, 2008, and to conclude by September 30, 2008, pursuant to Stipulated Order. Defendant USA submits that, *at this particular juncture*, its responses to plaintiff's contention discovery requests (Special Interrogatory Nos. 12 and 13 and Document Request Nos. 19 and 19) should be deemed sufficient at this time for the following reasons: First, defendant's responses (and the items referenced therein) fairly apprise plaintiff of the factual contentions defendant USA is making at this time, so that plaintiff can conduct appropriate discovery. Second, plaintiff has answered defendant's

---

[1]See James Scharf e-mail to Joe Igelmund dated May 21, 2008, attached to plaintiff's motion as Exhibit 8, requesting plaintiff to delay the subject motion until after the Further CMC so that the scheduling issues raised by plaintiff's motion and defendant's opposition can be discussed at the Further CMC. When defense counsel reminded plaintiff's counsel of these facts, plaintiff's counsel offered to allow the government to file its opposition brief on Monday, June 2, rather than Friday, May 30, subject to the Court's approval. To give the Court adequate time to consider these issues prior to the upcoming Further CMC, defendant filed this opposition brief early.

contention discovery requests in a similarly general way. Third, plaintiff seeks privileged information to the extent plaintiff seeks to discover how the disclosed documents and witnesses support the government's factual contentions.

Nothwithstanding these arguments, defendant USA has proposed that the parties negotiate a date by which all parties agree to supplement their responses to the contention discovery requests, after the noticed depositions have been completed, but before the dispositive motion must be filed, so that no party is surprised by the evidence set forth in defendant USA's anticipated dispositive motion or in the opposition papers. Defendant USA has further proposed that the parties negotiate a date by which the meet and confer process for all previously answered discovery requests should conclude, and a date by which a comprehensive motion to compel to resolve all of the outstanding discovery disputes be filed, to ensure that the deposition phase of this case commence without further delay. Plaintiff summarily rejected these reasonable proposals.

For the reasons set forth herein, defendant USA requests that (1) plaintiff's motion to compel be denied; and (2) the Court set the following dates at the June 6, 2008, Further CMC: (a) a date by which all parties must supplement their contention discovery responses; (b) a date by which the meet and confer process for all previously answered discovery requests must conclude; and (c) a date by which a comprehensive motion to compel to resolve all of the outstanding discovery disputes must be filed.

## **BACKGROUND**

Defendant USA has responded to no less than nine separate sets of discovery requests from plaintiff, not counting the discovery propounded by the other parties. Defendant USA has produced over 3,400 pages of documents, including all of the medical and employment records for the two-year period preceding the subject accident. Included in its production were documents from non-federal sources equally available to the parties, including the police report, police photos, toxicology report and coroner's report. Waiving privilege, the government also produced statements obtained from a private investigator for the witnesses the government seeks to depose. [2]

Through its January 11, 2008, list of declarants and April 11, 2008, notice of depositions, defendant USA has identified every single witness it currently intends to rely upon in support of its anticipated dispositive motion, and has even made a written proffer as to testimony it expects the government-employed witnesses to offer.[3]  When new documents are located, defendant USA immediately produces them to all parties, along with an e-mail explaining which witness will testify about that document, and which argument the document tends to support. Plaintiff's

---

[2] As a professional courtesy, the government has agreed to reproduce with Bates Stamp numbers all of the documents it produced without Bates Stamp numbers before the parties stipulated to Bates Stamp further document productions. The government further voluntarily agreed to amend all of its discovery responses in which documents are described without Bates Stamp numbers by adding the Bates Stamp numbers after the document description.

[3] See Defendant USA's Motion re:  Order of Examination Issue dated May 9, 2008, Exhibit D.

attorney knows the government's case as well as the government attorneys do, the government lawyers have made sure of that, and plaintiff's claim to the contrary is simply disingenuous.[4]

Arising out of an automobile accident, with damages discovery stayed, this is not really a document case. To illustrate, there are only 385 pages of medical and employment records for the two-year period prior to the accident. The key issues are fairly straight-forward: (1) Whether Sperl was acting within the course and scope of his employment when he was allegedly going to an unscheduled medical appointment when the accident occurred? (2) Whether Sperl's supervisors negligently failed to prohibit him from driving his personal vehicle off base to attend personal medical appointments.

Most of the facts upon which the government intends to rely will come through the depositions of the sixteen witnesses whose depositions the government has noticed. Those depositions are scheduled to begin July 15, 2008, and to conclude by September 30, 2008. While the government has a general idea of the subjects of their expected testimony, the government has not yet conducted in-depth interviews of these witnesses or obtained declarations from them. Thus, the government is looking forward to the completion of these depositions to identify and preserve the specific facts it intends to rely on in support of its dispositive motion. Once those depositions are completed, the government is willing to supplement its responses to plaintiff's contention discovery requests, as should all of the parties.

## ARGUMENT

### I. Defendant USA's Responses Should Be Deemed Sufficient at this Time.

The government's responses to Interrogatories Nos. 12 and 13 refer to defendant's initial disclosures, attached as Exhibit A, which plaintiff failed to attach to the subject motion. Those disclosures identify with great particularity the facts upon which the government relies in support of its contention that Sperl was not within the course and scope of his employment when the accident occurred and the documents which support that contention. Plaintiff has fair notice of the facts, witnesses and documents upon which the government relies. Plaintiffs have more than sufficient information to fashion an appropriate discovery plan and to investigate the government's factual contentions.

As to the negligent supervision claim, plaintiff essentially asks the government to identify the facts, witnesses and documents, to prove a negative. The government clearly states in its discovery responses its contention that Sperl's employer was not aware of any information that suggested that Sperl was unfit to drive. As a practical matter, there is not much more the government can do at this point, until plaintiff points to some specific evidence to the contrary.

Plaintiff is aware that the government seeks to depose Sperl's two treating doctors, Dr.

---

[4]The problem with plaintiff's motion to compel is that it focuses on what information plaintiff contends the government has failed to disclose, without explaining what information the government has disclosed, and thus creates an inaccurate impression as to how the government has complied with its discovery obligations.

Harman and Dr. Kundu, and expects those doctors to testify that they were not aware of any information that would cause them to impose a driving restriction. Similarly, plaintiff is aware of Sperl's clean driving record before the accident, to which Sperl testified during his deposition, and to which other disclosed witnesses will attest during their upcoming depositions. What more information can defendant USA reasonably be expected to disclose at this juncture, before those depositions are completed?

The purpose of contention interrogatories "is to narrow and define issues for trial and to enable the propounding party to determine the proof required to rebut the respondents's position."[5] Steil v. Humana Kansas City, Inc., 197 F.R.D. 445, 447 (D. Kan. 2000) (citations omitted). Under Fed. R. Civ. P. 33(c), "the court has the discretion to order that a contention interrogatory not be answered until after designated discovery has been completed, until a pre-trial conference has been held, or until some other later time." McCarthy v. Paine Webber Group, Inc., 168 F.R.D. 448, 450 (D. Conn. 1996); accord Steil, 197 F.R.D at 447. "Due to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted-typically, at the end of the discovery period." Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 489 (W.D.N.C. 1998) (citations omitted).

The landmark case dealing with when answers to contention interrogatories are required originated in this very district. See In re Convergent Tech. Sec. Litig., 108 F.R.D. 328 (N.D. Cal. 1985). In that case, the Court held that early answers to contention interrogatories are ordinarily not required when, as here, substantial discovery remains to be completed (i.e., the depositions of the 16 witnesses whose depositions the government has noticed), unless the requesting party meets its burden of justifying early answers with specific, plausible grounds for believing that such early answers will materially advance the goals of the Federal Rules of Civil Procedure. See id. at 338-39; accord Everett v. USAir Group, Inc., 165 F.R.D. 1, 3 (D.D.C. 1995) (the obligation to respond to contention interrogatories "is often postponed until near the end of the discovery period unless the proponent carries its burden of demonstrating why they are necessary earlier on") (citing In re Convergent Tech. Sec. Litig., 108 F.R.D. at 336).

