1  CHAVEZ & GERTLER LLP
   JONATHAN E. GERTLER (Bar No. 111531)
2  JOSEPH R. IGELMUND (Bar No. 52493)
   42 Miller Avenue
3  Mill Valley, California 94941
   Tel: (415) 381-5599  Fax: (415) 381-5572
4
   Attorneys for Plaintiffs Wyckoff
5
   JOSEPH P. RUSSONIELLO (CSBN 44332)
6  United States Attorney
   JAMES A. SCHARF (CSBN 152171)
7  Assistant United States Attorney
   150 Almaden Blvd., Suite 900
8  San Jose, California 95113
   Tel: (408) 535-5044  Fax: (408) 535-5081
9
   Attorneys for Defendant United States
10
   *Additional Counsel Listed on Signature Page*

11

12                          UNITED STATES DISTRICT COURT

13                          NORTHERN DISTRICT OF CALIFORNIA

14  SUSAN WYCKOFF, individually, and as           ) Case No. C 07 3600 SI
    Administratrix of the Estate of PETER        )
15  WYCKOFF; ALEXANDER WYCKOFF by                 ) **JOINT CASE MANAGEMENT**
    and through his Guardian ad Litem, SUSAN     ) **CONFERENCE STATEMENT**
16  WYCKOFF,                                     )
                                                 ) Date:  June 6, 2008
17              Plaintiffs                       ) Time:  2:30 p.m.
                                                 ) Court: Hon. Susan Illston
18        vs.                                    )
                                                 )
19  UNITED STATES OF AMERICA; DANIEL             )
20  EARL SPERL and DOES 1 through 10,            )
                                                 )
21              Defendants.                      )
22  CHARLIE EAP, heir at law of decedent Holly   ) Case No. CO7 2301 SI
    Annie Eap,                                   )
23                                               )
                Plaintiff                        )
24                                               )
          vs.                                    )
25                                               )
    UNITED STATES OF AMERICA, DANIEL             )
26  EARL SPERL,                                  )
                                                 )
27              Defendant.                       )
                                                 )
28  _____)

1. **JURISDICTION AND SERVICE**

There are no counterclaims and no issues exist as to personal jurisdiction or venue. All named defendants in both the Wyckoff and Eap actions have been served, except for those fictitiously named. Answers to the Wyckoff and Eap Plaintiffs' first amended complaints have been filed and served by both defendants. Defendant United States contends that the Court lacks subject matter jurisdiction over this dispute and intends to file a dispositive motion on the grounds that defendant Sperl was not within the course and scope of his duties as a member of the United States Coast Guard at the time of the accident, and defendant USA did not negligently supervise Sperl. The Wyckoff and Eap Plaintiffs contend that subject matter jurisdiction exists.

2. **FACTS**

On December 22, 2005, defendant Daniel Sperl ("Sperl") crossed the double yellow line on an undivided state highway and collided head-on with the vehicle driven by Peter Wyckoff. Susan Wyckoff (the spouse of Peter Wyckoff), Holly Ann Eap (the daughter of Susan Wyckoff), and Alexander Wyckoff (the son of Peter Wyckoff and Susan Wyckoff) were passengers in the vehicle driven by Peter Wyckoff. Peter Wyckoff and Holly Ann Wyckoff were killed in the collision. The Wyckoff and Eap Plaintiffs contend that defendant Sperl was acting within the course and scope of his duties as a member of the United States Coast Guard at the time of the accident, and that the Coast Guard negligently supervised Sperl so as to permit him to drive while impaired at the time of the accident.

The Court designated the Wyckoff and Eap cases (brought by the respective survivors of the decedents) as "Related Cases" by August 14, 2007 Order. Liability is disputed in both actions. Sperl denies negligence; the issue of liability as to the subject collision itself might be agreed upon after further discovery is completed, but Sperl does not admit liability at this time. Defendant United States denies liability. Defendant United States denies that Sperl was acting within the course and scope of his employment as a member of the United States Coast Guard at the time of the accident, and that the Coast

Guard negligently supervised Sperl.  Both Sperl and the United States deny the amounts of damages claimed by the Wyckoff and Eap Plaintiffs.

**3. LEGAL ISSUES**

The principal legal issues are whether the United States is liable in that (1) Sperl was acting within the course and scope of employment for the Coast Guard and (2) the United States negligently supervised Sperl.

