**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*150 Almaden Blvd., Suite 900*          *(408) 535-5044*
*San Jose, California  95113*            *FAX:(408) 535-5081*

July 21, 2008

The Honorable Bernard Zimmerman
United States Magistrate Judge
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

        Re:    Eap/Wyckoff v. USA/Sperl
                Case Nos. C 07-2301 SI and C 07-3600 SI
                Request for Telephone Conference

Dear Magistrate Judge Zimmerman:

      Pursuant to your Initial Discovery Order dated June 4, 2008, this letter requests a telephone conference with Your Honor, as a discovery dispute has arisen involving defendant USA and defendant Sperl.

      In short, and without revealing the particular information to which defendant Sperl objects, defendant USA seeks to examine defendant Sperl, Robert Stiles (a Coast Guard attorney), and Nate Raff (defendant Sperl's former criminal defense attorney) during their upcoming depositions regarding Raff's statements to Stiles and other government investigators on June 4 and 7, 2007, concerning Sperl's recollection as to where he was going when the accident occurred. Raff's statements to Stiles are highly relevant to plaintiffs' scope of employment claim against defendant USA. This discovery will establish that Sperl authorized Raff to make these statements on Sperl's behalf, and will thus lay the foundation for their admission at trial as admissions by an agent of a party opponent. Sperl objects to said deposition discovery on the grounds of attorney-client privilege.[1]

      The government respectfully submits that Sperl's objection is without merit for the following reasons:

      1.    Federal common law governs all issues in this case relating to attorney-client privilege. Fed.R.Evid.501; *Bittaker v. Woodford,* 331 F.3d 715, 726 (9th Cir. 2003). While Federal courts "may look to state law. . . if it is enlightening," they may do so only to the extent that it does not conflict with federal law, and "the rule ultimately adopted. . . is not state law but federal common law." *Tennenbaum*

---

[1] Only defendant Sperl has standing to raise this objection. *See United States v. Fortna*, 796 F.2d 724, 733 (5th Cir. 1986) (third parties lack standing to assert attorney-client privilege on behalf of others).

*v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir. 1996).

    2. The party asserting the privilege with respect to a particular set of communications (Sperl, in this case) has the burden of proving all elements of the privilege, including the non-existence of waiver. *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 25 (9th Cir. 1981).

    3. Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed. *U.S. v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002).

    4. The focal point of privilege waiver analysis should be the holder's disclosure of privilege communications to someone outside the attorney-client relationship, not the holder's intent to waive privilege. *Tennenbaum*, 77 F.3d at 341. The party's subjective intent or lack of intent to waive the attorney-client privilege is not dispositive. *United States v. Mendelsohn*, 896 F.2d 1183, 1188-89 (9th Cir. 1990).

    5. Even inadvertent disclosure of privileged materials may effect a waiver. *United States v. Plache*, 913 F.2d 1375, 1380 (9th Cir. 1990)(citing *Weil*, 647 F.2d at 24). Thus, state law requirements of a party's "awareness of the relevant circumstances and likely consequences" as a prerequisite for waiving privilege do not apply at the federal level.

    6. Parties may waive privilege by authorizing others to disclose privileged communications to third parties. *See Tennenbaum*, 77 F.3d at 341 (citing Cal.Evid.Code § 912(a)).

    7. Sperl contends that waiver should apply only in cases in which the asserting party has disclosed favorable communications while shielding unfavorable ones. However, the Ninth Circuit has on many occasions found parties to have waived privilege by disclosing communications that were not favorable to them. See, e.g., *United States v. Jara*, 973, F.2d 746, 749 (9th Cir. 1992); *United States v. Plache*, 913 F.2d 1375, 1380 (9th Cir. 1990); *United States v. Gann*, 732 F.2d 714, 723 (9th Cir. 1984). Furthermore, the United States would suffer prejudice if it were prohibited from utilizing this testimony to impeach a party it believes has proffered false testimony.

    8. In anticipation of this litigation, the Coast Guard investigators requested to interview Sperl (and ultimately interviewed Raff) to determine whether Sperl's actions occurred while he was in the course and scope of employment. As the purpose of the scope of employment interview was known to both Raff and Sperl, the interview and subsequent lawsuit should not be distinguished for the purposes of waiver analysis – statements made by Raff on behalf of Sperl during pre-litigation investigation should be discoverable in this lawsuit.

    9. The evidence (including contemporaneous documents authored by Stiles and a recent letter written by Raff) will clearly show that Sperl knew that Raff was talking to Coast Guard investigators and authorized Raff to speak on his behalf. Sperl's mere assertion to the contrary is insufficient to meet his burden of showing non-waiver.

    10. Raff's statements to Coast Guard investigators did not constitute hearsay, since the Federal Rules of Evidence except from the definition of hearsay statements "made against a

party and. . . [made] by a person authorized by the party to make a statement concerning the subject." Fed.R.Evid.802, 801(d)(2)(C). The evidence shows that Sperl so authorized Raff to speak on his behalf.  *See also* Fed.R.Evid.802, 801(d)(2)(D).

Counsel for defendant USA and Sperl met in person on July 10, 2008.  (Counsel for Wyckoff plaintiff participated by telephone and counsel for Eap plaintiff declined an invitation to attend).  Prior to that meeting, counsel for defendant USA and Sperl exchanged a series of letters with supporting documents which more fully set forth their positions.  Counsel have discussed various proposals, including limiting the deposition discovery to foundational and/or limiting the deposition discovery to Raff's statements to Stiles, but were not able to reach an agreement.  Accordingly, defendants USA and Sperl jointly request a telephone conference with Your Honor.

In addition, defendants USA and Sperl also jointly request (1) that they be permitted to submit under seal to Your Honor their meet and confer letters with supporting documents (which include the documents referenced in paragraph number 9, above) prior to the requested telephone conference; and (2) that this dispute be adjudicated based on those letters and documents without further briefing prior to the upcoming depositions of Sperl, Stiles and Raff, which are currently set for August 13, 19 and September 24, respectively.

Thank you for considering this request.

JOSEPH P. RUSSONIELLO,
United States Attorney


_____/S/_____
James A. Scharf
Assistant United States Attorney
Attorney, defendant USA

cc:   Kristina Velarde (counsel for defendant Sperl)
      Joseph R. Igelmund (counsel for Wyckoff plaintiff)
      Andrew Davis (counsel for Eap plaintiff)