DENNIS F. MORIARTY
IAN FRASER-THOMSON
PAUL N. CESARI
ANDREW S. WERNER
STEPHEN L. DAHM
JOSE A. MONTALVO
JAMES J. PATRICK
KRISTINA L. VELARDE
SEAN P. MORIARTY

LAW OFFICES OF
CESARI, WERNER AND MORIARTY
A PROFESSIONAL CORPORATION
360 POST STREET - FIFTH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-4908
TELEPHONE (415) 391-1113
*Extension 26*

JAMES B. WERNER
(1929-1988)

D. RALPH CESARI
(RETIRED)

FAX (415) 391-4626

WRITERS E-MAIL ADDRESS:
kvelarde@cwmlaw.com

July 23, 2008

Honorable Bernard Zimmerman
United States Magistrate Judge
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:   *Eap v. USA and Sperl* - Case No: C07 3600
           Our File No.:  4991-6-15

Dear Hon. Zimmerman:

      Sperl and the United States are defendants in a car accident related lawsuit. The USA is denying Sperl was in the course and scope of employment, despite his being on duty and driving to Travis Air Force Base, per order by his Coast Guard physician at the time. The Coast Guard conducted several "course and scope" interviews. During two interviews with Sperl's criminal attorney Nate Raff in which Sperl was <u>not</u> present (on June 4th and June 7th 2007), Raff conveyed information which may have been communicated to him from Sperl within the course of his legal consultation. Sperl did not authorize this communication. (There was also one conversation – which took place *after* those two conversations - in which the Coast Guard contacted Sperl directly, despite his being represented. USA has since agreed to not pursue any of those statements made by Sperl.) USA then contacted Raff as recently as March 2008, trying to obtain confirmation of these statements, and is now attempting to depose both Sperl and Raff as to their privileged communications (as well as Stiles, the Coast Guard attorney to whom the comments were made). However, there was no waiver of the attorney client privilege; Raff's statements, then and now, are thus inadmissible hearsay, not party admissions, and the communication continues to be protected.

      1.     <u>Attorney client privilege cannot be waived by his attorney.</u> "The attorney client privilege '**belongs <u>solely</u> to the client**'…" *Cox v. Administrator United States Steel & Carnegie* 17 F.3d 1386, 1417 (11th Cir. 1994). [Emphasis added.] Therefore, the privilege is only Sperl's, which he did not waive. Sperl has testified that he was not even aware that Raff was speaking with the government, and therefore he *could not* have directly waived the privilege via authorization to Raff. In addition, Sperl and Raff have maintained that there was no intent by either to waive the privilege.

      CA Evid. Code §954 provides that a client may claim privilege of communications with his counsel, including preventing others from disclosing such protected information. **A disclosure of information by the professional with whom the holder is joined in privilege does <u>not</u> constitute a waiver if done without the consent of the holder.** [See *Roberts v. Sup. Ct.* 9 Cal.3d 330, 341 (1973).] ["State privilege law may be considered if 'enlightening'." *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir.1996); USA also refers to California laws in its brief.]

Hon. Bernard Zimmerman
July 23, 2008
Page 2

      2.    <u>Nor did Sperl waive his attorney client privilege by implication</u>. In *Sedco Intn'l*, the court found waiver by implication when: 1.) the client testifies as to portions of the attorney-client communication; 2.) the client places the attorney-client relationship directly at issue; and 3.) a client asserts reliance on an attorney's advice as a claim or defense. [See *Cox* at 1418, referencing *Sedco Int'l v. Cory* 683 F.2d 1201, 1206 (8th Cir.1982).] None of these conditions apply.

      3.    <u>The purpose of the waiver is to protect the other party from the first party revealing only "beneficial" information; *it is to promote fairness and avoid prejudice*</u>. **"The doctrine of waiver of the attorney-client privilege is rooted in notions of fundamental fairness**... to protect against the unfairness that would result from a privilege holder <u>selectively</u> disclosing privileged communications to an adversary... while claiming the shelter of the privilege to avoid disclosing those that are less favorable." *Tennebaum* at 340-341. "[Th]e attorney-client privilege is waived when [information is provided] *for his own benefit*...." *Cox* at 1417. [Emphasis added.]

