# Chavez & Gertler LLP

## ATTORNEYS AT LAW

42 MILLER AVENUE
MILL VALLEY, CA 94941
TELEPHONE: (415) 381-5599
FACSIMILE: (415) 381-5572
joe@chavezgertler.com

August 7, 2008

The Honorable Bernard Zimmerman
United States Magistrate Judge
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    **Wyckoff v. United States, et al**    **Eap v. United States, et al**
                   Case No: C 07 3600 SI         Case No. C 07 2301 SI

Dear Magistrate Judge Zimmerman:

      Plaintiffs Wyckoff respectfully request that Your Honor set a telephone conference regarding the following dispute. By Document Request No. 22, plaintiffs Wyckoff requested that defendant United States produce Veterans Administration records pertaining to defendant Sperl. Defendant Sperl objected to disclosure on the ground of privacy. Counsel for plaintiffs Wyckoff and defendant Sperl have conducted the in-person meet and confer required by Your Honor, and were unable to resolve the objection.

      This is a personal injury action against defendants Sperl and the United States arising from a motor vehicle accident December 22, 2005. A motor vehicle operated by Sperl, a member of the Coast Guard on active duty, crossed the double yellow line on an undivided state highway and collided with the Wyckoff vehicle. The CHP report describes Mr. Sperl as traveling "at a high rate of speed" in "heavy rainfall with a wet roadway surface," and losing control as he "rapidly passed all witnesses." The husband and daughter of plaintiff Susan Wyckoff were killed in the collision. Plaintiffs assert United States liability on the grounds that Sperl was acting in the course and scope of employment, and that the United States negligently supervised him.

      According to Sperl's counsel, the VA records consist of (1) Sperl's application for VA benefits following retirement June 1, 2006, in which Sperl contended that certain medical conditions had been incurred in connection with his military service and were ongoing as of retirement; (2) information forms prepared by Sperl and VA-

Honorable Bernard Zimmerman
August 7, 2008
Page 2

generated documents, referencing Sperl's history, in support of the VA rating process; (3) supporting pre-accident medical history of Sperl (this is the one category of documents as to which Sperl does not contest production, in that the documents apparently have already been produced); (4) post-accident medical history of Sperl to support his contention that the medical conditions were ongoing through retirement; (5) the VA "rating document," which describes Sperl's medical conditions and the VA's decision as to whether they existed and were ongoing; (6) Sperl's appeal of the VA rating decision, in which Sperl describes three pre-accident medical conditions and history; and (7) the VA's second rating document, describing the appealed medical conditions and the VA's ruling on the appeal.

As to the disputed documents, plaintiffs understand that Sperl's counsel will not permit disclosure of any information other than the injuries suffered by Sperl in the accident itself. Sperl also has proposed that the Court perform the redaction of all other information. Plaintiffs respectfully believe that redaction is inappropriate and an unnecessary burden on the Court, for three reasons. First, the information in these documents is relevant to the negligent supervision claim in that they disclose the nature and duration of Sperl's medical conditions and medications during the months preceding the accident, and identify physicians, pharmacies, and witnesses with knowledge of these matters, and documents with this information; and disclose Sperl's interactions with Coast Guard personnel and their knowledge of Sperl's conditions, fitness, and behavior preceding the accident. Discovery to date shows: Sperl has a substantial medical and prescription medication history, including during the months preceding the accident. [1] Also, after the accident, Sperl disclosed to physician(s) at least one significant medical condition as pre-accident, but the pre-accident medical records do not identify it. Further, Sperl has denied any knowledge of certain important prescription medication found in his vehicle the day of the accident, and which is not identified in any medical records produced to date. Also, Sperl's supervisor stated in a Coast Guard interview that Sperl had been relieved of his previous position as a result of poor performance; that he had been directed to manage his medical conditions and notify the supervisor of his status periodically; and "as a senior enlisted individual, he was trusted to manage his appointments without oversight."

---

[1] If Your Honor so directs, plaintiffs will file under seal a summary of the medical history preceding the accident, including medications. The Court previously ordered that any medical information pertaining to Sperl be filed under seal. See Wyckoff Document 39, granting plaintiffs' request for discovery of Sperl medical and employment records during the two years preceding the accident, and ruling on related matters.

Honorable Bernard Zimmerman
August 7, 2008
Page 3

      Second, the post-accident medical history contained in the documents is relevant in that it will demonstrate that the pre-accident medical conditions were ongoing at the time of the accident. To plaintiffs' understanding, Sperl contends that all medical conditions disclosed in the post-accident medical records existed pre-accident.

      Third, there is a confidentiality agreement in place between the parties, which will sufficiently protect Sperl's privacy.

      The privilege afforded privacy protection is qualified, not absolute. <u>John B. v. Superior Court</u>, (2006) 38 Cal.4th 1177, 1199 (discovery of defendant's relevant sexual history permitted, with limitations). Discovery will be permitted where the requesting party shows that the information is directly relevant to a cause of action or defense, and that disclosure is essential to the fair resolution of the lawsuit. <u>Britt v. Superior Court</u>, (1978) 20 Cal.3d 844, 859 (requested discovery not permitted where sought matters not put into issue by lawsuit). As shown above, the requested information is directly relevant to the negligent supervision claim arising from Sperl's dangerous acts. Further, disclosure is essential to a fair resolution of the lawsuit, in that the information sought is not available from other sources known to plaintiffs, and is required to establish liability of the United States for the substantial damages suffered by plaintiffs as a result of Sperl's acts. Sperl's expectations of privacy also are not prejudiced in that they will be protected by the parties' confidentiality agreement. Thus, plaintiffs request that Sperl's objection be overruled, so that defendant United States may produce the VA documents to plaintiffs.

                                            Very truly yours,

                                            Joseph R. Igelmund

08.08.07.Wyckoff.Court.BZ.VA Docs