LAW OFFICES OF

DENNIS F. MORIARTY
IAN FRASER-THOMSON
PAUL N. CESARI
ANDREW S. WERNER
STEPHEN L. DAHM
JOSE A. MONTALVO
JAMES J. PATRICK
KRISTINA L. VELARDE
SEAN P. MORIARTY

# CESARI, WERNER AND MORIARTY
A PROFESSIONAL CORPORATION
360 POST STREET · FIFTH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-4908
TELEPHONE (415) 391-1113
*Extension 26*

JAMES B. WERNER
(1929-1988)

D. RALPH CESARI
(RETIRED)

FAX (415) 391-4626

WRITER'S E-MAIL ADDRESS:
kvelarde@cwmlaw.com

August 11, 2008

Honorable Bernard Zimmerman
United States Magistrate Judge
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

Re:  *Eap v. USA and Sperl* - **Case No: C07 3600**
         Our File No.:   4991-6-15

Dear Hon. Zimmerman:

Defendant Sperl was in a collision with Plaintiffs Wyckoff on December 22, 2005, while within the course and scope of his employment in the Coast Guard. Plaintiffs allege that the Coast Guard negligently supervised Sperl in permitting him to drive, and have requested and received *all* medical and employment records from the two years prior to the accident (per court decision as to the reasonable / relevant time period) to analyze whether his condition was such that he should have been prohibited from driving, and if so, whether the Coast Guard was on notice of such condition. (Plaintiffs are also receiving all civilian providers' medical records during that time period as well, via Subpoena, for which Sperl signed a Release so the 30 day waiting requirement would not apply.) However, plaintiffs now seek to obtain additional documents clearly protected by physician/patient privilege and Sperl's right to privacy, and which are clearly outside of the potential realm of relevancy; plaintiffs seek Sperl's *entire* VA file, including retirement benefits.

The VA file includes all of Sperl's medical and employment records from his 30 years in the Coast Guard, as well as his VA Benefits Application ("Application"), and its analysis and award (referred to in paragraph 3 of plaintiff's letter brief as items 1-7). All medical and employment records from December 22, 2003–December 22, 2005 have already been produced (item 3). Now plaintiffs are seeking the VA Application and findings (items 1, 2, 5, 6 and 7), and any *post*-accident medical records (item 4). These items are protected and not relevant to this action.

1.      **VA Benefit Records are Irrelevant**

The VA benefit Application and Report refer to *any* condition Sperl may have had at any point during his military career which at the time of retirement (6 months post-accident) had some residual symptom, and for which he applied for benefits. This includes every minor complaint, including some sensitive and private matters as well. This is not an appropriate list for what may have ailed Sperl at the time of the accident or in the year or two prior; that information would have been contained in the medical records from the year or two prior the accident, which plaintiffs already have. Rather, there may have been conditions Sperl suffered in the year or two prior that were not ongoing at the time of retirement and therefore not included in the Application, there may be conditions he did not have until after the accident, and there may be conditions that were

Hon. Bernard Zimmerman
July 23, 2008
Page 2

ongoing but very minor and simply irrelevant to the "negligent supervision" claim (an example is
an irritated appendicitis scar).  For plaintiffs to claim that all such information is relevant to the
negligent supervision claim is clearly a fishing expedition, especially whey they *have* the medical
records themselves at issue for such a claim – the time period leading up to the accident.

The only exception Sperl has suggested is to provide the portion of the VA Application and
Report referring to injuries from the accident; as the Coast Guard accepted those injuries as part of
Sperl's military work, it may be relevant in that it could support a claim for course and scope.
However, plaintiffs have declined this offer.

**2.    VA Benefit Records are a Compilation – They Contain No Medical Records**
The VA Application is a list of complaints and the VA's conclusion as to whether they were
related to Sperl's service and are ongoing.  There are no medical records in the Application.  The
VA Report is simply a compilation of an analysis of the medical records already in plaintiff's
possession, and provides no new information.  Any examination that may have been done was after
the accident, and the records are not in the VA file.

**3.    Disputed Medical Records**
Medical records post-accident are not relevant to the negligent supervision issue, as they
address Sperl's injuries from the accident, and not prior, ongoing conditions of which the Coast
Guard (allegedly) should have been aware.  However, Sperl has offered to allow those to be
produced to the extent they reference his past conditions.  However, plaintiffs have refused to
accept such redacted records (although it is possible the full records may already be in their
possession when USA did a large initial production of documents in October 2007).

**4.    Disputes in Plaintiff's Brief**
Finally, there are assertions made in plaintiff's letter brief that must be addressed.  First,
Sperl has *not* suggested that the Court redact the VA records at issue; the suggestion was that any
reference to prior conditions in Sperl's post-accident records (such as hospital records from the
accident), would be redacted with only the history or prior condition/complaint showing and
produced.  Second, these VA records do *not* disclose the nature and duration of conditions and
medications in the months prior to the accident; it is a much broader list of symptoms over 30 years,
and provides no such details.  Nor do they disclose "interactions with Coast Guard personnel and
their knowledge of Sperl's conditions".  Third Sperl's counsel does not know what is being referred
to as "after the accident, Sperl disclosed to physician(s) at lest one significant medical condition as
pre-accident, but the pre-accident medical records do not identify it."  Such alleged condition has
not been specified in plaintiff's moving papers and cannot be addressed.  Finally, reference to
Sperl's performance and interaction with his supervisor is completely unrelated to the Application,
and would only be addressed in his employment records, which have already been produced.

These vague and even inaccurate statements further demonstrate plaintiff's fishing
expedition and the lack of relevancy to the claims at issue.  For this reason **Sperl invites Hon.
Zimmerman to review the documents *en camera*** to see for himself that lack of relevancy and

Hon. Bernard Zimmerman
July 23, 2008
Page 3

privacy issues addressed.    (The documents at issue total 128 pages, which are mostly correspondence and easy to read forms.)

Finally, the confidentiality agreement is not a substitution for all privacy protection and/or the restricting of discovery to relevant matters.  It is a final line of defense to preserve whatever privacy remains after personal records involving Sperl's medical condition and work history is examined by the parties; this does not mean all areas of information under those general categories are available for review, simply by placing them within an agreement that somewhat lessens the exposure.  Plaintiff's own letter brief recognizes that discovery must be *directly relevant* and *essential* to the fair resolution of the matter.  *Britt v. Sup. Ct.* (1978) 20 Acal.3rd 844, 859. Plaintiffs have not shown how the VA analysis for monetary benefits on non-injury items is directly related to the negligent supervision claim, nor how violation of privacy and physician / patient privilege is warranted when plaintiffs have the original source documents for their review – the medical records themselves.

Respectfully Submitted,
CESARI, WERNER AND MORIARTY

KRISTINA L. VELARDE
Attorney for Defendant, DANIEL SPERL

cc:    James Scharf, Esq.
              Counsel for USA
        Joe Igelmund, Esq.
              Counsel for Plaintiff Wyckoff
        Andy Davis, Esq.
              Counsel for Plaintiff Eap