# Chavez & Gertler LLP

## Attorneys at Law

42 MILLER AVENUE
MILL VALLEY, CA 94941
TELEPHONE: (415) 381-5599
FACSIMILE: (415) 381-5572
jon@chavezgertler.com

August 29, 2008

The Honorable Susan Illston
United States District Judge
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

Attn:  Tracy Sutton
       Clerk to the Court

    Re:    <u>Wyckoff v. United States, et al</u>    <u>Eap v. United States, et al</u>
           Case No:  C 07 3600 SI              Case No. C 07 2301 SI

Dear Judge Illston:

       Plaintiffs seek an emergency hearing for a motion or request that the Court without a regularly scheduled or briefed motion modify the current Case Management Order (CMO) before the Court's unavailability beginning September 4.

       Plaintiffs specifically request that the Court vacate the current Case Management Order deadlines and dispositive motion briefing and hearing dates and set this matter for a Case Management Conference at the Court's convenience, or, alternatively, continue all dates on the Case Management Order by a minimum of 120 days, and permit plaintiffs to file a motion for remedies for the Coast Guard's spoliation of critical evidence to be decided <u>prior to the briefing on any merits motion</u>.

       Plaintiffs set forth their own statement, below. The United States advised this morning it is agreeable to submitting a separate letter after reviewing this one.

<u>Summary of Basis for Relief Sought</u>

       Under the June 10 Case Management Order, very intensive and extensive deposition discovery must be completed prior to October 24 in anticipation of the government's dispositive motion, which is set for hearing December 19, 2008. **These depositions are scheduled to begin this coming Tuesday, September 2.**

The Honorable Susan Illston
Attn: Tracy Sutton
August 29, 2008
Page 2

If the Court requires a formal motion, Plaintiffs request an opportunity to file one forthwith for expedited hearing.[1]

Brief Summary of the Case

The Court will recall that in this case the United States' agency, the Coast Guard, employed defendant Sperl as a Chief Petty Officer. On December 22, 2005, Sperl drove erratically on the highway, and then crossed a double-yellow line and crashed into the Wyckoff family vehicle. He killed the father and daughter, and injured the surviving mother and son, the plaintiffs, Susan and Alexander Wyckoff.

In discussions with me, personally, Washington D.C. counsel for the government initially was prepared to concede course and scope, and the government has never seriously disputed that Sperl negligently caused the crash. On that basis, the United States requested, in early 2007, and Plaintiffs agreed, to a hiatus in the litigation for several months to mediate the case based upon assumed liability. This position abruptly changed some weeks later, on the basis of purported further investigation, and the Coast Guard has, since then, vigorously disputed course and scope.

The United States claims, among other things, Sperl was untruthful or inaccurate in his statements after the accident and in deposition that he was en route to Travis Air Force Base to obtain medication pursuant to an order from his supervisor when he crashed. Critical evidence on this issue has apparently been destroyed. Sperl was a prolific email writer on his government computer, but the Coast Guard admitted it destroyed emails from Sperl's computer <u>in the critical weeks and days and hours leading up to the accident.</u>

Plaintiffs also bring a cause of action that the Coast Guard was negligent in supervising Sperl, who appears to have been a very troubled serviceman. Not only the destroyed emails, but also potentially numerous other apparently missing documents, would seem likely to bear heavily on the relevant pivotal facts.

---

[1] If so, Plaintiffs will provide a more comprehensive statement detailing more fully the circumstances and grounds for plaintiffs' request, if the Court requires. This letter will only set forth that information necessary to show good cause for the Court to immediately intervene rather than deferring the matter until a regularly scheduled motion may be heard weeks from now.

The Honorable Susan Illston
Attn: Tracy Sutton
August 29, 2008
Page 3

Summary of Relevant Procedure

Since June there has been a series of developments which have necessitated extensive activities related to the government's inconsistencies and irregularities in discovery responses and the spoliation of evidence:

Changes/ Inadequacies In Discovery Responses

- In its original responses served in March 2008 and signed by Mr. Scharf, the government stated that some of Mr. Sperl's records were destroyed, "as is common practice when a Coast Guard member retires," and that "at all times relevant to this case," the Coast Guard did not have a practice of backing up the computer profile of Coast Guard members" and "for these reasons, some records may no longer be available." In its first amended responses, signed by Mr. Scharf, the government repeated its previous statements.

- In its second amended responses, signed by Mr. Scharf, the government repeated its previous statements. The government served a verification to these responses only after repeated requests, and that verification is defective as "based on information available as of the date the responses were served."

- In its third amended responses, served recently, signed by Mr. Scharf, the government stated that "email from on or about October through December 2005 was not preserved because Defendant Sperl's computer profile was not backed up." The government also stated that all other activity records were preserved. The government made no reference to any destruction of documents upon Mr. Sperl's retirement, nor did it explain its earlier inconsistent and irreconcilable answer. The government again served a verification to these responses only after repeated requests, and only one that is again defective as "based on information available as of the date the responses were served."

