

U.S. Department of Justice

*United States Attorney*
*Northern District of California*

---

*150 Almaden Blvd., Suite 900*  *(408) 535-5044*
*San Jose, California  95113*  *FAX:(408) 535-5081*

August 29, 2008

Hon. Susan Illston
United States District Court
450 Golden Gate Ave
San Francisco, CA 94104

    Re: EAP/WYCKOFF vs. USA/SPERL
      Case Nos.: C 07-2301 SI and C 07-3600 SI

  Defendant USA objects to plaintiffs letter dated August 29, 2008.  Such a letter was filed without the permission of defendant USA.  On August 28, 2008, plaintiffs' attorney Joe Igelmund represented to the undersigned Assistant United States Attorney that he intended to file a short letter, requesting permission from the Court to file a letter brief addressing plaintiffs' request to postpone deposition discovery.  He asked me to stipulate to an expedited briefing schedule, so that Your Honor could rule on plaintiffs' request on September 3, 2008, before Your Honor left for vacation.  I responded in writing that the government is willing to stipulate to an abbreviated briefing schedule, but that I was not able to agree to plaintiffs' proposal to have that motion heard on or before September 3, 2008, for the following reasons:

  1.  Counsel for plaintiff Wyckoff and defendant USA are participating in an in-person meet and confer on September 29, 2008, to discuss what information plaintiff requires from defendant USA to resume depositions.  The result of that meeting thus impacts whether the current deposition cutoff date of October 24, 2008, needs to be modified and, if so, to what extent.

  2.  Defendant USA requested plaintiff Wyckoff to email to all counsel on September 29, 2008, a written proposal as to how the case management order should be modified (which plaintiffs have now done as discussed below).  Defendant USA agreed to respond in writing to that proposal on September 29, 2008 (which has also been done).  Defendant USA has further proposed to schedule a telephonic meet and confer with all counsel in this case to discuss these proposals on September 2 or 3, 2008.

3.  If that telephonic meet and confer session does not result in a stipulation and proposed order to modify the case management order, defendant USA has proposed an expedited briefing schedule, so that all briefs are filed within the next two weeks, thus allowing Your Honor to adjudicate plaintiffs' request upon return from vacation.  If the Court's assistance is necessary, defendant USA requests the opportunity to submit a letter brief responding to Mr. Gertler's allegations set forth in his August 29, 2008, letter, and explaining why a significant postponement of deposition discovery is unnecessary and unreasonable.

4.  AUSA James Scharf, lead counsel for defendant USA, is working on a reply brief in support of a motion for summary judgment in an employment discrimination case, which is due on September 2, 2008.  In addition, he will be out of town for part of this holiday weekend.  Thus, he is unavailable to work on a letter brief addressing Mr. Gertler's August 29, 2008, letter, before September 3, 2008.

5.  All of the above issues were discussed with plaintiffs' counsel on September 28, 2008.  Defendant USA requested that plaintiff refrain from filing the subject request.  Defendant USA represented that it would assist plaintiffs in completing all of the currently scheduled depositions by October 24, 2008, should the Court deny plaintiffs' requested relief, including rescheduling the depositions currently set for September 2 and 3, 2008.

This is neither the time nor the place to debate the factually unsupported allegations set forth in Mr. Gertler's letter.  Suffice it to say that the government denies these allegations.  The government has faithfully complied with its discovery obligations (plaintiffs have propounded no less than fifteen separate sets of paper discovery requests) and the government attorneys are continuing to work with plaintiffs' attorneys to this day to meet their constantly changing demands.

On September 29, 2008, Mr. Gertler proposed in writing that either all current case management dates be vacated, another CMC be set, or that, in the alternative, all dates be continued for 120 days.  I promptly responded in writing as follows:

1.  We do not agree to vacate all dates. Firm dates keep the case moving forward.

2.  We are willing to participate in an early CMC.

3.  Although we feel there is no need to do so, we are willing to continue all deadlines, hearings, etc. for 120 days, provided plaintiffs agree to include the following conditions in a Stipulation and Proposed Order:

A.  A firm date by which the deposition schedule must be finalized, and all depositions noticed.

B.  A firm date prior to the date the dispositive motion is due by which all liability discovery (paper and deposition) must be completed.

C.  Recognition that this is plaintiff's third request to postpone deposition discovery and an agreement that any further requests to modify these dates will be made by motion supported

by good cause.

      D.  Imposition of a reasonable deposition limit (e.g., plaintiffs collectively have 20 depositions, with each full day of PMK deposition testimony counting as a separate deposition).

      E.  Agreement by plaintiffs that defendant USA may file two separate briefs in support of its dispositive motion (one on scope of employment and one on negligent supervision) with each brief not to exceed 25 pages.

      F.  A Further CMC on the date the dispositive motion is heard.

      G.  A mediation date with Judge Infante after the dispositive motion has been briefed but before it is heard.

      H.  A firm date prior to the mediation by which plaintiffs will provide damages information to defendants for purposes of the mediation.

      Defendant USA thanks the Court for its consideration.  It is defendant USA's paramount goal to complete the deposition phase of this case as expeditiously as possible, so that it can file its dispositive motion and mediate this case before that motion is heard, as contemplated by the Court's existing case management order.

      Very truly yours,

      JOSEPH P. RUSSONIELLO
      United States Attorney

By:           /S/
      James A. Scharf
      Assistant United States Attorney