UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLIE EAP, | ) | |
| Plaintiff(s), | ) | No. C07-2301 SI (BZ) |
| v. | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| Defendant(s). | ) | |
| SUSAN WYCKOFF, | ) | No. C07-3600 SI (BZ) |
| Plaintiff(s), | ) | |
| v. | ) | **ORDER TO SHOW CAUSE** |
| UNITED STATES OF AMERICA, et al., | ) | |
| Defendant(s). | ) | |

Following a telephone conference held on January 9, 2009 in which I attempted to resolve a discovery dispute over the scope of review the United States should conduct of certain backup tapes that have been recently located, I ordered the parties to meet and confer, along with their respective IP representatives, to try to resolve the dispute with the

1

guidance I had given. In part, I instructed the parties to allow the IT people to have a focused discussion regarding the scope of the search of the backup tapes plaintiff wanted conducted; the reasons why the government contended it could or would not perform the search plaintiff wanted; and what the government was willing to do, in the hope that the IT representatives could resolve the dispute between the parties. I also ordered plaintiff Wyckoff to provide the government prior to this meeting with a focused list of mailboxes and search terms plaintiff wished to guide the search.

The meeting occurred on January 14, 2009. On Friday, January 23, 2009 I held another telephone conference in response to a letter from plaintiff asking to depose the government's IT representatives who attended the meeting. I eventually issued my Ninth Discovery Order denying that request.

In connection with the January 23, 2009 conference, I reviewed the transcript of the January 14, 2009 meeting. It appears that rather than complying with my directives to focus on the search to be conducted of the backup tapes, Joseph Iglemund, Esq., counsel for Wyckoff, at the outset tried to expand the meeting to discuss "the universe of documents" including paper records (Transcript, p. 7, l. 6). Accordingly, much of the session was unduly contentious and not productive.

**IT IS THEREFORE ORDERED** that Mr. Inglemund show cause in writing by **February 17, 2009** why he should not be sanctioned under Rules 1 and 16 or 29 U.S.C. § 1927 for failing to comply

2

with the Court's Order and directives and unreasonably prolonging the meeting.  A hearing on the Order to Show Cause is scheduled for **March 4, 2009 at 10:00 a.m.** in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.

Alternatively, counsel may contribute **$250.00** to **St. Anthony's Dining Room**, 121 Golden Gate Avenue, San Francisco, CA 94102 or **Glide Memorial Church Food Program**, 330 Ellis St., San Francisco, CA 94102.  If proof of payment is received in chambers on or before **February 17, 2009**, the Order To Show Cause will be discharged and there will be no need for a hearing.

Dated: January 27, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\WYCKOFF V. USA\INGLEMUND ORDER TO SHOW CAUSE ORDER.wpd