Relevant factors to consider, as set forth by this Court, include:

(1) whether the request requires the attorney to disclose theories, mental impressions, or work product; (2) whether the information is in the hands of the proponent or the respondent; (3) whether it makes sense to seek the information at an early stage of the litigation before substantial discovery has occurred; (4) how

---

[5]    The term 'contention interrogatories' refers to several types of questions. They may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts. They are distinct from interrogatories that request identification of witnesses or documents that bear on the allegations.

McCarthy v. Paine Webber Group, Inc., 168 F.R.D. 448, 450 (D. Conn. 1996) (citing In re Convergent Tech. Sec. Litig., 108 F.R.D. 328, 332-33 (N.D. Cal. 1985)).

> does the request made at this stage further the adjudication of the case; and (5) whether the benefits of the early request outweigh the burden in responding. See Convergent Technologies, 108 F.R.D. at 332-40. Moreover, as with all discovery, such requests are governed by the principle of proportionality under which consideration must be given to alternative, more efficient means of obtaining the information. See id. at 339.

Nelson v. Capital One Bank, 206 F.R.D. 499, 501 (N.D. Cal. 2001).

Plaintiff has not met its burden of establishing that the relevant factors justify departing from the ordinary rule of not requiring answers (or more detailed answers) to contention interrogatories until near the end of the discovery period. On the contrary, all of the factors weigh in favor of defendant United States: (1) the requests would require the United States to disclose much of its theories and other work product; (2) because the United States has produced all non-privileged documents to plaintiff, the information is equally available to plaintiff as the United States; (3) it makes no sense to seek the information now when the 16 noticed depositions, which will shed more light on the contentions at issue, have yet to take place; (4) making the request at this early stage will not further the adjudication of the case given factors (2) and (3); (5) the benefits of the early request do not outweigh the burden in responding given factors (2) and (3), given the enormous volume of documents produced, and given the large number of witnesses to be deposed (who presumably the United States would have to interview and/or obtain declarations from before their depositions to comply with Plaintiff's request for early answers); and (6) the principle of proportionality weighs in favor of the more efficient solution defendant United States has proposed – namely, setting a date after the depositions are completed, but before the dispositive motion must be filed, by when all parties must supplement their responses to the contention discovery requests.

## II. Plaintiff's Responses Are Similarly General.

Plaintiff's attorney does not practice what he preaches. His responses to the government's contention interrogatories re scope of employment are even more general, and thus less meaningful, than the government's responses, which are the subject of the pending motion. Exhibit B. Plaintiff specifically objected to the government's contention interrogatories re negligent supervision as being "premature" and did not even attempt to answer some of them. Exhibit C.[6]

Plaintiff's argument that the government should update its responses now but that plaintiff should be allowed to do so later is not availing. Plaintiff erroneously assumes that the government is already aware of the facts to which the witnesses noticed for deposition will testify. Moreover, it is plaintiff's burden to prove its scope of employment or negligent supervision claims. Despite having the opportunity to review all of the relevant government medical and employment records, plaintiff objects to the government's contention discovery as premature, until the depositions are completed. That is precisely the government's suggestion: That all

---

[6] Although plaintiff has agreed to serve supplemental, verified responses, those supplemental responses will still necessarily be general and limited to current information. Exhibit D.

parties should simultaneously supplement their responses to the contention discovery after they complete the deposition phase of the case.

### III.  Plaintiff Seeks Privileged Information.

Defendant has produced all of the documents it intends to rely on and has disclosed all of the witnesses it intends to rely on.  To require defendant to indicate how those documents and witnesses support the government's factual contentions invades the government lawyer's confidential impressions and thought processes, which is protected by the work product privilege. See Everett, 165 F.R.D. at 5 (allowing defendants to assert the work product privilege with respect to certain interrogatories and document requests "to the extent that they call for information and documents that were prepared expressly in anticipation of litigation," with one exception not relevant here).

## REQUEST FOR SCHEDULING ORDER

Although counsel are aware of the ongoing duty to supplement answers to discovery, there appears to be some confusion as to when such supplementation should be made.  For example, plaintiff has not served supplemental responses to the government's contention interrogatories regarding the scope of employment claim, despite several albeit recent requests to do so.  Thus, as a way of resolving not only the subject motion, but as a way of providing needed guidance to all parties, the government requests the Court to set a date after the depositions are completed, but before the dispositive motion must be filed, by which all parties must supplement their responses to the contention discovery requests, to include a comprehensive list of each fact, witness and document, that they intend to cite in the dispositive motion or the opposition thereto.

Plaintiff has sent defense counsel nine formal meet and confer letters.  Defense counsel has responded in writing to each and ever one of them.  Each meet and confer letter resulted in a telephone call, which averaged more than 90 minutes each.  This activity has consumed a significant amount of time and resources, which could be better spent in the undersigned's opinion taking depositions, preparing the anticipated dispositive motion, and preparing for the mediation.

While the government does not seek to limit plaintiff's right to meet and confer and file appropriate motions to compel if the meet and confer process does not result in agreement, it does strongly object to the manner in which this particular plaintiff is proceeding.  Such a piece-meal approach is neither fair nor efficient.  Defendant anticipates that additional motions to compel will be filed by this plaintiff.  Good cause exists for the Court to set a date by which the meet and confer process for prior discovery requests must be concluded, and a date by which one comprehensive motion to compel must be filed.  Such a structure would assist not only defendant USA but also the Court.

## CONCLUSION

As evidenced by plaintiff's subject motion, and the government's pending motion filed May 9, 2008, regarding the order of examination issue, the government's lead attorney and the attorney responsible for plaintiff's discovery seem to be experiencing an unusual level of

difficulty in amicably resolving scheduling and other house-keeping issues without involving the Court. This is unfortunate. What is fortunate is that there is a Further CMC set for June 6, 2008. With the Court's assistance at the Further CMC, perhaps mutually acceptable solutions to the issues raised herein can be found. At least, that is the government's hope.

DATED: May 28, 2008                    Respectfully submitted,
                                       JOSEPH P. RUSSONIELLO,
                                       United States Attorney


                                       _____/S/_____
                                       JAMES A. SCHARF
                                       Assistant United States Attorney

# Exhibit A

SCOTT N. SCHOOLS (SC SBN 9990)
United States Attorney
JOANN SWANSON (SBN 88143)
Chief, Civil Division
JAMES A. SCHARF (SBN 152171)
Assistant United States Attorney

150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone:    (408) 535-5044
Facsimile:    (408) 535-5081
Email: james.scharf@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| SUSAN WYCKOFF, et al, | ) | Case No. C 07-3600 SI |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT USA'S INITIAL** |
| | ) | **DISCLOSURES** |
| UNITED STATES OF AMERICA, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, on behalf of itself and

no other, defendant United States of America makes the following initial disclosures:

## A. **INDIVIDUALS WITH KNOWLEDGE**

1. Defendant Daniel Earl Sperl, 274 Colorado Lane, Fallon, NV 89406, 707-765-7210.

Knowledge as to how the motor vehicle collision occurred and facts associated with

whether he was in the scope of employment at the time of the collision.

2. Plaintiff Charlie Eap, 2707 Earle Avenue, Rosemead, CA 91770, 626-274-2079.

Knowledge as to the damages he has claimed.

3. Plaintiff Susan Wyckoff, 3432 Fulton Street, San Francisco, CA 94118, 415-831-

9670. Knowledge as to how the motor vehicle collision occurred and the damages she has claimed.

4. Plaintiff Alexander Wyckoff, 3432 Fulton Street, San Francisco, CA 94118, 415-831-9670. Knowledge as to how the motor vehicle collision occurred and the damages he has claimed.

5. Various Napa California Highway Patrol Officers, individuals, and witnesses contained in Traffic Collision Report 05-120102, Arrest Investigation Report, Toxicology Report, Property Receipt Report, Defendant Sperl Vehicle Inventory Report, and related documents, 975 Golden Gate Drive, Napa, CA 94558, 707-253-4906. Knowledge as to the investigation related to the motor vehicle collision. Investigation ongoing, answering defendant will supplement its disclosures if additional information is obtained.

6. Chief Warrant Officer Ed Chacon, contact authorized only through Assistant United States Attorney James Scharf. Knowledge as to whether Defendant Sperl was in the scope of employment at the time of the collision.