**4. MOTIONS**

Defendant United States intends to file a dispositive motion on the course and scope and negligent supervision issues.  Pursuant to the Court's May 17, 2008 order, deposition discovery needed to prepare for or oppose the United States' motion shall be completed by September 30, 2008, on mutually agreed dates.  The Court issued two orders regarding the hearing date on the United State motion, setting the hearing for either November 21, 2008 or December 19, 2008; the parties ask to discuss the hearing date with the Court at the Case Management Conference.  The Court previously had ordered that discovery on damages be stayed pending order on the United States' dispositive motion.  Plaintiff Eap has filed a motion to amend his complaint as set forth below.

**5. AMENDMENT OF PLEADINGS**

Plaintiff Eap has filed a motion for leave to file a Second Amended Complaint to increase the relief sought from $1,000,000 to $3,500,000. The hearing on Eap's motion is now set for August 22, 2008. Defendant United States has requested a two week postponement of the hearing as to which request plaintiff Eap does not object.  The Eap Plaintiffs also anticipate, and the Wyckoff Plaintiffs perhaps may seek leave for, filing an amendment to the complaint to allege, more specifically, the actions of defendant Sperl in being grossly negligent.  Aside from that, the parties filing this Statement do not anticipate any other amendments to the pleadings.  However, as shown below, deposition discovery is substantially uncompleted.

//

**6.     EVIDENCE PRESERVATION**

The parties previously disclosed to the Court that Plaintiffs' insurer took possession of the Wyckoff vehicle. Plaintiffs state that they have no information as to who took possession of the Sperl vehicle; and, as to the Wyckoff vehicle, Plaintiffs state that plaintiffs' counsel provided defendants with substantial opportunity to inspect and preserve the vehicle, and advised defendants that plaintiffs would no longer preserve the vehicle.

The parties also previously disclosed to the Court that the California Highway Patrol has destroyed the videotaped statement it obtained from defendant Sperl at the hospital immediately following the collision.

Since the last Case Management Conference, defendant United States has disclosed in response to the Wyckoff Plaintiffs' written discovery that the Coast Guard destroyed documents relating to Sperl on or after his retirement in June, 2006. Defendant United States states that this was the common practice when a Coast Guard member retired, and that the common practice regarding computer profiles was to back them up for a period of six months. The Wyckoff Plaintiffs have met and conferred with the United States to obtain amended responses identifying the documents destroyed, and are awaiting the United States' amended responses.

At this time, defendant United States is investigating whether there is any document destruction program or erasure of any electronically recorded material relevant to the issues herein. Apart from this, the parties are unaware at this time of any document destruction program or of erasures of any electronically recorded material relevant to the issues herein.

**7.     DISCLOSURES**

Counsel for all parties have complied with the initial disclosure requirements of Fed. R. Civ. P. Rule 26, as qualified by stipulations by defendants United States and Sperl permitting Plaintiffs to make certain specified disclosures at a later date. The parties also agreed on a protective order regarding the medical and employment records of defendant Sperl.

8. **DISCOVERY**

The Wyckoff Plaintiffs have served two sets of special interrogatories and two sets of document requests on defendant Sperl, and four sets of special interrogatories and five sets of document requests on defendant United States. Defendants have responded to all except those responses not yet due. The Wyckoff Plaintiffs have filed a motion to compel further responses by the United States to contention special interrogatories and document requests; that motion is pending before the Court. The Wyckoff Plaintiffs and defendant United States have or are meeting and conferring on other responses.

The Eap Plaintiff has served one set of special interrogatories and one set of document requests on defendant Sperl, and one set of special interrogatories and one set of document requests on defendant United States. Defendants have responded to all.

Defendant Sperl has served one set of document requests on the Wyckoff Plaintiffs and the Eap Plaintiff, which has bee answered as to liability, and the remainder has been stayed as to damages issues. Sperl has recently served contention interrogatories . Plaintiffs have responded to all.

Defendant United States has served several paper discovery requests on the Wyckoff Plaintiffs, and two sets of special interrogatories and two sets of document requests on Plaintiff Eap. The Wyckoff Plaintiffs have responded to all. Defendant United States and the Wyckoff Plaintiffs have or are meeting and conferring on certain responses. Plaintiff Eap has responded to all except the second set of special interrogatories and demand for production of documents to which Plaintiff Eap requested a two week extension of time to respond and defendant United States agreed to.