    Further,"...*courts generally have not found a waiver where the party attacking the privilege has not been prejudiced."* Cox at 1417. Here, the information presented does not create any prejudice against USA; Sperl did not knowingly disclose information for his benefit, only to then claim privilege when questioned further. As Sperl has not asserted new allegations which USA must now refute, there is no basis for related communications to be revealed for USA's analysis. Where "the privilege-holder has made assertions about privileged communications *not to a fact finder at trial, but to his adversary*, before trial, and has not, by any affirmative act, placed these communications in issue, **it is harder to justify revoking his privilege** as to matters not disclosed." *U. S. A. v. Aronoff* 466 F.Supp 855, 862 (S.D.N.Y. 1979).

      4.    <u>The government has *already* discovered this information via deposition of Sperl</u>. **USA does not dispute that Sperl testified that he was not aware of Raff's comments** (which is disputed by USA), and Sperl then testified as to the accuracy of the facts stated in the comments. Therefore, USA has already obtained evidence on this issue, and further discovery as to what Sperl and Raff discussed is irrelevant, unnecessary and a violation of the attorney client privilege.

      5.    <u>If any waiver, it was for the employer's investigation only</u>. **The waiver of attorney-client privilege in one narrow purpose does not extend** to its extinguishment throughout the future, and in all circumstances. [See *Bittaker v. Woodford* 331 F.3d 715 (9th Cir. 2003).] If any waiver, which Sperl denies, it was for the limited purpose of addressing the scope of employment issue directly with his employer – it was not in the context of the lawsuit at bar; *Sperl and Raff were not even aware a lawsuit had been filed.* **"The waiver of privilege must be a voluntary and knowing act**, done with sufficient awareness of the relevant circumstances and likely consequences." *Maas v. Municipal Court* (1985) 175 Cal.App.3d 601, 606, citing *Roberts v. Superior* Court (1973) 9 Cal.3d 330, 343. *To be voluntary, it must not be the product of coercion. US v. Ellis* (2003 U.S. Dist. Lexis 9729). Here, any communication by Raff with the Coast Guard, whether approved by Sperl or not, would have been for the purpose of cooperating with his employer, as there was no opportunity for the Coast Guard to find Sperl within the scope of

Hon. Bernard Zimmerman
July 23, 2008
Page 3

employment without an investigation– for that information to now be used by USA as another party in a civil action against Sperl is to take any communication that was required between an employer and employee investigation and utilize it in a completely different venue *for the benefit of USA*. In other words, <u>USA used its position as Sperl's employer to obtain information from Raff</u> (whether or not authorized by Sperl) as the only avenue in which Sperl could be scoped, and now is using it against him as a sword in a federal court action; this is likened to a coerced, not a voluntary, waiver.

Sperl always had a general understanding that his communication with counsel was always privileged, and had no knowledge that information he might give Raff (his criminal attorney who briefly stepped in to assist in the communications between Sperl and his employer) would be passed on to the government, or then be used in the context of this lawsuit, with claims by completely different parties. Raff's apparent good faith attempt to cooperate as a practical matter with Sperl's employer (without Sperl's knowledge, and without either of their knowledge that a lawsuit had been filed) is now being twisted and manipulated by USA to delve into the sacred communication between a client and his attorney -- this is unnecessary and prohibited by law.

                                                    Respectfully Submitted,
                                                    CESARI, WERNER AND MORIARTY

                                                    KRISTINA L. VELARDE
                                                    Attorney for Defendant, DANIEL SPERL

cc:     James Scharf, Esq.
             Counsel for USA
        Joe Igelmund, Esq.
             Counsel for Plaintiff Wyckoff
        Andy Davis, Esq.
             Counsel for Plaintiff Eap