- In its fourth amended responses, signed by Mr. Tseng, the government changed its story yet again. This response disclosed only the destruction or loss of emails of Mr. Sperl after December 1, 2005, a change in the scope of the destruction, which occurred assertedly on a four-week rolling basis pursuant to the government's written policy, and stated that all other activity records were preserved.

The Honorable Susan Illston
Attn: Tracy Sutton
August 29, 2008
Page 4

The government did not explain the deletion of the prior reference to destruction of documents on Mr. Sperl's retirement, nor to the previously disclosed destruction of October 2005 or November 2005 emails. The government again served a verification to these responses only after repeated requests, and the verification ("based upon current information and to the best of my knowledge, information, and belief") is defective under any reasonable interpretation of the Federal Rules.

Since it would seem certain that a double fatality caused by reckless driving by a Coast Guard member would trigger an immediate criminal and civil investigation, and create a near certainty of litigation, it appears the emails were improperly destroyed. This spoliation of evidence injects a substantial new issue into the case.

Apparently Missing Documents

The apparently missing documents may be as critical as the missing emails, and as much the basis of a spoliation motion. The documents produced by the government relating to Sperl for the two-year period preceding the accident reveal extensive periods where few if any documents have been produced. While the government now contends only the December emails were lost or destroyed, the list of suspected missing documents includes:

- Any entry in what would typically be considered Sperl's personnel file, such as performance reviews;

- Any document constituting an attendance record, such as whether Sperl appeared for work or put in a full day of work;

- Any record or email relating to poor performance by Sperl, other than a couple of pre-accident emails criticizing him for not having done something in a particular situation;

- Any record relating to complaints by any service member or other person about Sperl or his behavior;

- Any emails from or to Sperl over the two years preceding the accident, other than his requests for leave, supervisor responses on some, and Sperl notices to supervisors that he was going to leave for medical appointments, and;

- Any emails or other written communications between Sperl's supervisors or anyone else (possibly including doctors or medical personnel or pharmacy

The Honorable Susan Illston
Attn: Tracy Sutton
August 29, 2008
Page 5

    personnel such as Chacon) about Sperl, notwithstanding his poor work performance.

    Although it is conceivable some of these categories of documents may not have been maintained, or that there were never responsive documents, the absence of others is extremely suspect.

### Other Recent Developments

    Further, on August 12, 2008, the government's PMK witness provided testimony inconsistent with the government's previous interrogatory answer as to who gave the order – a very important order in this case – that defendant Sperl manage his own medical appointments, when the order was given, and who witnessed the order.

    Finally, during a meet and confer on August 22, 2008, plaintiffs' counsel, Joe Igelmund, understood an attorney for the United States to state in a new disclosure that the government now has reason to believe that defendant Sperl destroyed some of his emails before the United States backed them up. (The attorney has since asserted that his statement was misconstrued, but has refused to repeat the statement he contends he in fact made.)

### The Circumstances Justify a Modification of the Case Management Order

    Based on all of the foregoing, plaintiffs believe the Case Management considerations in this case have materially changed. Plaintiffs have developed and are continuing to develop a basis for seeking a substantial remedy for spoliation; and a great many evidentiary questions have arisen which should be resolved <u>prior</u> to the depositions of the key percipient witnesses. Very intensive factual issues at are play in the dispositive motions to be filed by the United States. Numerous changes and inconsistencies in the government's positions <u>are still playing out</u> and are highly relevant to the credibility of its case.

    Plaintiffs' motion for a spoliation remedy should be decided, plaintiffs submit, <u>before</u> any dispoitive motion. The relief sought will include striking Defendant's answer or, alternatively, evidentiary sanctions or presumptions as to certain issues, such as course and scope.

    Moreover, Plaintiffs need to <u>complete</u> the process of discovering the <u>true</u> extent of the existence of evidence- and obtain production- as well as the full extent of the destruction of evidence <u>prior to deposing</u> the critical witnesses.

The Honorable Susan Illston
Attn: Tracy Sutton
August 29, 2008
Page 6

    Moreover, Plaintiffs need to <u>complete</u> the process of discovering the <u>true</u> extent of the existence of evidence- and obtain production- as well as the full extent of the destruction of evidence <u>prior to deposing</u> the critical witnesses.

    Plaintiffs regret burdening the Court with a request for expedited action on the eve of the Court's absence, and deeply appreciates the Court's consideration in this serious case involving two deaths at the hands of a troubled serviceman whose emails leading up to the tragedy apparently have been destroyed.

                                         Very truly yours,

                                         Jonathan E. Gertler

CC: James A. Scharf, Esq.
     Kristina Vedarde, Esq.
     Andrew Davis, Esq.
     Neill Tseng, Esq.
     Chad Kauffman, Esq.