7. Dr. Orrin Cook, contact authorized only through Assistant United States Attorney James Scharf. Knowledge as to whether Defendant Sperl was in the scope of employment at the time of the collision.

8. CDR Kenneth Harman, contact authorized only through Assistant United States Attorney James Scharf. Knowledge as to whether Defendant Sperl was in the scope of employment at the time of the collision.

9. Chief Petty Officer Leta Gibbons, contact authorized only through Assistant United States Attorney James Scharf. Knowledge as to whether Defendant Sperl was in the scope of employment at the time of the collision.

10. LCDR Wayne Seamans, contact authorized only through Assistant United States

Defendant USA's Initial Disclosures
C 07 - 3600 SI                                    2

Attorney James Scharf. Knowledge as to whether Defendant Sperl was in the scope of employment at the time of the collision.

11. CDR Stephen Sabellico, contact authorized only through Assistant United States Attorney James Scharf. Knowledge as to whether Defendant Sperl was in the scope of employment at the time of the collision.

12. LT Robert Stiles, contact authorized only through Assistant United States Attorney James Scharf. Knowledge as to whether Defendant Sperl was in the scope of employment at the time of the collision. LT Stiles is a United States Coast Guard attorney who will invoke attorney-client privilege and attorney work-product privilege. LT Stiles, however, served as a note taker and created two memorandums memorializing phone conversations. His testimony will be limited to these memorandums.

13. LT Amber Ward, contact authorized only through Assistant United States Attorney James Scharf. Knowledge as to whether Defendant Sperl was in the scope of employment at the time of the collision. LT Ward is a United States Coast Guard attorney who will invoke attorney-client privilege and attorney work-product privilege. LT Ward, however, served as a note taker and created a memorandum memorializing a phone conversation. Her testimony will be limited to this memorandum.

14. Master Chief Petty Officer Karen Naulty, contact authorized only through Assistant United States Attorney James Scharf. Knowledge as to whether Defendant Sperl was in the scope of employment at the time of the collision.

15. Petty Officer Holly Mendez, contact authorized only through Assistant United States Attorney James Scharf. Knowledge as to whether Defendant Sperl was in the scope of employment at the time of the collision.

16. LCDR Thomas Jacobson, contact authorized only through Assistant United States

Attorney James Scharf. Knowledge as to whether Defendant Sperl was in the scope of employment at the time of the collision.

17. Master Chief Petty Officer Bob Stage, contact authorized only through Assistant United States Attorney James Scharf. Knowledge as to whether Defendant Sperl was in the scope of employment at the time of the collision.

18. Patrick Browning, M.D., Advanced Imaging Institute, 642 Petaluma Ave., Suite I, Sebastopol, CA 95472, 707-829-2966. Knowledge as to whether Defendant Sperl was in the scope of employment at the time of the collision.

19. Federal Rule of Civil Procedure 30(b)(6) United States Coast Guard and United States government agents to testify regarding United States Coast Guard and United States policies and procedures. Knowledge as to whether Defendant Sperl was in the scope of employment at the time of the collision.

20. Various medical providers, individuals, and witnesses contained in Defendant Sperl's medical records and other documents. Investigation ongoing, answering defendant will supplement its disclosures if additional information is obtained.

## B. DOCUMENTS

21. Napa California Highway Patrol Traffic Collision Report 05-120102, Arrest Investigation Report, Toxicology Report, Property Receipt Report, Defendant Sperl Vehicle Inventory Report, and related documents.

22. Photographs of the Sperl and Wyckoff vehicles at the scene of the December 22, 2005 motor vehicle collision from Napa California Highway Patrol. Photographs of the scene of the December 22, 2005 motor vehicle collision from Napa California Highway Patrol. Photographs of the Sperl and Wyckoff vehicles from the January 9, 2006 Napa California Highway Patrol vehicle inspection.

23. Transcript of recorded telephone statement obtained during conversation between Defendant Sperl and investigator Kara Wayne from Plaintiff Eap's attorney's office.

24. Defendant Sperl's Department of Veterans Affairs medical records.

25. Declaration of Chief Warrant Officer Ed Chacon.

26. Declaration of Dr. Orrin Cook.

27. LCDR Thomas Jacobson's Line of Duty Determination.

28. LCDR Wayne Seaman's Letter Incident Report.

29. United States Coast Guard Training Center Petaluma Medical Clinic Defendant Sperl medical records October through December 2005.

30. United States Coast Guard Training Center Petaluma Pharmacy Drug Warnings for Alprazolam.

31. Defendant Sperl's Queen of the Valley Hospital medical records.

32. LT Rob Stiles's two memorandums of attempted phone interviews with Defendant Sperl.

33. LT Amber Ward's memorandum of phone interview with Defendant Sperl.

34. Defendant Sperl's United States Coast Guard Headquarters Personnel Data Record.

35. United States Coast Guard Medical Manual, COMDTINST M6000.1C.

36. United States Coast Guard Training Center Petaluma Motor Vehicle Program, CG TRACENINST M11240.1.

37. Tricare Managed Care Program News Releases No. 95-17 (June 14, 1995) & No. 97-23 (November 19, 1997).

38. Investigation ongoing, answering defendant will supplement its disclosures if additional information is obtained.

## C. DAMAGES

39. Not applicable. This defendant does not assert any affirmative claims for damages.

Defendant USA's Initial Disclosures
C 07 - 3600 SI                                   5

1

2     DATE: October 4, 2007                         Respectively submitted,

3                                                   SCOTT N. SCHOOLS
                                                    United States Attorney
4

5

6                                                   JAMES A. SCHARF
                                                    Assistant United States Attorney
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

## DEFENDANT USA'S INITIAL DISCLOSURES

### SUSAN WYCKOFF, et al. v. UNITED STATES OF AMERICA and DANIEL EARL PEARL
C-07-3600 SI

to be served this date upon the party(ies) as follows:

_____ **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_____ **CERTIFIED MAIL** (#) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_____ **PERSONAL SERVICE (BY MESSENGER)**

_____ **FACSIMILE (FAX)** Telephone No.: _____ _____

_X_ **FEDERAL EXPRESS**

_____ **HAND-DELIVERED**

to the parties addressed as follows:

Andrew Jackson Davis                         Jonathan E. Gertler, Esq
Davis Law Offices                            Joseph R. Ingelmund, Esq
1900 W Garvey Ave S #160                      42 Miller Avenue
West Covina, CA 91790                        Mill Valley, CA 94941

Paul N. Cesari, Esq
Cesari, Werner & Moriarty
360 Post Street
San Francisco, CA 94108-4908

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _9th_ day of October, 2007, at San Jose, California.

Mimi Lam, Legal Assistant

# Exhibit B

1  CHAVEZ & GERTLER LLP
   JONATHAN E. GERTLER (Bar No. 111531)
2  JOSEPH R. IGELMUND (Bar No. 52493)
   42 Miller Avenue
3  Mill Valley, California 94941
   Telephone: (415) 381-5599
4  Facsimile: (415) 381-5572

5  Attorneys for Plaintiff SUSAN WYCKOFF
   Individually and as Administratrix of the
6  Estate of PETER WYCKOFF

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10
   SUSAN WYCKOFF, individually, and as        ) Case No. C 07 3600 JCS
11 Administratrix of the Estate of PETER      )
   WYCKOFF; ALEXANDER WYCKOFF by              ) **RESPONSES OF PLAINTIFF SUSAN**
12 and through his Guardian ad Litem, SUSAN   ) **WYCKOFF, INDIVIDUALLY AND AS**
   WYCKOFF,                                   ) **ADMINISTRATRIX OF THE ESTATE**
13                                            ) **OF PETER WYCKOFF, AND**
                      Plaintiffs              ) **ALEXANDER WYCKOFF BY AND**
14                                            ) **THROUGH HIS GUARDIAN AD LITEM**
            vs.                               ) **SUSAN WYCKOFF, TO DEFENDANT**
15                                            ) **USA'S FIRST SET OF SPECIAL**
   UNITED STATES OF AMERICA; DANIEL           ) **INTERROGATORIES**
16 EARL SPERL and DOES 1 through 10,          )
                                              )
17                    Defendants.             )
                                              )
18 _____ )

19

20       PROPOUNDING PARTY:          Defendant, UNITED STATES OF AMERICA

21       RESPONDING PARTIES:         Plaintiff, SUSAN WYCKOFF, individually and
                                     as Administratrix of the Estate of Peter Wyckoff;
22                                   ALEXANDER WYCKOFF by and through his
                                     Guardian ad Litem SUSAN WYCKOFF
23

24       SET NUMBER:                 One

25

26

27

28

1    Plaintiffs, SUSAN WYCKOFF, individually and as Administratrix of the Estate of

2    Peter Wyckoff, and ALEXANDER WYCKOFF by and through his Guardian ad Litem

3    SUSAN WYCKOFF, respond pursuant to FRCP Rule 33 to defendant UNITED STATES

4    OF AMERICA's First Set of Special Interrogatories:

5    Plaintiff Susan Wyckoff answers these special interrogatories individually and as

6    Administratrix of the Estate of Peter Wyckoff, and also on behalf of, as Guardian ad Litem

7    for, minor plaintiff Alexander Wyckoff.