Plaintiffs noticed the deposition of defendant Sperl; part of the examination has been completed, and the balance will be scheduled. The United States noticed the depositions of three non-party percipient witnesses, which have been taken.

On March 26, 2008, the Court denied defendant Sperl's motion for a protective order regarding production of his medical and employment records, and permitted production of all such records within the two years prior to the accident, only. Defendants have subsequently

1  produced further records; Sperl also has ordered the remainder of the responsive medical
2  records from non-military providers, which will be forwarded to the parties shortly.  Counsel
3  for Wyckoff Plaintiffs maintained that Plaintiffs need to review all medical and employment
4  records from all providers before any depositions of witnesses with testimony relating to the
5  course and scope or negligent supervision claims should proceed.  Wyckoff counsel Joseph
6  Igelmund also advised that he would be unavailable for a period for anticipated kidney
7  surgery.  Thus, the parties agreed that the depositions of defendant United States' employees
8  and other percipient witnesses relating to the course and scope and negligent supervision
9  claims, noticed by the United States for April 2008 (which is in dispute with the Plaintiffs),
10 would instead be taken at some time during the period July 15, 2008 to September 30, 2008.
11 In the meantime, defendant United States has noticed ten depositions of its own Coast Guard
12 employees; Plaintiffs and the United States dispute whether the United States should be
13 permitted to examine those employees first; the parties' respective Rule 26(d) motions are
14 pending before the Court.
15   Plaintiffs Wyckoff note for the Court that Mr. Igelmund is awaiting health insurer
16 approval of a revised surgery plan recommended by his doctors, which may result in a
17 request by the Wyckoffs for a minor modification of the discovery schedule above.  The
18 Wyckoffs anticipate a decision by the insurance carrier before the June 6, 2008 Case
19 Management Conference.

20 **9.    CLASS ACTIONS**
21   This does not apply to this action.
22 **10.   RELATED CASES**
23   As noted above, the Court has designated the Wyckoff and Eap actions as "Related
24 Cases" by order.
25 **11.   RELIEF**
26   In the Wyckoff action, Plaintiff Susan Wyckoff seeks just compensation for the loss
27 she suffered, including the pecuniary value of the society, comfort, care, protection, and
28 right to receive support, if any, which she lost by reason of her husband's death, for the loss

1  she suffered by reason of the death of her daughter, Holly Ann Eap, and for her own
2  injuries. Minor plaintiff Alexander Wyckoff, by Susan Wyckoff as Administratrix, seeks
3  just compensation for the loss he suffered arising from the death of his father, Peter
4  Wyckoff, and sister, Holly Ann Eap, and for his own injuries.

In the Eap action, Plaintiff Charlie Eap seeks just compensation for his pecuniary loss resulting from the loss of love, society, comfort, care and attention he suffered by reason of the death of his daughter, Holly Ann Eap.

**12.    SETTLEMENT AND ADR**

The parties have agreed to mediation with the Hon. Edward Infante of JAMS, after filing of moving, opposition, and reply papers, and before hearing, on the United States' dispositive motion.

**13.    CONSENT TO MAGISTRATE JUDGE**

Defendant United States declined to consent to a Magistrate Judge.

**14.    OTHER REFERENCES**

The parties do not believe this case is suitable for other references.

**15.    NARROWING OF ISSUES**

The issue of Sperl's liability as to the subject collision itself might be agreed upon after further discovery is completed. However, Sperl does not admit liability at this time. Defendant United States denies liability.

**16.    EXPEDITED SCHEDULE**

As stated above, the Court has set hearing on defendant United States' dispositive motion, and has stayed damages discovery pending order on that motion. Otherwise, this case is not appropriate for an expedited schedule.

**17.    SCHEDULING**

Experts are to be designated 90 days before trial. Discovery cut-off, except as to experts disclosed, is to be 90 days before trial.