8    **GENERAL OBJECTIONS**

9    1.    Responding parties object to the interrogatories to the extent they call for

10   material or information that is subject to any claim of privilege, including, without limitation,

11   the attorney-client privilege and the work product doctrine, in this or other actions.  The

12   inadvertent production by a responding party of information protected by any such privilege

13   shall not constitute a waiver of the applicable privilege(s) either as to the information so

14   inadvertently produced or as to any other information.

15   2.    Responding parties have not completed investigation of the facts pertaining to

16   this action and reserve the right to supplement or modify the responses should any additional

17   information become available.

18   3.    Responding parties submit these objections to interrogatories without

19   conceding the relevancy or materiality of the subject matter of any interrogatory, and without

20   prejudice to the right to object to further discovery, or to object to the admissibility of any

21   additional proof on the subject matter of any response at trial.

22   4.    Each of these general objections is incorporated into the specific objections set

23   forth below.

24   **RESPONSES TO SPECIAL INTERROGATORIES**

25   **REQUEST NO. 1:**

26   Do you contend that Defendant SPERL was in the course and scope of employment at

27   the time of the accident?

28   1

1  **RESPONSE TO REQUEST NO. 1:**

2      Yes.

3  **REQUEST NO. 2:**

4      If your response to special interrogatory 1 is anything other than an unqualified "no",

5  please state all facts that support your contention.

6  **RESPONSE TO REQUEST NO. 2:**

7      Responding parties cannot fully respond to this interrogatory at the present time, in

8  that further discovery is required to do so, including without limitation the production of

9  documents and deposition testimony by defendant Daniel Sperl presently set for December

10  12, 2007, and depositions of USA personnel with knowledge of facts required to fully

11  respond. Responding parties are informed and believe that the facts supporting their

12  contention include without limitation that defendant Sperl was instructed by Dr. Harmon to

13  obtain medication at Travis Air Force Base.

14  **REQUEST NO. 3:**

15      If your response to special interrogatory is anything other than an unqualified "no",

16  please identify all documents that support your contention.

17  **RESPONSE TO REQUEST NO. 3:**

18      Responding parties cannot fully respond to this interrogatory at the present time, in

19  that further discovery is required to do so, including without limitation the production of

20  documents and deposition testimony by defendant Daniel Sperl presently set for December

21  12, 2007, and depositions of USA personnel with knowledge of facts required to fully

22  respond. Responding parties are informed and believe that the documents supporting their

23  contention may include without limitation phone logs, prescription lists or orders, and

24  medical records, none of which can be identified with more specificity at the present time

25  until the foregoing described testimony is taken.

26  **REQUEST NO. 4:**

27      If your response to special interrogatory 1 is anything other than an unqualified "no",

28  please identify all individuals who have knowledge of facts that support your contention.

1  **RESPONSE TO REQUEST NO. 4:**

2         Responding parties cannot fully respond to this interrogatory at the present time, in

3  that further discovery is required to do so, including without limitation the production of

4  documents and deposition testimony by defendant Daniel Sperl presently set for December

5  12, 2007, and depositions of USA personnel with knowledge of facts required to fully

6  respond. Responding parties are informed and believe that the names of individuals who

7  have knowledge of facts that support plaintiffs' contention may include without limitation

8  Dr. Harmon, Bob Stage, and Karen Naulty.

9

10  Dated:  December 3, 2007                CHAVEZ & GERTLER LLP

11                                          By: _____

12                                              Joseph R. Igelmund

13

                                            Attorneys for Plaintiffs
14

15

16  07.12.03.Wyckoff.Response.SPROGS Set One.USA

17

18

19

20

21

22

23

24

25

26

27

28                                              3

RECEIVED DEC 0·1 2007

1      <u>VERIFICATION</u>

2      I Susan, Wyckoff, declare that:

3      I am plaintiff in the above-captioned matter.  I am familiar with the contents of the

4 foregoing **PLAINTIFFS' RESPONSES TO DEFENDANT UNITED STATES OF**

5 **AMERICA'S FIRST SET OF SPECIAL INTERROGATORIES.**  The information

6 supplied therein is based on my own personal knowledge and/or has been supplied by my

7 attorneys or other agents and/or compiled from available documents and is therefore

8 provided as required by law.  The information contained in the foregoing document is true,

9 except as to the matters which were provided by my attorneys or other agents or compiled

10 from available documents, including all contentions and opinions, and, as to those matters, I

11 am informed and believe that they are true.

12      I declare under penalty of perjury under the laws of the United States of America that

13 the foregoing is true and correct.  Executed at Manhattan Beach, California on

14 _____12/03_____, 2007.

15

16                                  _____

17                                    SUSAN WYCKOFF

18

19

20

21

22

23

24

25

26

27

28

Susan Wyckoff, vs. Daniel Earl Sperl, et al.,
United States District Court Northern District Of California Case No. 05 CC05238

## PROOF OF SERVICE
(C.C.P. §1013a(3))

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF MARIN        )

I am employed in the County of Marin, State of California. I am over the age of 18 years and am not a party to the within cause. My business address is 42 Miller Avenue, Mill Valley, California, 94941. The telephone number of the facsimile machine I used was (415) 381-5572. This facsimile machine complies with Rule 2003(3) of the California Rules of Court.

I, hereby certify and declare under penalty of perjury that the following statements are true and correct:

On December 3, 2007, I served the foregoing documents:

- **RESPONSE OF PLAINTIFF SUSAN WYCKOFF INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF PETER WYCKOFF, AND ALEXANDER WYCKOFF BY AND THROUGH HIS GUARDIAN AD LITEM SUSAN WYCKOFF, TO DEFENDANT USA'S FIRST SET OF SPECIAL INTERROGATORIES**

on the parties in this action by sending a true copy thereof by facsimile transmission to the party and number listed below and also via US Mail as described below:

Jim Scharf
Assistant Attorney General
150 Almaden Blvd., Suite 900
San Jose, CA 95113
Facsimile: (408) 535-5081

Upon transmission, no error was reported by the facsimile machine.

**[X]    BY MAIL:** In addition to the facsimile transmission, a true copy of said document was placed in a sealed envelope, addressed as indicated in paragraph 4, above, and deposited in regularly maintained interoffice mail for collection, postage and same-day delivery to the United States Postal Service for delivery to the addressee.

Executed on December 3, 2007, at Mill Valley, CA.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Moya B. Mulreany
Moya B. Mulreany

1

Susan Wyckoff, vs. Daniel Earl Sperl, et al.,
United States District Court Northern District Of California Case No.  05 CC05238

## PROOF OF SERVICE
(C.C.P. §1013a(3))

STATE OF CALIFORNIA        )
                           )  ss.
COUNTY OF MARIN            )

I am employed in the County of Marin, State of California.  I am over the age of 18 years and not a party to the within action; my business address is Chavez & Gertler LLP, 42 Miller Avenue, Mill Valley, CA  94941.