//

**18.    TRIAL**

The United States maintains that, under the Federal Tort Claims Act, the Wyckoff and Eap actions must be tried as a bench trial.  Sperl states that a plaintiff is not entitled to a jury, but as a co-defendant to the United States, does not waive his right to a jury trial.  Further, if it is determined that this case must proceed against the United States as a bench trial, and the United States is subsequently dismissed, Sperl herein requests that a jury trial be designated at that time.  Also, Sperl does not waive his right to a jury trial on the issue of scope of employment and/or damages, if those matters go to a separate, bifurcated trial.  If the Court determines Sperl is not entitled to a jury trial for any of the stages of trial, Sperl requests an advisory jury as to all claims and issues against him, including the scope of employment, liability, and damages issues.  The Wyckoff and Eap Plaintiffs request a jury as to their respective claims against defendant Sperl, and also against the United States as permitted by law.  It is anticipated that each case will require five full trial days.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

No party has as yet, filed a "Certification of Interested Parties or Persons." The Wyckoff and Eap Plaintiffs and defendants United States and Sperl know of no persons, firms, partnerships, corporations (including parent corporations) or other entities which have either (a) a financial interest; or (b) any other kind of interest.  The Wyckoff and Eap Plaintiffs do acknowledge that their legal counsel will be compensated only if they recover compensation for damages herein.

**20.    OTHER MATTERS**

Defendant United States wishes to discuss the following issues at the further case management conference, which it believes may facilitate the just, speedy and inexpensive disposition of this matter:

1.    Whether a date should be set by which all parties must supplement responses to contention discovery requests.

2.    Whether a date should be set by which all meet and confers for previously answered discovery must conclude.

1    3.  Whether a date should be set by which a comprehensive motion to compel for
2  previously answered discovery must be filed.
3    4.  Whether a procedure should be set to determine whether the Raff and Stiles
4  depositions can go forward.
5    5.  Whether a procedure should be set to schedule the noticed depositions.
6    6.  Whether a procedure should be set to address defendant Sperl's objection to
7  production of defendant Sperl's VA disability records.
8    7.  Whether the Court should set a trial date and cut-off dates at this further case
9  management conference, or whether such issues should be postponed.
10    8.  When the next further case management conference should be scheduled for.
11  Defendant United States recommends scheduling it for the same date as the hearing on
12  defendant United States' dispositive motion.
13    9.  Whether any bifurcation issues should be addressed at the next further case
14  management conference, to be scheduled.
15    10.  Dates for the Eap Plaintiffs' motion to amend complaint to increase damages
16  claim.  Defendant United States recommends a mid-September hearing date.
17    11.  Whether the Court should require the Wyckoff and Eap Plaintiffs to disclose
18  the declarants they intend to rely on in opposition to defendant United States' dispositive
19  motion, and if so, by when.
20    12.  Whether Mr. Igelmund's office should appoint another lawyer to assist on
21  this case in the event any revised surgery plan results in any request by the Wyckoff
22  Plaintiffs for a modification of the discovery schedule.

Dated:  June 1, 2008                CHAVEZ & GERTLER LLP

                                    By:  _____/s/_____
                                           Jonathan E. Gertler

                                    Attorneys for Plaintiffs WYCKOFF

8
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

| | |
|---|---|
| Dated: June 1, 2008 | DAVIS LAW OFFICES |
| | By: ____/s/_____<br>       Andrew J. Davis |
| | Attorneys for Plaintiff EAP |
| Dated: June 1, 2008 | UNITED STATES ATTORNEY |
| | By: ____/s/_____<br>       James A. Scharf |
| | Attorneys for Defendant UNITED STATES |
| Dated: June 1, 2008 | CESARI, WERNER & MORIARTY |
| | By: ____/s/_____<br>       Paul N. Cesari |
| | Attorneys for Defendant Sperl |

*Additional Counsel:*

| | |
|---|---|
| DAVIS LAW OFFICES<br>BY: ANDREW J. DAVIS (Bar No. 24255)<br>JAY DAVIS (Bar No. 102076)<br>1900 W. Garvey Avenue South, Suite 160<br>West Covina, California 91790<br>Tel: (626) 962-7400  Fax: (626) 962-7474<br><br>Attorneys for Plaintiff Charlie Eap | PAUL N. CESARI (Bar No. 118110)<br>CESARI, WERNER & MORIARTY<br>360 Post Street, Fifth Floor<br>San Francisco, California 94108<br>Tel: (415) 391-1113  Fax: (415) 391-4626<br><br>Attorneys for Defendant Daniel Sperl |

08.05.30.Wyckoff-Eap.Joint CMC Statement