On December 3, 2007, I served the foregoing documents:

- **RESPONSE OF PLAINTIFF SUSAN WYCKOFF INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF PETER WYCKOFF, AND ALEXANDER WYCKOFF BY AND THROUGH HIS GUARDIAN AD LITEM SUSAN WYCKOFF, TO DEFENDANT USA'S FIRST SET OF SPECIAL INTERROGATORIES**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to each as follows:

| Andy Davis | Paul Cesari |
|---|---|
| Davis Law Offices | Cesari, Werner & Moriarty |
| 1900 West Garvey Ave. South; Suite 160 | 360 Post Street. 5th Floor |
| West Covina, CA 91790 | San Francisco, California 94108 |

**[X]    BY MAIL:** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid for mail, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Mill Valley, California.

Executed on December 3, 2007, at Mill Valley, CA.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Moya B. Mulreany

1

# Exhibit C

1  CHAVEZ & GERTLER LLP
   JONATHAN E. GERTLER (Bar No. 111531)
2  jon@chavezgertler.com
3  JOSEPH R. IGELMUND (Bar No. 52493)
   joe@chavezgertler.com
4  42 Miller Avenue
   Mill Valley, California 94941
5  Telephone: (415) 381-5599
6  Facsimile: (415) 381-5572

7  Attorneys for Plaintiffs

8

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12 SUSAN WYCKOFF, individually, and as        ) Case No. C 07 3600 SI
   Administratrix of the Estate of PETER      )
13 WYCKOFF; ALEXANDER WYCKOFF by              ) **RESPONSES OF PLAINTIFF SUSAN**
   and through his Guardian ad Litem, SUSAN   ) **WYCKOFF, INDIVIDUALLY AND AS**
14 WYCKOFF,                                    ) **ADMINISTRATRIX OF THE ESTATE**
                                               ) **OF PETER WYCKOFF, AND**
15           Plaintiffs                        ) **ALEXANDER WYCKOFF BY AND**
                                               ) **THROUGH HIS GUARDIAN AD LITEM**
16      vs.                                    ) **SUSAN WYCKOFF, TO DEFENDANT**
                                               ) **UNITED STATES' SECOND SET OF**
17 UNITED STATES OF AMERICA; DANIEL           ) **SPECIAL INTERROGATORIES**
18 EARL SPERL and DOES 1 through 10,          )
                                               )
19           Defendants.                       )
                                               )
20                                             )
                                               )
21 _____ )
                                               )
22 CHARLIE EAP, heir at law of decedent Holly ) Case No.  CO7 2301 SI
   Annie Eap,                                  )
23                                             )
             Plaintiff                         )
24                                             )
        vs.                                    )
25                                             )
   UNITED STATES OF AMERICA, DANIEL           )
26 EARL SPERL,                                 )
                                               )
27           Defendant.                        )
                                               )
28 _____ )

PROPOUNDING PARTY:    Defendant, UNITED STATES OF AMERICA

RESPONDING PARTIES:    Plaintiff, SUSAN WYCKOFF, individually and
as Administratrix of the Estate of Peter Wyckoff;
ALEXANDER WYCKOFF by and through his
Guardian ad Litem SUSAN WYCKOFF

SET NUMBER:    Two

Plaintiffs, SUSAN WYCKOFF, individually and as Administratrix of the Estate of Peter Wyckoff, and ALEXANDER WYCKOFF by and through his Guardian ad Litem SUSAN WYCKOFF, respond pursuant to FRCP Rule 33 to defendant UNITED STATES OF AMERICA's Second Set of Special Interrogatories. Plaintiff Susan Wyckoff answers these special interrogatories individually and as Administratrix of the Estate of Peter Wyckoff, and also on behalf of, as Guardian ad Litem for, minor plaintiff Alexander Wyckoff.

## GENERAL OBJECTIONS

Plaintiffs object to each interrogatory herein to the extent that it seeks information or documents protected by the attorney-client privilege or work product doctrine. Plaintiffs further object to each interrogatory herein to the extent that it seeks information or documents protected by plaintiffs' right of privacy under the United States or California Constitutions, or by the physician-patient privilege, or by any other privilege recognized under the laws of the State of California. Plaintiffs further object to each interrogatory herein to the extent that it seeks information or documents not relevant to plaintiffs' claims or any defendant's defenses, or is overbroad.

Plaintiffs object to each interrogatory herein as premature, in that plaintiffs have not completed the substantial discovery required in this action. The discovery not yet completed relating to plaintiffs' negligent supervision claim against the United States includes without limitation the following: Plaintiffs are still engaged in meet and confers with defendant United States regarding said defendant's insufficient responses to plaintiffs' First Set of Special Interrogatories and Second Document Requests relating to identification and

1  production of defendant Sperl's medical and employment records and related matters

2  (including without limitation identifying all medical records generated by the United States

3  Coast Guard; United States Air Force medical facilities, to whom defendant Sperl was

4  referred by the United States Coast Guard for medical treatment and/or medication; and

5  civilian health care providers to whom defendant Sperl was referred by the United States

6  Coast Guard or United States Air Force medical facilities for medical treatment and/or

7  medication); defendant United States has failed to respond properly to plaintiffs' Second Set

8  of Special Interrogatories and Third Document Requests as to the facts, witnesses, and

9  documents that support said defendant's contentions as to plaintiff's claims, which will

10  require further meet and confers; defendant United States contests that it is obligated to

11  produce medical records of Sperl held by the United States Air Force; responsive medical

12  and/or employment records of Mr. Sperl were withheld until the Court's denial of defendant

13  Sperl's application for a protective order, and still have not been fully produced; defendant

14  United States has not yet responded to plaintiffs' Third Set of Special Interrogatories and

15  Fourth Document Requests, and defendant Sperl has not yet responded to plaintiffs' Second

16  Set of Special Interrogatories and Second Document Requests, which seek information and

17  documents relating to further health care providers to Mr. Sperl and other matters; further

18  written discovery will be propounded to the United States and to Sperl relating to the factual

19  matters they assert in defense; and the depositions of numerous party-related witnesses

20  (including without limitation defendant Sperl's superiors, physicians, and co-workers) and

21  other witnesses have not yet been taken regarding the plaintiffs' claims and the United

22  States' defenses.  The witnesses whose depositions plaintiffs anticipate being taken include,

23  without limitation, Ed Chacon, Tony Andersen, Janet Sperl, Wenzel Sperl, Cdr. Kenneth

24  Harman, Lt. Rob Stiles, Major Ella Kundu, PO Aldrena Sherman, Chief Mike McKinley,

25  Master Chief Bob Stage, PO Napoleon Delane, Jeffrey Orstadt, and PO Holly Mendez.

26        Any information provided or documents identified by plaintiffs herein shall be without

27  prejudice to plaintiffs' right to obtain further discovery, or enforce previous discovery, that

28

2

1  seeks information and documents relevant to plaintiffs' claims and/or any defendant's

2  defenses.

3       Plaintiffs further object to each interrogatory herein as harassing and unduly

4  burdensome, to the extent that it seeks identification of documents previously produced by

5  the United States (which number in the thousands) and as to which the United States has

6  refused to date to provide Bates stamp numbering. Plaintiffs will amend these responses to

7  identify responsive documents by Bates stamp numbering if and when the United States

8  produces legible, Bates stamped documents or copies.

9       All of the foregoing general objections shall apply to and are incorporated in each

10  response to an interrogatory herein below.

11               **RESPONSES TO SPECIAL INTERROGATORIES**

12  **INTERROGATORY NO. 1:**

13       Do you contend that Defendant USA negligently supervised defendant Sperl?

14  **RESPONSE TO INTERROGATORY NO. 1:**

15       Plaintiffs incorporate herein by reference the General Objections stated hereinabove.

16  Without waiving said objections, plaintiffs state: Yes.

17  **INTERROGATORY NO. 2:**

18       If your response to special interrogatory 1 is anything other than an unqualified "no",

19  please state all facts that support your contention.

20  **RESPONSE TO INTERROGATORY NO. 2:**

21       Plaintiffs incorporate herein by reference the General Objections stated hereinabove,

22  including without limitation that this interrogatory is premature in that plaintiffs have not

23  completed the substantial discovery required in support of their claims. Without waiving said

24  objections, plaintiffs state the following facts based on their understanding of deposition and

25  document discovery:

26       Defendant Sperl crossed the double yellow line on an undivided state highway and

27  collided with the Wyckoff vehicle, resulting in the deaths of Peter Wyckoff and Holly Ann

28  Eap. The CHP report included statements in substance that Sperl was traveling "at a high

3

1   rate of speed" in "heavy rainfall with a wet roadway surface," and lost control as he "rapidly

2   passed all witnesses."

3          At the time of the accident, defendant Sperl a member of the United States Coast

4   Guard on active duty.  At the time of the accident, Sperl was traveling from the Coast Guard

5   Petaluma base to Travis Air Force Base to obtain narcotic medication, pursuant to the order

6   of his Coast Guard physician, a superior officer.  Defendant Sperl intended to return to the

7   Petaluma Coast Guard station on the day he went to Travis, and to travel to Fallon, Nevada

8   the next day to join his spouse, Mary Ann Sperl.  Defendant Sperl was wearing his Coast

9   Guard uniform at the time of the accident, for the purpose of expediting the obtaining of

10  medication at Travis.  Defendant Sperl advised his superior, Bob Stage, that Sperl was going

11  to Travis.  Coast Guard CWO Ed Chacon told the CHP that he understood Sperl was going to

12  Travis.  Sperl told his spouse, Mary Ann Sperl, on the morning of the accident that he had

13  orders to go to Travis to pick up his medication, and that he was going to Travis to get his

14  medication.  Mary Ann Sperl expected defendant Sperl to travel to their home in Fallon,

15  Nevada the next day.  Sperl told Masali Delpino that he was going to Travis; Delpino

16  thought that Sperl was wearing his uniform that day.

17         Defendant Sperl was diagnosed with depression by a Coast Guard doctor on or about

18  October 21, 2005.  Sperl has had a problem focusing his entire life.  Sperl was having

19  difficulty sleeping during the period preceding the accident.  Sperl was issued substantial

20  medications by Coast Guard and/or other military physicians during the period preceding the

21  accident.  For example, medical records produced by defendant United States indicate that

22  during the 100 days preceding the accident, Sperl was prescribed at least the following

23  narcotic medications:  Neurontin (according to drugs.com, used to treat seizures and pain;

24  180 capsules); Clonazepam (according to drugs.com, used to treat seizures or panic

25  disorders; 60 tablets); Roxicet (according to drug.com, a narcotic pain reliever; 120 tablets);

26  Klonopin (according to drugs.com, used to treat seizures, panic disorders, or other; 60

27  tablets); Tramadol (according to drugs.com, used to treat moderate to severe pain; 180

28  tablets); Mobic (according to drugs.com, used to treat pain or inflammation caused by

4

1  arthritis; 90 tablets); and Roxicet again (120 tablets).  The post-accident toxicology report
2  disclosed the presence of desmethylsertraline, sertraline, and alprazolam in Sperl's system
3  hours after the accident.  Dr. Harman prescribed alprazolam for Sperl to use on the date of
4  the accident, and Sperl took that medication.  Zyprexa, which is understood to be a
5  medication used to treat acute manic or mixed episodes of bipolar disorder, or as
6  maintenance treatment for bipolar disorder, or for schizophrenia, was found in Sperl's
7  vehicle after the accident.

8       Sperl had been relieved of his previous position as a result of poor performance.  As
9  his medical conditions impacted his employment due to his repeated scheduled appointments
10 and he had a history of poor work performance, he was directed by his Coast Guard superior
11 to manage his medical conditions and notify his supervisor of his status periodically, and, as
12 a senior enlisted individual, he was trusted by his Coast Guard superiors to manage his
13 appointments without oversight.

14      Plaintiffs' discovery is continuing, and plaintiffs reserve the right to seek and obtain
15 further facts in support of their contention.

16 **INTERROGATORY NO. 3:**

17      If your response to special interrogatory is anything other than an unqualified "no",
18 please identify all documents that support your contention.

19 **RESPONSE TO INTERROGATORY NO. 3:**

20      Plaintiffs incorporate herein by reference the General Objections stated hereinabove,
21 including without limitation that this interrogatory is premature in that plaintiffs have not
22 completed the substantial discovery required in support of their claims. Without waiving said
23 objections, plaintiffs state:

24      The depositions of defendant Sperl taken 12/12/07 and 2/28/08, Mary Ann Sperl
25 taken 2/28/08, Masali Delpino deposition taken 3/14/08, CHP Sergeant Michael Palacio
26 deposition taken 3/14/08, and Lino Sottile deposition taken 3/14/08.

27      The declarations of Ed Chacon dated 7/12/07 and Orrin Cook, M.D., 7/12/07.

28

5

1    The United States' investigator's notes, produced to plaintiffs, of interviews of Mary
2  Ann Sperl 10/12/07, Tony A. Anderson 1/4/08, Masali Delpino 1/5/08, and Lino Sottile,
3  undated; and asserted hard copy transcript of interview of Wenzel and Janet Sperl 10/9/07 by
4  the United States investigator. The USCG notes of interviews conducted with Karen Naulty
5  6/6/06 and 5/17/07 and Daniel Sperl 5/18/06 and 7/10/07, and USCG notes of discussions
6  with Nate Raff 6/5/07 and 6/7/07. The asserted hard copy transcript and tape of interview of
7  Daniel Sperl by the Eap investigator.

8    Exhibits 3-7 and A-E to Daniel Sperl deposition taken 12/12/07; Exhibits F-O to
9  Daniel Sperl deposition taken 2/28/08; Exhibits A-B to Mary Ann Sperl deposition taken
10  2/28/08; Exhibits 1-2 and P-1 to Masali Delpino deposition taken 3/14/08; Exhibits A-B of
11  Lino Sottile deposition taken 3/14/08.

12    Coast Guard Medical Manual produced by defendant USA, 1026 pages more or less;
13  federal travel regulations produced by defendant USA on or about 10/16/07, 776 pages more
14  or less.

15    Napa CHP Collision Report; Arrest Investigation Report; Toxicology Report;
16  Property Receipt Form; Defendant Sperl Vehicle Inventory Report.  USCG Line of Duty
17  Determination; USCG Letter Incident Report; Petaluma Clinic medical records for Sperl,
18  October-December 2005; Petaluma Pharmacy drug warnings for Alprazolam; Sperl Queen of
19  the Valley Hospital medical records produced by USA; Petaluma Motor Vehicle program
20  guide; Tricare news releases (all of foregoing produced by defendant USA).

21    Investigative, toxicology and autopsy reports and death certificate prepared by
22  Sonoma County Sheriff's Department.

23    Coast Guard emails and other documents produced to plaintiffs 11/2/07; documents
24  produced to plaintiffs 11/19/07 re Sperl medical exams and appointments (16 pages more or
25  less); one page administrative memo re Sperl conduct in Alaska, produced 12/10/07 to
26  plaintiffs; Queen of Valley records re Sperl produced to plaintiffs 12/10/07; list of
27  medication to Sperl, produced to plaintiffs 12/10/07; document entitled "Pharmacy Service:
28  Outpatient Prescription Services" produced 12/10/07 to plaintiffs; document entitled Tricare

6

1  Beneficiary Handbook produced 12/10/07 to plaintiffs; list of Sperl medications produced
2  12/13/07 to plaintiffs; Coast Guard Training Center Petaluma Instruction produced with
3  United States responses 2/19/08 to Plaintiff's Interrogatories Set One; Sperl Rx History Bates
4  stamped US003000-3037 produced to plaintiffs 3/14/08; document produced 4/14/08 to
5  plaintiffs re Mosher deposition; Travis and Veterans and related documents produced
6  4/14/08 to plaintiffs and Bates stamped US003038-3423.

7  List of Sperl medical and employment documents, and attached documents, produced
8  by K. Velarde 10/17/07 and described as previously produced by the United States to K.
9  Velarde; Sperl employment records produced by K. Velarde 10/19/07 and described as
10  previously produced by the United States to K. Velarde; single page document produced
11  10/19/07 by K. Velarde; privilege log produced 11/19/07 by K. Velarde; Advanced Imaging
12  Institute records, Chronological Records of Medical Care, and related documents produced
13  4/11/08 by K. Velarde; Sperl medical and related records produced 5/5/08 by K. Velarde
14  with Bates numbers 0653-0659, 660, 0037-046, 0141-48, 0150, 0167-73, 0206, 0207, 0208,
15  0229-30, 0252-57, 262, 0274-6, 0296, 0297, 0298, 0299, 0302-4, 0305, 0306, 0309, 0319,
16  0323, 0329, 0330, 0331, 0363-4, 0385-6, 0413-8, 0437-41, 0467, 0486, 0553, 0663-7, 0639-
17  42, 0643, 0644, 0648, 0649, 0650, and 0651; further documents produced 5/5/08 by K.
18  Velarde:  Napa CHP Collision Report; Arrest Investigation Report; Toxicology Report;
19  Property Receipt Form; Defendant Sperl Vehicle Inventory Report; single page document
20  produced 5/5/08 by K. Velarde, entitled "Leave Request/Authorization" form, described by
21  K. Velarde as produced by USA 10/15/07.

22  Photographs of the accident scene/area taken by the authorities and parties, and
23  described in the parties' respective Initial Disclosures.

24  All medical and employment records relating to defendant Sperl and all documents
25  concerning the post-accident investigation, if any, produced by defendant United States that
26  are not described above and were produced without Bates stamp numbers.

27  Plaintiffs' discovery is continuing, and plaintiffs reserve the right to seek and obtain
28  further documents in support of their contention.

7

1  **INTERROGATORY NO. 4:**

2      If your response to special interrogatory 1 is anything other than an unqualified "no",

3  please identify all individuals who have knowledge of facts that support your contention.

4  **RESPONSE TO INTERROGATORY NO. 4:**

5      Plaintiffs incorporate herein by reference the General Objections stated hereinabove,

6  including without limitation that this interrogatory is premature in that plaintiffs have not

7  completed the substantial discovery required in support of their claims. Without waiving said

8  objections, plaintiffs state:

9      Susan Wyckoff. Alexander Wyckoff, a minor. Daniel Sperl.

10     Dominic Emmert. Shelley Emmert. Tina Ann Jamerson. William Grippo.

11     Martin Franklin. Timothy Galvin. Cathy Miglio. Jack Mozier. Michael Palacio.

12  Mark Rasmussen. Michael Rasmussen. Robert Stewart. Mr. Verducci, first name not

13  known. Chris Vivian.

14     Steve Akre. Tony Andersen. Bob Benziger. Mickey Breen. Jamal Cook. Al Garcia.

15  Matthew Garner. Tyler Hathaway. Michael Medeiros. Anthony Mulas. Timmy Neves.

16  Charlie Rhodes. Lino Sottile. Jack Todeschini. Norm Yenni.

17     Patrick Browning, M.D. Ed Chacon. Orrin Cook, M.D. Napoleon Delane. Masali

18  Delpino. Leta Gibbons. Kenneth Harman, M.D. Thomas Jacobson. Ella Kundu, M.D.

19  Mike McKinley. Holly Mendez. Peter Mosher. Karen Naulty. Jeffrey Orstadt, M.D. Nate

20  Raff. Steven Sabellico. Wayne Seamans. Aldrena Sherman. Janet Sperl. Mary Ann Sperl.

21  Wenzel Sperl. Bob Stage. Robert Styles. Al Tumen. Amber Ward. If not previously

22  named, that individual identified by Daniel Sperl in deposition as Shannon; if not previously

23  named, that person referenced by defendant Sperl in his deposition as Delane.

24     Ron Alvestal. Mickey Hale. Mark Repesha. Kara Wayne.

25     Plaintiffs' discovery is continuing, and plaintiffs reserve the right to seek and obtain

26  the identity of further persons with knowledge of facts that support plaintiffs' contention.

27  //

28
                                    8

1   **INTERROGATORY NO. 5:**

2        If your response to special interrogatory 1 is anything other than an unqualified "no",

3   please identify the persons you contend negligently supervised defendant Sperl.

4   **RESPONSE TO INTERROGATORY NO. 5:**

5        Plaintiffs incorporate herein by reference the General Objections stated hereinabove,

6   including without limitation that this interrogatory is premature in that plaintiffs have not

7   completed the substantial discovery required in support of their claims.  Completion of

8   written discovery and depositions of persons in the chain of command are required in order

9   to answer this interrogatory.

10       Plaintiffs' discovery is continuing, and plaintiffs reserve the right to seek and obtain

11  information necessary to answer this interrogatory.

12  **INTERROGATORY NO. 6:**

13       If your response to special interrogatory 1 is anything other than an unqualified "no",

14  please identify, by person, the specific acts or omissions you contend constitute the alleged

15  negligent supervision.

16  **RESPONSE TO INTERROGATORY NO. 6:**

17       Plaintiffs incorporate herein by reference the General Objections stated hereinabove,

18  including without limitation that this interrogatory is premature in that plaintiffs have not

19  completed the substantial discovery required in support of their claims.  Completion of

20  written discovery and depositions of persons in the chain of command are required in order

21  to answer this interrogatory.

22       Plaintiffs' discovery is continuing, and plaintiffs reserve the right to seek and obtain

23  information necessary to answer this interrogatory.

24  **INTERROGATORY NO. 7:**

25       If you contend that defendant USA's employees or agents should have ordered

26  defendant Sperl not to drive his personal vehicle to his medical appointments, please state the

27  date when you contend that order should have been issued and please describe the terms of

28  the order you contend should have been issued, including but not limited to its duration.

9

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiffs incorporate herein by reference the General Objections stated hereinabove, including without limitation that this interrogatory is premature in that plaintiffs have not completed the substantial discovery required in support of their claims. Completion of written discovery and depositions of persons in the chain of command are required in order to answer this interrogatory.

Plaintiffs' discovery is continuing, and plaintiffs reserve the right to seek and obtain information necessary to answer this interrogatory.

**INTERROGATORY NO. 8:**

Please set forth the limits of all insurance policies which may pay benefits to plaintiffs, including but not limited to co-defendant's liability policy, plaintiffs' underinsured motorist policies and the decedents' life insurance policies.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiffs incorporate herein by reference the General Objections stated hereinabove, including without limitation that this interrogatory is premature in that plaintiffs have not completed the substantial discovery required in support of their claims. Without waiving said objections, plaintiffs state: Plaintiffs object to this interrogatory on the grounds of privacy, and on the further ground that the requested information is protected by the collateral source rule, in that disclosing "the limits of all insurance policies which may pay benefits to plaintiffs" will not provide any new information as to the type, location, and severity of plaintiffs' injuries. Reichert v. United States, (ND CA 1970) 51 F.R.D. 500, 502.

Dated: May 12, 2008                         CHAVEZ & GERTLER LLP

                                            By: _____
                                                Joseph R. Igelmund

                                            Attorneys for Plaintiffs

08.05.12.Wyckoff.Response.SPROGS Set Two.USA    10

Susan Wyckoff v. USA
USDC Northern District Case No. C07 3600 SI

**PROOF OF SERVICE**
(C.C.P. §1013a(3))

STATE OF CALIFORNIA )
                     ) ss.
COUNTY OF MARIN      )

I am employed in the County of Marin, State of California. I am over the age of 18 years and not a party to the within action; my business address is Chavez & Gertler LLP, 42 Miller Avenue, Mill Valley, CA 94941.

On May 12, 2008, I served the following documents:

- **RESPONSES OF PLAINTIFF SUSAN WYCKOFF, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF PETER WYCKOFF, AND ALEXANDER WYCKOFF BY AND THROUGH HIS GUARDIAN AD LITEM SUSAN WYCKOFF, TO DEFENDANT UNITED STATES' SECOND SET OF SPECIAL INTERROGATORIES**

- **RESPONSES OF PLAINTIFF SUSAN WYCKOFF, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF PETER WYCKOFF, AND ALEXANDER WYCKOFF BY AND THROUGH HIS GUARDIAN AD LITEM SUSAN WYCKOFF, TO DEFENDANT UNITED STATES' REQUEST FOR PRODUCTION, SET TWO**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed Federal Express envelope addressed to each as follows:

Office of James Scharf
Assistant U.S. Attorney
150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Tel (408) 535-5044
Fax (408) 535-5081

**[X]    BY FEDERAL EXPRESS:** The above mentioned documents were served on the interested parties in this action by depositing them in a box or other facility regularly maintained by Federal Express, or delivering it to an authorized carrier or driver authorized by Federal Express to receive documents, in an envelope or package designated by Federal Express with delivery fees paid or provided for, addressed to the person to be served at the address shown above.

Executed on May 12, 2008, at Mill Valley, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                                    _____
                                                    Peter Newcome

1  Susan Wyckoff, vs. Daniel Earl Sperl, et al.,
   United States District Court Northern District Of California Case No. C-07-3600 SI

2

3                     **PROOF OF SERVICE – VIA MAIL**
                              (C.C.P. §1013a(3))

4  STATE OF CALIFORNIA              )
                                    ) ss.

5  COUNTY OF MARIN                  )

6

7          I am employed in the County of Marin, State of California. I am over the age of 18
   years and not a party to the within action; my business address is Chavez & Gertler LLP, 42

8  Miller Avenue, Mill Valley, CA  94941.

9          On May 12, 2008, I served the foregoing documents:

10         •    **RESPONSES OF PLAINTIFF SUSAN WYCKOFF, INDIVIDUALLY
                AND AS ADMINISTRATRIX OF THE ESTATE OF PETER**

11              **WYCKOFF, AND ALEXANDER WYCKOFF BY AND THROUGH HIS
                GUARDIAN AD LITEM SUSAN WYCKOFF, TO DEFENDANT**

12              **UNITED STATES' SECOND SET OF SPECIAL INTERROGATORIES**

13         •    **RESPONSES OF PLAINTIFF SUSAN WYCKOFF, INDIVIDUALLY
                AND AS ADMINISTRATRIX OF THE ESTATE OF PETER**

14              **WYCKOFF, AND ALEXANDER WYCKOFF BY AND THROUGH HIS
                GUARDIAN AD LITEM SUSAN WYCKOFF, TO DEFENDANT**

15              **UNITED STATES' REQUEST FOR PRODUCTION, SET TWO**

16 on the interested parties in this action by placing a true copy thereof enclosed in a sealed
   envelope addressed to each as follows:

17
   Kristina Velarde                         Andy Davis

18 Cesari, Werner & Moriarty                Davis Law Offices
   360 Post Street. 5th Floor               1900 West Garvey Ave. South; Suite 160

19 San Francisco, California 94108          West Covina, CA 91790
                                            davislawoffice@verizon.net

20 kvelarde@cwmlaw.com

21
   [X]    **BY MAIL:** I am readily familiar with the business' practice for collection and

22         processing of correspondence for mailing with the United States Postal Service. I know
           that the correspondence is deposited with the United States Postal Service on the same

23         day this declaration was executed in the ordinary course of business. I know that the
           envelope was sealed and, with postage thereon fully prepaid, placed for collection and

24         mailing on this date, following ordinary business practices, in the United States mail at
           Mill Valley, California.

25
           Executed on May 12, 2008, at Mill Valley, CA.

26
           I declare under penalty of perjury under the laws of the State of California that the

27 foregoing is true and correct. I declare that I am employed in the office of a member of the bar
   of this court at whose direction the service was made.

28
                                                     _____
                                      1                     Peter Newcome

                                                                    PROOF OF SERVICE

# Exhibit D

**Scharf, James (USACAN)**

| | |
|---|---|
| **From:** | Scharf, James (USACAN) |
| **Sent:** | Wednesday, May 21, 2008 5:21 PM |
| **To:** | 'Joe Igelmund' |
| **Subject:** | RE: Wyckoff/Eap v USA - Plaintiffs' Responses to USA Second Interrogatories |

Out of the office until Friday.  Will respond upon my return.  Thanks.

Sent by Good Messaging (www.good.com)


  -----Original Message-----
From: Joe Igelmund [mailto:jri@chavezgertler.com]
Sent: Wednesday, May 21, 2008 08:16 PM Eastern Standard Time
To:   Scharf, James (USACAN); Tseng, Neill (USACAN); Kauffman, Chad (CIV)
Cc:   Jonathan Gertler
Subject:    Wyckoff/Eap v USA - Plaintiffs' Responses to USA Second Interrogatories

Jim - This is my understanding of our meet and confer agreements Monday re the above.

Your Interrogatories 5-6:  While plaintiffs will need deposition discovery of United States
employees to identify the specific persons requested by these interrogatories, they will
provide further responses that identify the known group of persons within which these persons
would be, based on our information to date.

Your Interrogatory 7:  While plaintiffs also will need deposition discovery of United States
employees before providing the information requested by this interrogatory (the specific date
when an order should have been issued, and all terms of that order), they will provide
further responses that give information as to the general time period in which the order
would have been expected to be issued, and that the order generally would have spoken to Mr.
Sperl not driving.

Your Interrogatory 8:  You explained in the meet and confer that your purpose is to determine
bases for setoffs to which the United States would be entitled.

After reviewing your set-off affirmative defense (No. 16) and checking a couple of things, we
can serve amended responses that state plaintiffs did not receive any of the following
benefits for injuries or damages alleged as a result of the accident:  worker's compensation,
unemployment, and/or disability benefits, or benefits from any benefit plan of the U.S. Coast
Guard, any federal agency, or any other federally-funded government agency.

Re the limits of Mr. Sperl's policy, you know that already and we will state it in the
amended responses.

You and I did not discuss plaintiffs' objection regarding life insurance policy limits, so I
assume that is not contested.  If you do contest the objection, please let me know so we can
meet and confer as required.  I am not aware of any authority permitting discovery of
plaintiffs' life insurance coverage.

With regard to the UM policy, I understood you to say in the meet and confer that the United
States would be entitled to a setoff of UM proceeds based on Prop 51.  I reviewed this after
our meet and confer as promised, and what I learned is different from your understanding.
Under plaintiffs' UM coverage, the carrier may claim an offset in the amount of any recovery
paid by the United States, rather than the United States claiming an offset against UM
benefits paid.  Thus, the United States could not obtain any setoff benefit from the UM

coverage.  Given this information, is there still some setoff or other basis that you would
assert for obtaining discovery of UM limits?  Please let me know so we can resolve this.

Also, please advise if your understanding of our meet and confer differs
from mine above, so we can resolve that also.  Thanks.


Joseph R. Igelmund

Chavez & Gertler LLP

42 Miller Ave.

Mill Valley, Ca  94941

(415) 381-5599

joe@chavezgertler.com <mailto:joe@chavezgertler.com>

www.chavezgertler.com <http://www.chavezgertler.com>


NOTICE:  This email message may contain confidential information or information protected by
attorney-client privilege, the doctrine of attorney work product or other applicable
privileges and protections.
This message is solely for the use of its intended recipients.  Any unauthorized use or
disclosure of this message is strictly and expressly prohibited.  If you are not the intended
recipient, please destroy all copies of this message, including your original copy, and
contact the sender immediately.

**Scharf, James (USACAN)**

| | |
|---|---|
| **From:** | Scharf, James (USACAN) |
| **Sent:** | Tuesday, May 27, 2008 11:38 AM |
| **To:** | 'Joe Igelmund' |
| **Subject:** | RE: Wyckoff/Eap v USA - Plaintiffs' Responses to USA First Set of Special Interrogatories |

That is fine.

**From:** Joe Igelmund [mailto:jri@chavezgertler.com]
**Sent:** Tuesday, May 27, 2008 11:39 AM
**To:** Scharf, James (USACAN); Tseng, Neill (USACAN); Kauffman, Chad (CIV)
**Cc:** Jonathan Gertler
**Subject:** Wyckoff/Eap v USA - Plaintiffs' Responses to USA First Set of Special Interrogatories

Jim – We will serve updated responses to the USA's First Set of Special Interrogatories by two weeks from today.  Please let me know if that is not acceptable.  Thanks.

Joseph R. Igelmund
Chavez & Gertler LLP
42 Miller Ave.
Mill Valley, Ca  94941
(415) 381-5599
joe@chavezgertler.com
www.chavezgertler.com

NOTICE:  This email message may contain confidential information or information protected by attorney-client privilege, the doctrine of attorney work product or other applicable privileges and protections.  This message is solely for the use of its intended recipients.  Any unauthorized use or disclosure of this message is strictly and expressly prohibited.  If you are not the intended recipient, please destroy all copies of this message, including your original copy, and contact the sender immediately.